606 So.2d 227 (1992)
In re AMENDMENTS TO THE FLORIDA RULES OF CRIMINAL PROCEDURE.
No. 79615.
Supreme Court of Florida.
September 24, 1992.
Benjamin H. Hill, III, President, Tampa, Alan T. Dimond, President-elect, Miami, John F. Harkness, Jr., Executive Director, Tallahassee, of The Florida Bar, and Manuel Menendez, Jr., Chairman, Criminal Procedure Rules Committee, Tampa, for petitioner.
PER CURIAM.
The Florida Rules of Criminal Procedure Committee petitions this Court to approve its quadrennial report of proposed changes to the Florida Rules of Criminal Procedure. We have jurisdiction pursuant to article V, section 2(a) of the Florida Constitution.
In its report, the rules committee proposes amendment to rules 3.010, 3.111, 3.125, 3.160, 3.190, 3.191, 3.200, 3.210, 3.211, 3.212, 3.213, 3.215, 3.216, 3.217, 3.219, 3.220, 3.390, 3.692 and form 3.989. Pursuant to Florida Rule of Judicial Administration 2.130(c), the proposed amendments were submitted to The Board of Governors of The Florida Bar. The Board of Governors unanimously recommended approval. The proposed amendments were published for comment; however, no comments were filed.
At oral argument, it was pointed out that rule 3.692 and form 3.989, dealing with expungement, needed further amendment due to recent statutory amendments. It was also pointed out that the rules committee wished to submit amendments to rule 3.986, Forms Related to Judgment and Sentence. A supplemental petition containing the proposed amendments to rule 3.986 has since been filed. However, a supplemental petition containing the proposed amendments to rules 3.692 and 3.989 will not be filed until after October 1, 1992.
After reviewing the rules committee's report of proposed changes and the supplemental petition, and hearing oral argument on the matter, we approve the appended amendments to the Florida Rules of Criminal Procedure. The appended amendments include the following substantive changes as proposed by the rules committee as well as stylistic and editorial changes that are made to, among other things, ensure that the rules are gender neutral.
Rule 3.010, Scope, is amended to conform the wording of the rule to a prior order of this Court and provide consistency with other rules. Subdivision (e) of rule 3.111, Counsel to Indigents, is amended to specify the duties of defense counsel who wish to withdraw from representation after judgment and sentence. Rule 3.125, Notice to Appear, subdivisions (k), (l), (m) and rule 3.220, Discovery, subdivisions (b)(1), (b)(2), (c)(1), (h)(1) are amended to provide the same discovery to all individuals charged with criminal violations, regardless of the nature of the charging document. Specifically the amendments provide the same quantity of discovery to those charged by a notice to appear.
The amendment to rule 3.212(c)(5)(ii) substitutes "shall" for "may" so as to require the trial court to order the administrator of the facility where an incompetent defendant has been committed to report to the court on the issues of competency when the court has reasonable grounds to believe the defendant may have regained competency to proceed or no longer meets the criteria for commitment. Subdivision (g) of rule 3.350, Peremptory Challenges, is amended to clarify that it is within a trial court's discretion to allow additional peremptory challenges. Subdivision (d) of rule 3.390, Jury Instructions, is amended to clarify its provisions. Rule 3.986, Forms Related to Judgment and Sentence, is amended to conform with various provisions of Florida Statutes. The Form for Judgment is amended to add a signature line required by section 921.241, Florida Statutes (1991). The Form for Charges, Costs, and Fees is *228 amended to increase the amount to be paid into the Crimes Compensation Trust Fund as required by chapter 92-107, Laws of Florida. The Form for Sentencing is amended to add a checkoff paragraph imposing mandatory minimum sentence for violation of section 775.0875, Florida Statutes (1991). Rule 3.692, Petition to Seal or Expunge, and form 3.989, Petition and Order to Expunge or Seal and Affidavit, will be amended at a later date.
New language is indicated by underscoring; deletions are indicated by struckthrough type. The committee notes are offered for explanation and guidance only and are not adopted as an official part of the rules. The amendments shall become effective January 1, 1993 at 12:01 a.m.
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.

APPENDIX I

I. SCOPE, PURPOSE, AND CONSTRUCTION
RULE 3.010. SCOPE
These rules shall govern the procedure in all criminal proceedings in Sstate courts including proceedings involving direct and indirect criminal contempt, including proceedings under Rrule 3.850 hereof, and including vehicular and pedestrian traffic offenses insofar as these Rrules are made applicable by the Florida Rules of Practice and Procedure for Traffic Courts. These Rrules shall not apply to direct or indirect criminal contempt of a court acting in any appellate capacity. These Rrules shall not apply to Rrules 3.811 and 3.812 hereof. These Rrules may be cited shall be known as the Florida Rules of Criminal Procedure and abbreviatedmay be cited as Fla. R. Crim.P.

Committee Notes
1968 Adoption. These rules are not intended to apply to municipal courts, but are intended to apply to all state courts where "crimes" are charged.
1972 Amendment. Amended to provide for applicability of Rrules to Vvehicular Ttraffic Ooffenses, when made so by the Ttraffic Ccourt Rrules.
1992 Amendment. The rule is amended to refer to "Florida Rules of Criminal Procedure" and "Fla.R.Crim.P." rather than to "Rules of Criminal Procedure" and "R.Crim.P." Although the Florida Bar Rules of Criminal Procedure already contains this language, the West publications, Florida Rules of Court (1991) and Florida Criminal Law and Rules (1991), do not. The published version of rule 3.010, In re Florida Rules of Criminal Procedure, 272 So.2d 65 (Fla. 1973), and the single published amendment to the rule, In re Amendments to the Florida Rules of Criminal Procedure, 518 So.2d 256 (Fla. 1987), also do not contain these additions. The Florida Bar publication, Florida Criminal Rules and Practice, in a commentary to rule 3.010, indicates that the Florida Supreme Court changed the citation form in an order effective January 1, 1977. The commentary indicates that the order stated in pertinent part:
In order to provide the clarity of citations in briefs filed in this court and other legal writings, the following amendments to the procedural rules adopted by this court pursuant to Article V, Section 2(a), of the Florida Constitution are hereby adopted.
* * *
The last sentence of Rule 3.010 of the Florida Rules of Criminal Procedure is amended as follows: "These Rules shall be known may be cited as the Florida Rules of Criminal Procedure and may be cited abbreviated as R.Crim. P.Fla.R.Crim.P."
However, these changes were apparently inadvertently omitted when the 1987 amendments were published. The proposed 1992 amendments again incorporate into the rule the language set out in the court's 1977 order.
The amendments would enable clearer identification of the rules and achieve consistency of style with other sets of court rules, in particular, rule 9.800(i), Fla.R.App. *229 P., which provides that the proper citation to the Florida Rules of Criminal Procedure is Fla.R.Crim.P.

II. GENERAL PROVISIONS
RULE 3.030. SERVICE OF PLEADINGS AND PAPERS
(a) Service; When Required. Every pleading subsequent to the initial indictment or information upon which a defendant is to be tried unless the court otherwise orders, and every order not entered in open court, every written motion unless it is one as to which a hearing ex parte is authorized, and every written notice, demand, and similar paper shall be served on each party; however, nothing herein shall be construed to require that a plea of not guilty shall be in writing.
(b) Same; How Made. Where When under these rules service is required or permitted to be made upon a party represented by an attorney the service shall be made upon the attorney unless service upon the party himself is ordered by the court. Service upon the attorney or upon a party shall be made by delivering a copy to himthe party or by mailing it to him at his the party's last known address, or, if no address is known, by leaving it with the clerk of the court who shall place it in the court file. Delivery of a copy within this rule shall mean:
(1) handing it to the attorney or to the party; or,
(2) leaving it at his the attorney's office with his the secretary or other person in charge thereof; or,
(3) if there is no one in charge, leaving it in a conspicuous place therein; or,
(4) if the office is closed or the person to be served has no office, leaving it at histhe person's usual place of abode with some person of hisa family member above fifteen 15 years of age and informing suchthat person of the contents thereof. Service by mail shall be deemed complete upon mailing.
(c) Filing. All original papers, copies of which are required to be served upon parties, must be filed with the court either before service or immediately thereafter.
(d) Filing Wwith the Court Defined. The filing of pleadings and other papers with the court as required by these rules shall be made by filing them with the clerk of the court, except that the judge may permit the papers to be filed with him or her, in which event hethe judge shall note thereon the filing date and transmit them to the office of the clerk.
(e) Certificate of Service. When any attorney shall in substance certify:
"I do certify that a copy (copies) hereof (has) (have) been furnished to (here insert name or names) by (delivery) (mail) this ____ day of ___________, 19__. __________
Attorney"
the certificate shall be taken as prima facie proof of such service in compliance with all rules of court and law.

Committee Notes
1968 Adoption. Taken from the Florida Rules of Civil Procedure.
1972 Amendment. Same as prior rule; (a) amended by deleting reference to trial on affidavit.
RULE 3.040. COMPUTATION OF TIME
In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the day of the act or event from which the designated period of time begins to run is not to be included. The last day of the period so computed shall be counted, unless it is a Saturday, Sunday, or a legal holiday, in which event the period shall run until the end of the next day whichthat is neither a Saturday, Sunday, nor a legal holiday. When the period of time prescribed or allowed shall be less than 7 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation, except for the periods of time of less than 7 days contained in Rrules 3.130, 3.132(a) and (c), and 3.133(a).

*230 Committee Notes
1968 Adoption. Taken from the Florida Rules of Civil Procedure.
1972 Adoption Amendment. Same as prior rule.
1988 Amendment. The 1983 amendments resulted in the reallocation of the time periods in Rrule 3.131 to Rrule 3.133, and also added an important 5-day period in the new rule regarding pretrial detention in Rrule 3.132.

Court Commentary
1975 Amendment. Underlined portion is the only change. The effect is to remove the 72-hour provision of proposed rule 3.131 from the Saturday, Sunday, and legal holiday exception.
RULE 3.050. ENLARGEMENT OF TIME
When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for good cause shown may, at any time, in its discretion (1) with or without notice, order the period enlarged if a request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) upon motion made and notice after the expiration of the specified period, permit the act to be done wherewhen the failure to act was the result of excusable neglect; but it may not, except as provided by statute or elsewhere in these rules, extend the time for making a motion for new trial, for taking an appeal, or for making a motion for a judgment of acquittal.

Committee Notes
1968 Adoption. Taken from the Florida Rules of Civil Procedure.
1972 Amendment. Same as prior rule.
RULE 3.070. ADDITIONAL TIME AFTER SERVICE BY MAIL
Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon himon the party and the notice or paper is served upon himon the party by mail, 3 days shall be added to the prescribed period.

Committee Notes
1968 Adoption. This is the same as rule 1.6(e), Florida Rules of Civil Procedure, except for the omission of subdivision (c) of the civil rules, which appears to be inapplicable to criminal cases.
1972 Amendment. Same as prior rule.
RULE 3.111. PROVIDING COUNSEL TO INDIGENTS
(a) When Counsel Provided. A person entitled to appointment of counsel as provided herein shall have counsel appointed when hethe person is formally charged with an offense, or as soon as feasible after custodial restraint, or upon hisat the first appearance before a committing magistrate, whichever occurs earliest.

(b) Cases Applicable.
(1) Counsel shall be provided to indigent persons in all prosecutions for offenses punishable by imprisonment (or by incarceration in a juvenile corrections institution) including appeals from the conviction thereof. Counsel does not have to be provided to an indigent person in a prosecution for a misdemeanor or violation of a municipal ordinance if the judge, prior to trial, files in the cause a statement in writing that the defendant will not be imprisoned in the event he isif convicted.
(2) Counsel may be provided to indigent persons in all proceedings arising from the initiation of a criminal action against a defendant, including postconviction proceedings and appeals therefrom, extradition proceedings, mental competency proceedings, and other proceedings whichthat are adversary in nature, regardless of the designation of the court in which they occur or the classification of the proceedings as civil or criminal.
(3) Counsel may be provided to a partially indigent person upon his request provided that the person shall defray that portion of the cost of such representation and the reasonable costs of investigation as he or she is able to without substantial hardship to himselfthe person or histhe person's family, as directed by the court.
*231 (4) "Indigent" as used herein shall mean a person who is unable to pay for the services of an attorney, including costs of investigation, without substantial hardship to himselfthe person or histhe person's family; "partially indigent" as used herein shall mean a person unable to pay more than a portion of the fee charged by an attorney, including costs of investigation, without substantial hardship to himselfthe person or histhe person's family.
(5) The court shall, prior to appointing a public defender,:
(i)(A) Iinform the accused that if the public defender is appointed, a lien for the services rendered by the public defender may be imposed pursuant to under section 27.56, Florida Statutes (1979);
(ii)(B) Mmake inquiry into the financial status of the accused in a manner not inconsistent with the guidelines established by section 27.52, Florida Statutes (1979). The accused shall respond to the inquiry under oath;
(iii)(C) Rrequire the accused to execute an affidavit of insolvency in the format provided by section 27.52, Florida Statutes (1979).
(c) Duty of Booking Officer. In addition to any other duty, the officer who commits a defendant to custody has the following duties:
(1) HeThe officer shall immediately advise the defendant:
(i)(A) of histhe right to counsel;
(ii)(B) that if the defendant is unable to pay a lawyer, one will be provided immediately at no charge.
(2) If the defendant requests counsel or advises the officer he or she cannot afford counsel, saidthe officer shall immediately and effectively place saidthe defendant in communication with the (office of) Ppublic Ddefender of the circuit in which the arrest was made.
(3) If the defendant indicates he or she has an attorney or is able to retain an attorney, the officer shall immediately and effectively place saidthe defendant in communication with histhe attorney or the Lawyer Referral Service of the local bar association.
(4) The Ppublic Ddefender of each Jjudicial Ccircuit may upon beinginterview a defendant when contacted by, or on behalf of, a defendant who is, or represents himselfclaims to be, indigent as defined by law, forthwith interview said defendant and.
(i)(A) If the defendant is in custody and reasonably appears to be indigent, the Ppublic Ddefender shall tender to him such advice as is indicated by the facts of the case;, seek the setting of a reasonable bail, and otherwise represent suchthe defendant pending a formal judicial determination of indigency.
(ii)(B) If the defendant is at liberty on bail or otherwise not in custody, the Ppublic Ddefender shall elicit only such information from the defendant as may be reasonably relevant to the question of indigency and shall immediately seek a formal judicial determination of indigency. If the court finds the defendant indigent, it shall immediately appoint counsel to represent saidthe defendant.

(d) Waiver of Counsel.
(1) The failure of a defendant to request appointment of counsel or histhe announced intention of a defendant to plead guilty shall not, in itself, constitute a waiver of counsel at any stage of the proceedings.
(2) A defendant shall not be deemed to have waived the assistance of counsel until the entire process of offering counsel has been completed and a thorough inquiry has been made into both the accused's comprehension of that offer and histhe accused's capacity to make that choicean intelligently and understandingly has been madewaiver.
(3) No waiver shall be accepted whereif it appears that the defendant is unable to make an intelligent and understanding choice because of hisa mental condition, age, education, experience, the nature or complexity of the case, or other factors.
(4) A waiver of counsel made in court shall be of record; a waiver made out of court shall be in writing with not less than *232 two2 attesting witnesses. SaidThe witnesses shall attest the voluntary execution thereof.
(5) If a waiver is accepted at any stage of the proceedings, the offer of assistance of counsel shall be renewed by the court at each subsequent stage of the proceedings at which the defendant appears without counsel.
(e) Withdrawal of Defense Counsel After Judgment and Sentence. Withdrawal of defense counsel after judgment and sentence is governed by Florida Rule of Appellate Procedure 9.140(b)(3). The attorney of record for a defendant in a criminal proceeding shall not be relieved of any duties, nor be permitted to withdraw as counsel of record, except with approval of the lower tribunal on good cause shown on written motion, until after:
(1) the filing of:
(A) a notice of appeal;
(B) a statement of judicial acts to be reviewed, if a transcript will require the expenditure of public funds;
(C) directions to the clerk, if necessary; and
(D) a designation of that portion of the reporter's transcript that supports the statement of judicial acts to be reviewed, if a transcript will require expenditure of public funds; or
(2) the time has expired for filing of a notice of appeal, and no such notice has been filed.

Committee Notes
1972 Adoption. Part 1 of the ABA Standard relating to Pproviding Ddefense Sservices deals with the general philosophy for providing criminal defense services and while the committee felt that the philosophy should apply to the Florida Rules of Criminal Procedure, the standards were not in such form to be the subject of that particular rule. Since the standards deal with the national situation, contained in them were alternative methods of providing defense services, i.e.i.e., assigned counsel vs. defender system; but, Florida, already having a defender system, need not be concerned with the assigned counsel system.
(a) Taken from the first sentence of ABA Standard 5.1. There was considerable discussion within the committee concerning the time when within which counsel should be appointed and who should notify defendant's counsel. The commentary in the ABA Standard under 5.1a, b, convinced the committee to adopt the language here contained.
(b) Standard 4.1 provides that counsel should be provided in all criminal cases punishable by loss of liberty, except those types where such punishment is not likely to be imposed. The committee determined that the philosophy of such Sstandard should be recommended to the Florida Supreme Court. The committee determined that possible deprivation of liberty for any period makes a case serious enough that the accused should have the right to counsel.
(c) Based upon the recommendation of ABA Standard 5.1b and the commentary thereunder which provides that implementation of a rule for providing the defendant with counsel should not be limited to providing a means for the accused himself to contact a lawyer.
(d) From Sstandard 7.2 and the commentaries thereunder.
1980 Amendment. Modification of the existing Rrule (the addition of (b)(5)(A)-(C)) provides a greater degree of uniformity in appointing counsel to indigent defendants. The defendant is put on notice of the lien for public defender services and must give financial information under oath.
A survey of Florida judicial circuits by the Committee on Representation of Indigents of the Criminal Law Section (1978-79) disclosed the fact that several circuits had no procedure for determining indigency and that there were circuits in which no affidavits of insolvency were executed (and no legal basis for establishing or collecting lien monies).
1992 Amendment. In light of State v. District Court of Appeal of Florida, First *233 District, 569 So.2d 439 (Fla. 1990), in which the supreme court pronounced that motions seeking belated direct appeal based on ineffective assistance of counsel should be filed in the trial court pursuant to rule 3.850, the committee recommends that rule 3.111(e) be amended to detail with specificity defense counsel's duties to perfect an appeal prior to withdrawing after judgment and sentence. The present provision merely notes that such withdrawal is governed by Florida Rule of Appellate Procedure 9.140(b)(3).
RULE 3.115. DUTIES OF STATE ATTORNEY; CRIMINAL INTAKE
The state attorney shall provide the personnel or procedure for criminal intake in the judicial system. All sworn complaints charging the commission of a criminal offense shall be filed in the office of the clerk of the circuit court and delivered to the state attorney for further proceedings. This rule shall take effect at 11:59 p.m., Eastern Standard Time, January 1, 1973.

III. PRELIMINARY PROCEEDINGS
RULE 3.120. COMMITTING MAGISTRATE
Each state and county judge is a committing magistrate and may issue a summons to, or a warrant for the arrest of, a person against whom a complaint is made in writing and sworn to before a person authorized to administer oaths, when the complaint states facts whichthat show that such person violated a criminal law of this Sstate within the jurisdiction of the magistrate to whom the complaint is presented. The magistrate may take testimony under oath to determine if there is reasonable ground to believe the complaint is true. The magistrate may commit the offender to jail, may order the defendant to appear before the proper court to answer the charge in the complaint, or may discharge himthe defendant from custody or from any undertaking to appear. The magistrate may authorize the clerk to issue a summons.

Committee Notes
1968 Adoption. This is substantially the same as part of section 901.01, Florida Statutes. (The remaining part should be retained as a statute.) It differs from the statute by requiring the complaint to be in writing and by identifying the initiating instrument as a "complaint," thus adopting the federal terminology which is more meaningful and modern. Some doubt was expressed as to whether the terms of the statute incorporated in the rule are within the rulemaking power of the Supreme Court.
1972 RevisionAmendment. Substantially same as former rule. Altered to incorporate the provision for testimony under oath formerly contained in Rrule 3.121(a), and authorizes the execution of the affidavit before a notary or other persons authorized to administer oaths.
RULE 3.121. ARREST WARRANT
(a) Issuance. An arrest warrant, when issued, shall:
(1) Bbe in writing and in the name of the State of Florida;
(2) Sset forth substantially the nature of the offense;
(3) Ccommand that the person against whom the complaint was made be arrested and brought before a magistrate;
(4) Sspecify the name of the person to be arrested or, if histhe name is unknown to the magistrate, designate suchthe person by any name or description by which hethe person can be identified with reasonable certainty;
(5) Sstate the date when issued and the Ccounty where issued;
(6) Bbe signed by the magistrate with the title of histhe office; and
(7) Iin all offenses bailable as of right be endorsed with the amount of bail and the return date.
(b) Amendment. No arrest warrant shall be dismissed nor shall any person in custody be discharged because of any defect as to form in the warrant; but, the warrant may be amended by the magistrate to remedy such defect.

*234 Committee Notes
1968 Adoption. (a) This is substantially the same as section 901.02, Florida Statutes, except that the rule requires a written complaint. Also, the rule does not incorporate that seldom used part of the statute that permits the magistrate to issue an arrest warrant upon affidavits made before the prosecuting attorney.
(b) This is the same as section 901.03, Florida Statutes.
(c) This is the same as section 901.05, Florida Statutes, except for modernizing the language.
1972 RevisionAmendment. (a) of * * * [former] rule has been deleted, as its substance is now contained in Rrules 3.120 and 3.130; (b) has been renumbered as (a); (c) has been renumbered as (b).
RULE 3.125. NOTICE TO APPEAR
(a) Definition. Notice to appear means, unless indicated otherwise, a written order issued by a law enforcement officer in lieu of physical arrest requiring a person accused of violating the law to appear in a designated court or governmental office at a specified date and time.
(b) By Arresting Officer. If a person is arrested for an offense declared to be a misdemeanor of the first or second degree or a violation, or is arrested for violation of a municipal or county ordinance triable in the county, and demand to be taken before a magistrate is not made, notice to appear may be issued by the arresting officer unless:
(1) Tthe accused fails or refuses to sufficiently identify himself or herself or supply the required information;
(2) Tthe accused refuses to sign the notice to appear;
(3) Tthe officer has reason to believe that the continued liberty of the accused constitutes an unreasonable risk of bodily injury to himselfthe accused or others;
(4) Tthe accused has no ties with the jurisdiction reasonably sufficient to assure histhe accused's appearance or there is substantial risk that hethe accused will refuse to respond to the notice;
(5) Tthe officer has any suspicion that the accused may be wanted in any jurisdiction; or
(6) Iit appears that the accused has previously failed to respond to a notice or a summons or has violated the conditions of any pretrial release program.
(c) By Booking Officer. If the arresting officer does not issue notice to appear because of one of the exceptions listed in (b)(1) andthrough (b)(6) and takes the accused to police headquarters, the booking officer may issue notice to appear if hethe officer determines that there is a likelihood that the accused will appear as directed, based upon a reasonable investigation of: the following:
(1) Rresidence and length of residence in the community;
(2) Ffamily ties in the community;
(3) Eemployment record;
(4) Ccharacter and mental condition;
(5) Ppast record of convictions; or
(6) Ppast history of appearance at court proceedings.
(d) How and When Served. If notice to appear is issued it shall be prepared in quadruplicate. The officer shall deliver one1 copy of the notice to appear to the arrested person and suchthe person, in order to secure release, shall give hisa written promise to appear in court by signing the three3 remaining copies: one1 to be retained by the officer and two2 to be filed with the clerk of the court. These two2 copies shall be sworn to by the arresting officer before a Nnotary Ppublic or a Ddeputy Cclerk. If notice to appear is issued pursuant to subsectionsubdivision (b), the notice shall be issued immediately upon arrest. If notice to appear is issued pursuant to subsectionsubdivision (c), the notice shall be issued immediately upon completion *235 of the investigation. The arresting officer, or other duly authorized official, shall then release the person arrested from custody.
(e) Copy to the Clerk of the Court. With the sworn Nnotice to Aappear the arresting officer shall file with the clerk a list of witnesses and their addresses, and a list of tangible evidence in the cause. One copy shall be retained by the officer and two2 copies shall be filed with the clerk of the court.
(f) Copy to State Attorney. The clerk shall deliver one1 copy of the notice to appear and schedule of witnesses and evidence filed therewith to the Sstate Aattorney.
(g) Contents. If notice to appear is issued it shall contain the following information:
(1) Nname and address of the accused;
(2) Ddate of offense;
(3) Ooffense(s) charged  by statute and municipal ordinance if applicable;
(4) Ccounts of each offense;
(5) Ttime and place wherethat the accused is to appear in court;
(6) Nname and address of the trial court having jurisdiction to try the offense(s) charged;
(7) Nname of the arresting officer;
(8) name(s) of Aany other person(s) charged at the same time; and
(9) Ssignature of the accused.
(h) Failure to Appear. WhenIf a person signs a written notice to appear and fails to respond to the notice to appear, a warrant of arrest shall be issued pursuant to Rrule 3.121.
(i) Traffic Violations Excluded. Nothing contained herein shall prevent the operation of a traffic violations bureau, the issuance of citations for traffic violations, or any procedure pursuant to Cchapter 316, Florida Statutes (1975).
(j) Rules and Regulations. Rules and regulations of procedure governing the exercise of authority to issue notices to appear shall be established by the chief judge of the circuit.
(k) Discovery by Defendant. Upon demand of the defendant or his counsel the clerk shall furnish to defendant a copy of that Schedule of Witnesses and Exhibits filed with the Notice to Appear.
Defendant's right to further discovery in prosecutions by Notice to Appear shall be limited to names and addresses of witnesses and tangible evidence in possession or control of the prosecutor which are not contained in that schedule.
(l)(k) Procedure by Court. Upon the appearance of the accused before the court pursuant to the requirements of the Nnotice to Aappear, the Ccourt shall advise the defendant as set forth in Rrule 3.130(b), and the provisions of saidthat rule shall apply. The accused at such appearance may at his electionelect to waive histhe right to counsel and trial and enter hisa plea of guilty or nolo contendere by executing the waiver form contained on the Nnotice to Aappear, and the Ccourt may there-upon enter judgment and sentence in the cause.
In the event the defendant enters a plea of not guilty, the court may set the cause for jury or nonjury trial upon the Nnotice to Aappear pursuant to the provisions of Rrules 3.140 and 3.160 and Rule 3.140, as amended. Upon the setting of a trial date by the Ccourt, the Cclerk shall, without further praecipe, issue witness subpoenas to the law enforcement officer who executed the Nnotice to Aappear, and to the witnesses whose names and addresses appear on the list filed by himthe officer, requiring their attendance at trial.
(m)(l) Form of Notice to Appear and Schedule of Witnesses and Evidence. The Nnotice to Aappear and Sschedule of Wwitnesses and Eevidence shall be in substantially the following form:

*236
 IN THE COUNTY COURT,
 IN AND FOR ______ COUNTY, FLORIDA
 NOTICE TO APPEAR
___________________________________
Agency Case #
STATE OF FLORIDA, COUNTY OF __________
In the name of _________ County, Florida: The undersigned certifies that he
or she has just and reasonable grounds to believe, and does believe,
that:
On the __________________ day of ________________, 19__, at _______________
()A.M. a.m. ()P.M. p.m.
________________________ ____________ _____________ _______________________
Last Name First M.I. Aliases
_____________________________________ ___________________________________
Street  City and State Date and Place of Birth
____________ ________ _______ _______ _____ _____ __________________
Phone Race/Sex Height Weight Hair Eyes Scars/Marks
________________ ____________________ ________________________________
Occupation Place of Employment Employment Phone
________________ __________________ ___________ ___________________
Complexion Driver's License # Yr./St. Social Security #
at (location) _____________________________________________________________
in ___________ County, Florida, committed the following offense(s):
(1) ______________________________ (2) ___________________________________
 () State Statute
in violation of section(s): _____________: ____________ () Municipal Ord.
DID (Narrative): __________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
___________________________________________________________________________
_________________________________ _________________ _____________________
Name of Officer ID Agency
[] Mandatory appearance in court, ________________________________________
 Location
________________________, 19__, at ________________ ()A.M. a.m. ()P.M. p.m.
Month Day
[] You need not appear in court, but must comply with instructions on back.
CO-DEFENDANTS:
 [] Cited
1. _____________________________________________________________ [] Jailed
 Name DOB Address
 [] Cited
2. _____________________________________________________________ [] Jailed
 Name DOB Address

I AGREE TO APPEAR AT THE TIME AND PLACE DESIGNATED ABOVE TO ANSWER THE OFFENSE CHARGED OR TO PAY THE FINE SUBSCRIBED. I UNDERSTAND THAT SHOULD I WILLFULLY FAIL TO APPEAR BEFORE THE COURT AS REQUIRED BY THIS NOTICE TO APPEAR, THAT I MAY BE HELD IN CONTEMPT OF COURT AND A WARRANT FOR MY ARREST SHALL BE ISSUED.

*237
___________________________________
Signature of Defendant
I swear the above and reverse and attached statements are true and
correct to the best of my knowledge and belief.
___________________________________
Complainant
___________________________________
Agency or Department
Sworn to and subscribed before me this _______ day of _______, 19__.
___________________________________
Notary Public, State of Florida

WAIVER INFORMATION
If you desire to plead guilty or nolo contendere (no contest) and you need not appear in court as indicated on the face of this notice, you may present this notice at the county court named on the reverse of this page.

From _________________, _______________ to __________________, ___________
 Date Hour Date Hour
and pay a fine of ______ dollars in cash, money order, or certified check.

The waiver below must be completed and attached. Read carefully.
Your failure to answer this summons in the manner subscribed will result in a warrant being issued on a separate and additional charge.
"In consideration of my not appearing in court, I the undersigned, do hereby enter my appearance on the affidavit for the offense charged on the other side of this notice and waive the reading of the affidavit in the above named cause and the right to be present at the trial of said action. I hereby enter my plea of Guilty [] or Nolo Contendere [], and waive my right to prosecute appeal or error proceedings.
"I understand the nature of the charge against me; I understand my right to have counsel and waive this right and the right to a continuance. I waive my right to trial before a judge or jury. I plead Guilty [] or Nolo Contendere [] to the charge, being fully aware that my signature to this plea will have the same effect as a judgment of this Ccourt."

Total Fine and Cost _______________________________________________________
Defendant Signature _______________________________________________________
Address ___________________________________________________________________
___________________________________________________________________________
 IN THE COUNTY COURT,
 IN AND FOR ______ COUNTY, FLORIDA
 SCHEDULE OF WITNESSES AND
 EVIDENCE FOR NOTICE TO APPEAR.
___________________________________
Agency Case #
___________________________________________________________________________
Last Name First M.I. Aliases
___________________________________________________________________________
Address
____________________________________________ Offense(s): (1) ______________
Date of Notice to Appear (2) ______________

*238
TANGIBLE EVIDENCE: (If none, write "None")
 Item: ___________________________________________________________________
 Obtained from (Pperson and/or Pplace): __________________________________
 first received by: _____________________________ given to: ______________
WITNESSES: (If none, write "None")
# 1 Name: _________________________________________________________________
Res. Tel. No. _________________________ Address: __________________________
Bus. Tel. No. _________________________ Business: _________________________
Testimony: ________________________________________________________________
___________________________________________________________________________
# 2 Name: _________________________________________________________________
Res. Tel. No. _________________________ Address: __________________________
Bus. Tel. No. _________________________ Business: _________________________
Testimony: ________________________________________________________________
___________________________________________________________________________
# 3 Name: _________________________________________________________________
Res. Tel. No. _________________________ Address: __________________________
Bus. Tel. No. _________________________ Business: _________________________
Testimony: ________________________________________________________________
___________________________________________________________________________
I certify that the foregoing is a complete list of witnesses and evidence
known to me.
___________________________________
Investigating Officer
___________________________________
Agency

Committee Notes
1992 Amendment. The amendment deletes subdivision (k) and reletters subdivisions (l) and (m). The elimination of subdivision (k) will entitle individuals charged with criminal violations to the same discovery, without regard to the nature of the charging instrument. As amended, persons charged by way of a notice to appear can obtain the same discovery as persons charged by way of either an information or an indictment. In this regard the committee also has proposed amendments to rule 3.220(b)(1), (b)(2), (c)(1), and (h)(1) to change the reference from "indictment or information" to "charging document."
RULE 3.130. FIRST APPEARANCE
(a) Prompt First Appearance. Except when previously released in a lawful manner, every arrested person shall be taken before a judicial officer, either in person or by electronic audiovisual device in the discretion of the court, within 24 hours of arrest. In the case of a child in the custody of juvenile authorities, against whom an information or indictment has been filed, the child shall be taken for a first appearance hearing within 24 hours of the filing of the information or indictment. The chief judge of the circuit for each county within the circuit shall designate one1 or more judicial officers from the circuit court, or county court, to be available for the first appearance and proceedings.
(b) Advice to Defendant. UponAt the defendant's first appearance the magistrate shall immediately inform himthe defendant of the charge and provide himthe defendant with a copy of the complaint. *239 The magistrate shall also adequately advise the defendant as followsthat:
(1) That hethe defendant is not required to say anything, and that anything hethe defendant says may be used against him. or her;
(2) Iif he is as yet unrepresented, that hethe defendant has a right to counsel, and, if he is financially unable to afford counsel, that counsel forthwith will be appointed.; and
(3) That hethe defendant has a right to communicate with his counsel, his family, or his friends, and that, if necessary, reasonable means will be provided to enable himreasonable means to do so.

(c) Counsel for Defendant.
(1) Appointed Counsel. WhereIf practicable, the magistrate should determine prior to the first appearance whether the defendant is financially able to afford counsel and whether hethe defendant desires representation. When the magistrate determines that the defendant is entitled to court-appointed counsel and desires counsel, hethe magistrate shall immediately appoint counsel. This determination must be made and, whereif required, counsel appointed no later than the time of the first appearance, and prior tobefore any other proceedings at the first appearance. If necessary, counsel may be appointed for the limited purpose of representing the defendant only at first appearance or at subsequent proceedings before the magistrate.
(2) Retained Counsel. Where When the defendant has employed, counsel or is financially able and desires to employ, counsel to represent him or her at first appearance, the magistrate shall allow the defendant a reasonable time to send for counsel and shall, if necessary, postpone the first appearance hearing for suchthat purpose. The magistrate shall also, upon request of the defendant, require an officer to communicate a message to such counsel as the defendant may name. The officer shall, with diligence, and without cost to the defendant if the counsel is within the county, perform the duty. If the postponement will likely result in the continued incarceration of the defendant beyond a 24-hour period, at the request of the defendant the magistrate may appoint counsel to represent the defendant for the first appearance hearing.
(3) Opportunity to Confer. No further steps in the proceedings should be taken until the defendant and his counsel have had an adequate opportunity to confer, unless the defendant has intelligently waived the right to be represented by counsel.
(4) Waiver of Counsel. The defendant may waive histhe right to counsel at first appearance. and if he does so, such The waiver, containing an explanation of histhe right to counsel, shall be in writing and signed and dated by the defendant. This written waiver of counsel shall, in addition, contain a statement that it is limited to first appearance only and shall in no way be construed to be a waiver of counsel for subsequent proceedings.
(d) Pretrial Release. The judicial officer shall proceed to determine conditions of release pursuant to Rrule 3.131.

Committee Notes
1972 Revision Amendment. Same as prior rule except (b), which is new.
RULE 3.131. PRETRIAL RELEASE
(a) Right to Pretrial Release. Unless charged with a capital offense or an offense punishable by life imprisonment and the proof of guilt is evident or the presumption is great, every person charged with a crime or violation of municipal or county ordinance shall be entitled to pretrial release on reasonable conditions. If no conditions of release can reasonably protect the community from risk of physical harm to persons, assure the presence of the accused at trial, or assure the integrity of the judicial process, the accused may be detained.
(b) Hearing at First Appearance  Conditions of Release.
(1) Unless the Sstate has filed a motion for pretrial detention pursuant to Rrule 3.132, the court shall conduct a hearing to determine pretrial release. For the purpose of this rule, bail is defined as any of *240 the forms of release stated below. There is a presumption in favor of release on nonmonetary nonmonetary conditions for any person who is granted pretrial release. The judicial officer shall impose the first of the following conditions of release which that will reasonably protect the community from risk of physical harm to persons, assure the presence of the accused at trial, or assure the integrity of the judicial process; or, if no single condition gives that assurance, shall impose any combination of the following conditions:
(i)(A) Ppersonal recognizance of the defendant;
(ii)(B) Eexecution of an unsecured appearance bond in an amount specified by the judge;
(iii)(C) Placingplacement of restrictions on the travel, association, or place of abode of the defendant during the period of release;
(iv)(D) Placingplacement of the defendant in the custody of a designated person or organization agreeing to supervise him the defendant;
(v)(E) Requiring the execution of a bail bond with sufficient solvent sureties, or the deposit of cash in lieu thereof; provided, however, that any criminal defendant who is required to meet monetary bail or bail with any monetary component may satisfy said the bail by providing an appearance bond.; or
(vi)(F) Imposing any other condition deemed reasonably necessary to assure appearance as required, including a condition requiring that the person return to custody after specified hours.
(2) The judge shall at the defendant's first appearance consider all available relevant factors to determine what form of release is necessary to assure the defendant's appearance. If a monetary bail is required, then the judge shall determine the amount.
(3) In determining whether to release a defendant on bail or other conditions, and what that bail or those conditions may be, the court may consider the nature and circumstances of the offense charged and the penalty provided by law,; the weight of the evidence against the defendant,; the defendant's family ties, length of residence in the community, employment history, financial resources, and mental condition; the defendant's past and present conduct, including any record of convictions, previous flight to avoid prosecution, or failure to appear at court proceedings,; the nature and probability of danger which that the defendant's release poses to the community,; the source of funds used to post bail; whether the defendant is already on release pending resolution of another criminal proceeding, or is on probation, parole, or other release pending completion of sentence,; and any other facts the court considers relevant.
(4) All information provided by a defendant in connection with any application for or attempt to secure bail, to any court, court personnel, or individual soliciting or recording such information for the purpose of evaluating eligibility for or securing bail for the defendant, under circumstances such that the defendant knew or should have known that the information was to be used in connection with an application for bail, shall be accurate, truthful, and complete, without omissions, to the best knowledge of the defendant. Failure to comply with the provisions of this subsection subdivision may result in the revocation or modification of bail. However, no defendant shall be compelled to provide information regarding his or her criminal record.
(5) Information stated in, or offered in connection with, any order entered pursuant to this rule need not strictly conform to the rules of evidence.

(c) Consequences of Failure to Appear.
(1) Any defendant who willfully and knowingly fails to appear and breaches a bond as specified in Ssection 903.26, of the Florida Statutes, and who voluntarily appears or surrenders, shall not be eligible for a recognizance bond.
(2) Any defendant who willfully and knowingly fails to appear and breaches a bond as specified in Ssection 903.26, of the Florida Statutes, and who is arrested at *241 any time following forfeiture, shall not be eligible for a recognizance bond or any form of bond which that does not require a monetary undertaking or commitment equal to or greater than $2,000 or twice the value of the monetary commitment or undertaking of the original bond, whichever is greater.

(d) Subsequent Application for Setting or Modification of Bail.
(1) When a judicial officer not possessing trial jurisdiction orders a defendant held to answer before a court having jurisdiction to try the defendant, and bail has been denied or sought to be modified, application by motion may be made to the court having jurisdiction to try the defendant, or, in the absence of the judge of said the trial court, to the circuit court. Such The motion shall be determined promptly. No judge or a court of equal or inferior jurisdiction may modify or set a condition of release, unless such the judge either:
(i)(A) Iimposed the conditions of bail or set the amount of bond required; or
(ii)(B) Iis the chief judge of the circuit in which the defendant is to be tried; or
(iii)(C) Hhas been assigned to preside over the criminal trial of the defendant; or
(iv)(D) Iis the first appearance judge and was authorized by the judge initially setting or denying bail to modify or set conditions of release.
(2) Applications by the defendant for modification of bail on any felony charge must be heard by a court in person at a hearing, with the defendant present and with at least three(3) hours' notice to the state attorney and county attorney, if bond forfeiture proceedings are handled by the county attorney. The state may apply for modification of bail by showing good cause and with at least three(3) hours' notice to the attorney for the defendant.
(3) In the eventIf any trial court fixes bail and refuses its reduction before trial, the defendant may institute habeas corpus proceedings seeking reduction of bail. If application is made to the supreme court, or district court of appeal, notice and a copy of such application shall be given to the attorney general and the state attorney. Such proceedings shall be determined promptly.

(e) Bail Before Conviction; Condition of Undertaking.
(1) If a person is admitted to bail for his appearance for a preliminary hearing, or on a charge that a magistrate is empowered to try, the condition of the undertaking shall be that he the person will appear for such the hearing, or to answer the charge, and will submit himself to the orders and process of the magistrate trying the same, and will not depart without leave.
(2) If he a person is admitted to bail after he has been being held to answer by a magistrate, or after an indictment or information on which he the person is to be tried has been filed against him, the condition of the undertaking shall be that he the person will appear to answer the charges before the court in which he or she may be prosecuted and submit to the orders and process of the court, and will not depart without leave.
(f) Revocation of Bail. The court in its discretion for good cause, any time after a defendant who is at large on bail appears for trial, may commit himthe defendant to the custody of the proper official to abide by the judgment, sentence, and any further order of the court.
(g) Arrest and Commitment by Court. The court in which the cause is pending may direct the arrest and commitment of the defendant who is at large on bail in the following cases when:
(1) When there has been a breach of the undertaking;
(2) When it appears that his the defendant's sureties or any of them are dead or cannot be found or are insufficient or have ceased to be residents of the state; or
(3) When the court is satisfied that the bail should be increased or new or additional security required;.
The order for the commitment of the defendant shall recite generally the facts upon which it is based, and shall direct that the defendant be arrested by any official *242 authorized to make arrests, and that the defendant be committed to the official in whose custody he or she would be had if he or she had not been given bail, to be detained by such official until legally discharged. The defendant shall be arrested pursuant to such order upon a certified copy thereof, in any county, in the same manner as upon a warrant of arrest. If the order provided for is made because of the failure of the defendant to appear for judgment, the defendant shall be committed. If the order is made for any other cause, the court may determine the conditions of release, if any.
(h) Bail Aafter Recommitment. If the defendant applies to be admitted to bail after recommitment, the court which that recommitted him the defendant shall determine conditions of release, if any, subject to the limitations of (c)(b) above.
(i) Qualifications of Surety Aafter Order of Recommitment. If the defendant offers bail after recommitment, each surety shall possess the qualifications and sufficiency, and the bail shall be furnished in all respects in the manner, prescribed for admission to bail before recommitment.
(j) Issuance of Capias; Bail Specified. Upon On the filing of either an indictment or information charging the commission of a crime, if the person named therein is not in custody or at large on bail for the offense charged, the judge shall issue or shall direct the clerk to issue, either immediately, or when so directed by the prosecuting attorney, a capias for the arrest of such the person. If the person named in the indictment or information is a child, and said the child has been served with a promise to appear under the Florida Rules of Juvenile Procedure, capias need not be issued. Upon the filing of the indictment or information, the judge shall endorse the amount of bail, if any, and may authorize the setting or modification of bail by the judge presiding over the defendant's first appearance hearing. This endorsement shall be made on the capias and signed by the judge.
(k) Summons Upon on Misdemeanor Charge. When a complaint is filed charging the commission of a misdemeanor only and the magistrate deems that process should issue as a result, or when an indictment or information on which the defendant is to be tried charging the commission of a misdemeanor only, and the person named in it is not in custody or at large on bail for the offense charged, the magistrate or judge shall direct the clerk to issue a summons instead of a capias unless the magistrate or judge has reasonable ground to believe that the person will not appear in response to a summons, in which event an arrest warrant or a capias shall be issued with the amount of bail endorsed on it. The summons shall state substantially the nature of the offense and shall command the person against whom the complaint was made to appear before the judge issuing the summons or the judge having jurisdiction of the offense at a time and place stated in it.
(l) Summons When Defendant iIs Corporation. Upon On the filing of an indictment or information or complaint charging a corporation with the commission of a crime, whether felony or misdemeanor, the judge shall direct the clerk to issue or shall issue a summons to secure its appearance to answer the charge. If, after being summoned, the corporation does not appear, a plea of not guilty shall be entered and trial and judgment shall follow without further process.

Committee Notes
1968 Adoption. (a) Same as section 903.01, Florida Statutes.
(b) Same as section 903.04, Florida Statutes.
(c) Same as section 903.02, Florida Statutes.
(d) Same as section 903.12, Florida Statutes.
(e) Substantially same as section 903.13, Florida Statutes.
(f) Same as section 903.19, Florida Statutes.
(g) Same as section 918.01, Florida Statutes.
*243 (h) Substantially same as section 903.23, Florida Statutes.
(i) Same as section 903.24, Florida Statutes.
(j) Same as section 903.25, Florida Statutes.
(k) and (l) Formerly rule 3.150(c). These proposals contain the essentials of present sections 907.01, 907.02, and 901.09(3), Florida Statutes, a change of some of the terminology being warranted for purpose of clarity.
(m) Formerly rule 3.150(c). This proposal contains all of the essentials of section 907.03, Florida Statutes, and that part of section 901.14, Florida Statutes, pertaining to postindictment or postinformation procedure. A charge by affidavit is provided.
Although subdivision (g) is the same as section 918.01, Florida Statutes, its constitutionality was questioned by the subcommittee, constitutional right to bail and presumption of innocence.
1972 Amendment. Same as prior rule except (b), which is new. (k), (l), and (m) are taken from prior rule 3.150.
1977 Amendment. This proposal amends subparagraph subdivision (b)(4) of the present rule [formerly Rrule 3.130(b)(4)] to expand the forms of pre-trial pretrial release available to the judge. The options are the same as those available under the federal rules without the presumption in favor of release on personal recognizance or unsecured appearance.
This proposal leaves it to the sound discretion of the judge to determine the least onerous form of release which will still insure the defendant's appearance.
It also sets forth the specific factors the judge should take into account in making this determination.
Paragraph (a) was repealed by Ch. 76-138, § 2, Laws of Florida, insofar as it was inconsistent with the provision of that statute. Subparagraph (a) has been amended so as to comply with the legislative act.
1983 Amendment. Rule 3.131(d) is intended to replace former Rrule 3.130(f), and therefore contemplates all subsequent modifications of bail; including all increases or reductions of monetary bail, or any other changes sought by the Sstate or by the defendant.

Court Comment
1977 Amendment. Subdivision (a) was repealed by Chapter 76-138, § 2, Laws of Florida, insofar as it was inconsistent with the provision of that statute. Subdivision (a) has been amended so as to comply with the legislative act.
RULE 3.132. PRETRIAL DETENTION
(a) Motion Filed at First Appearance. A person arrested for an offense for which detention may be ordered under Ssection 907.041, of the Florida Statutes, shall be taken before a judicial officer for a first appearance within twenty-four (24) hours of arrest. The Sstate may file with the judicial officer at first appearance a motion seeking pretrial detention, signed by the Sstate Aattorney or hisan assistant, setting forth with particularity the grounds and the essential facts on which pretrial detention is sought, and certifying that hethe state attorney has received testimony under oath supporting the grounds and the essential facts alleged in the motion. If no such motion is filed, or the motion is facially insufficient, the judicial officer shall proceed to determine the conditions of release pursuant to the provisions of Rrule 3.131(b)(1). If the motion for pretrial detention is facially sufficient, the judicial officer shall proceed to determine whether there is probable cause that the person committed the offense. If probable cause is found, the person may be detained in custody pending a final hearing on pretrial detention. If probable cause is established after first appearance pursuant to the provisions of Rrule 3.133, and the person has been released from custody, hethe person may be recommitted to custody pending a final hearing on pretrial detention.
(b) Motion Filed Aafter First Appearance. A motion for pretrial detention may be filed at any time prior to trial. SuchThe motion shall be made to the court with trial jurisdiction. UponOn receipt of a facially sufficient motion and a determination of *244 probable cause, unless otherwise previously established, that an offense eligible for pretrial detention has been committed, the following shall occur:
(1) In the event of exigent circumstances, the court shall issue a warrant for the arrest of the named person, if suchthe person has been released from custody. The person may be detained in custody pending a final hearing on pretrial detention.
(2) In the absence of exigent circumstances, the court shall order a hearing on suchthe motion as provided in (c) below.

(c) Final Order.
(1) Hearing Required. A final order of pretrial detention shall be entered only after a hearing in the court of trial jurisdiction. The hearing shall be held within five (5) days of the filing of the motion, or the date of taking the person in custody pursuant to a motion for pretrial detention, whichever is later. The Sstate Aattorney has the burden of showing beyond a reasonable doubt the need for pretrial detention pursuant to the criteria in Ssection 907.041, of the Florida Statutes. The defendant may request a continuance. The Sstate shall be entitled to one 1 continuance for good cause. No continuance shall exceed five (5) days unless there are extenuating circumstances. The defendant may be detained pending the hearing, but in no case shall he the defendant be detained in excess of ten (10) days, unless such the delay is sought by the defendant. The person sought to be detained is entitled to representation by counsel, to present witnesses and evidence, and to cross-examine witnesses. The court may admit relevant evidence and testimony under oath without complying with the rules of evidence, but evidence secured in violation of the United States Constitution or the Constitution of the State of Florida shall not be admissible. A final order of pretrial detention shall not be based exclusively on hearsay evidence. No testimony by the defendant shall be admissible to prove the guilt of the defendant at any other judicial proceeding, but may be admitted in an action for perjury based upon the defendant's statements made at the pretrial detention hearing, or for impeachment.
(2) Findings and Conclusions to bBe Recorded. The court's pretrial detention order shall be based solely on evidence produced at the hearing, and shall contain findings of fact and conclusions of law to support it. The order shall be made either in writing or orally on the record. The court shall render its findings within twenty-four (24) hours of the pretrial detention hearing.
(3) Dissolution of Order. The defendant shall be entitled to dissolution of the pretrial detention order whenever the court finds that a subsequent event has eliminated the basis for detention.
(4) Further Proceedings on Order. In the event If any trial court enters a final order of pretrial detention, the defendant may obtain review by motion to the appropriate appellate court. If motion for review is taken to the supreme court or the district court of appeal, notice and a copy of suchthe motion shall be served upon the attorney general and the state attorney; if review is taken to the circuit court, service shall be upon the state attorney.
(d) Length of Detention. If ordered detained pending trial pursuant to sub-paragraph (4)(b) of Ssection 907.041(4)(b), of the Florida Statutes, the defendant may not be held more than ninety (90) days. Failure of the state to bring the defendant to trial within that time shall result in his the defendant's release from detention subject to any conditions of release, unless the trial delay was requested or caused by the defendant or histhe defendant's counsel.
RULE 3.133. PRETRIAL PROBABLE CAUSE DETERMINATIONS AND ADVERSARY PRELIMINARY HEARINGS
(a) Nonadversary Probable Cause Determination.
(1) Defendants in Custody. In all cases where in which the defendant is in custody, a nonadversary probable cause determination shall be held before a magistrate within 72 hours from the time of the defendant's *245 arrest; provided, however, that this proceeding shall not be required when a probable cause determination has been previously made by a magistrate and an arrest warrant issued for the specific offense for which the defendant is charged. The magistrate for good cause may continue the proceeding for not more than 24 hours beyond the above 72-hour period. This determination shall be made if the necessary proof is available at the time of the first appearance as required under Rrule 3.130, but the holding of this determination at saidthat time shall not affect the fact that it is a nonadversary proceeding.
(2) Defendants on Pretrial Release. A defendant who has been released from custody before a probable cause determination is made and who is able to establish that histhe pretrial release conditions are a significant restraint on his or her liberty may file a written motion for a nonadversary probable cause determination setting forth with specificity the items of significant restraint that a finding of no probable cause would eliminate. The motion shall be filed within 21 days from the date of arrest, and notice shall be given to the Sstate. TheA magistrate shall, if hewho finds significant restraints on the defendant's liberty, shall make a probable cause determination within 7 days from the filing of the motion.
(3) Standard of Proof. Upon presentation of proof, the magistrate shall determine whether there is probable cause for detaining the arrested person pending further proceedings. The defendant need not be present. In determining probable cause to detain the defendant, the magistrate shall apply the standard for issuance of an arrest warrant, and histhe finding may be based upon sworn complaint, affidavit, deposition under oath, or, if necessary, upon testimony under oath properly recorded.
(4) Action on Determination. If probable cause is found, the defendant shall be held to answer the charges. If probable cause is not found or the specified time periods are not complied with, the defendant shall be released from custody unless an information or indictment has been filed, in which event the defendant shall be released on his or her own recognizance subject to the condition that he or she appear at all court proceedings, or shall be released under a summons to appear before the appropriate court at a time certain. Any release occasioned by a failure to comply with the specified time periods shall be by order of the magistrate upon a written application filed by the defendant with notice sent to the state or by a magistrate without a written application but with notice to the state. The magistrate shall order the release of the defendant after it is determined that the defendant is entitled to release and after the state has a reasonable period of time, not to exceed 24 hours, in which to establish probable cause. A release required by this rule does not void further prosecution by information or indictment but does prohibit any restraint on liberty other than appearing for trial. A finding that probable cause does or does not exist shall be made in writing, signed by the magistrate, and filed, together with the evidence of such probable cause, with the clerk of the court having jurisdiction of the offense for which the defendant is charged.

(b) Adversary Preliminary Hearing.
(1) When Applicable. A defendant who is not charged in an information or indictment within 21 days from the date of his arrest or service of the capias upon him or her shall have a right to an adversary preliminary hearing on any felony charge then pending against himthe defendant. The subsequent filing of an information or indictment shall not eliminate a defendant's entitlement to this proceeding.
(2) Process. The magistrate shall issue such process as may be necessary to secure attendance of witnesses within the state for the state or the defendant.
(3) Witnesses. All witnesses shall be examined in the presence of the defendant and may be cross-examined. Either party may request that the witnesses be sequestered. At the conclusion of the testimony for the prosecution, the defendant shall, if hewho so elects, shall be sworn and testify in his or her own behalf, and in such cases *246 hethe defendant shall be warned in advance of testifying that anything he or she may say can be used against him or her at a subsequent trial. HeThe defendant may be cross-examined in the same manner as other witnesses, and any witnesses offered by himthe defendant shall be sworn and examined.
(4) Record. At the request of either party, the entire preliminary hearing, including all testimony, shall be recorded verbatim stenographically or by mechanical means, and at the request of either party shall be transcribed. If the record of the proceedings, or any part thereof, is transcribed at the request of the prosecuting attorney, a copy of this transcript shall be furnished free of cost to the defendant or his the defendant's counsel.
(5) Action on Hearing. If from the evidence it appears to the magistrate that there is probable cause to believe that an offense has been committed and that the defendant has committed it, the magistrate shall cause the defendant to be held to answer to the circuit court; otherwise, the magistrate shall release the defendant from custody unless an information or indictment has been filed, in which event the defendant shall be released on his or her own recognizance subject to the condition that he or she appear at all court proceedings, or shall be released under a summons to appear before the appropriate court at a time certain. Such release does not, however, void further prosecution by information or indictment but does prohibit any restraint on liberty other than appearing for trial. A finding that probable cause does or does not exist shall be made in writing, signed by the magistrate, and, together with the evidence received in the cause, shall be filed with the clerk of the circuit court.
(c) Additional Nonadversary Probable Cause Determinations and Preliminary Hearings. If there has been a finding of no probable cause at a nonadversary determination or adversary preliminary hearing, or if the specified time periods for holding a nonadversary probable cause determination have not been complied with, a magistrate may thereafter make a determination of probable cause at a nonadversary probable cause determination, in which event the defendant shall be retained in custody or returned to custody upon appropriate process issued by the magistrate. A defendant who has been retained in custody or returned to custody by such a determination shall be allowed an adversary preliminary hearing in all instances in which a felony offense is charged.

Committee Notess
1968 Adoption. (Notes are to former rule 1.122.)
(a) Substantially the same as section 902.01, Florida Statutes; the word "examination" is changed to "hearing" to conform to modern terminology.
(b) through (j) Substantially the same as sections 902.02 through 902.10, 902.13, and 902.14, Florida Statutes, except for exchange of "hearing" for "examination."
(k) Parts of section 902.11, Florida Statutes, and all of section 902.12, Florida Statutes, were omitted because of conflict with case law: Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964); White v. Maryland, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193 (1963).
(l) Taken from Federal Rule of Criminal Procedure 5(c). Previously Florida had no statute or rule defining what the magistrate should do at the conclusion of the preliminary hearing.
(m) Substantially the same as section 902.18, Florida Statutes, except "without delay" changed to "within 7 days." Some specific time limit was felt necessary because of frequent delay by magistrates while defendants remain in jail.
1972 Revision Amendment. The ABA Standards on Pre-Trial Release provide for a person arrested to be taken before a committing magistrate without unreasonable delay for immediate judicial consideration of the release decision. The Ccommittee determined that, since a determination of probable cause at this immediate hearing presents difficult logistical problems for the Sstate and for the defense *247 counsel, the question of probable cause should be decided at a later preliminary hearing. For this reason, sectionssubdivisions (c), (d), and (e) of the former Rrule have been deleted in favor of the hearing provision now contained in Rrule 3.130.
(a) A revised version of former Rrule 3.122(a).
(b) New. Establishes the time period in which the preliminary hearing must take place.
(c)(1) Substantially the same as former Rrule 3.122(b). Amended to provide for advice of counsel relative to waiver, and to provide for written waiver.
(c)(2) Amended to delete provisions relating to recording of proceedings as same are now contained in subparagraphsubdivision (h).
(d) Same as prior rule 3.122(g).
(e) Same as prior rule 3.122(h).
(f) Substantially the same as prior rule 3.122(i); language modernized by slight changes.
(g) Same as prior rule 3.122(j).
(h) New rule to provide for record of proceedings.
(i) Same as prior rule 3.122(k(2)1).
(j) Substantially the same as prior rule 3.122(m). Time period for transmission of papers is reduced. (2) provides for transmission of any transcript of proceedings.
1977 Amendment. The rule corrects several deficiencies in the prior rule:
(1) In the prior rule no specific mechanism was provided to effect the release which is allowed. This revision provides such a mechanism and coordinates the mechanism with the additional procedures created by sectionsubdivision (c).
(2) Once a determination of no probable cause was made and the defendant was released, no method was provided for reversing the process in those instances in which the determination is palpably in error or in instances in which it is later possible to establish probable cause.
(3) The prior rule allowed the unconditioned release of a defendant without the possibility orf recapture simply because of a technical failure to abide by the rather arbitrary time limits established for the conduct of a nonadversary probable cause determination and regardless of the ability to establish probable cause. The new rule allows a determination or redetermination of probable cause to be made in instances in which to do so is sensible. The defendant is protected by the provision allowing him an adversary preliminary hearing as a check against any possible abuse.
1983 Amendment. Rule 3.131(d) is intended to replace former Rule 3.130(f), and therefore contemplates all subsequent modifications of bail; including all increases or reductions of monetary bail, or any other changes sought by the State or by the defendant.

Court Comment
1975 Amendment. This is a complete rewrite of the preliminary hearing rule.
RULE 3.140. INDICTMENTS; INFORMATIONS
(a) Methods of Prosecution.
(1) Capital Crimes. An offense which that may be punished by death shall be prosecuted by indictment.
(2) Other Crimes. The prosecution of all other criminal offenses shall be as follows:
In circuit courts and county courts, prosecution shall be solely by indictment or information, except that prosecution in county courts for violations of municipal ordinances and metropolitan county ordinances may be by affidavit or docket entries and prosecutions for misdemeanors, municipal ordinances, and county ordinances may be by Nnotice to Aappear issued and served pursuant to Rrule 3.125. A grand jury may indict for any offense. When a grand jury returns an indictment for an offense not triable in the circuit court, the circuit judge shall either issue a summons returnable in the county court, or shall bail the accused for trial in the county court, and suchthe judge, or at histhe judge's direction, the clerk of the circuit *248 court, shall certify the indictment and file sameit in the records of the county court.
(b) Nature of Indictment or Information. The indictment or information upon which the defendant is to be tried shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged.
(c) Caption, Commencement, Date, and Personal Statistics.
(1) Caption. No formal caption is essential to the validity of an indictment or information upon which the defendant is to be tried. Upon objection made as to its absence a caption shall be prefixed in substantially the following manner:
In the (name of Ccourt)
State of Florida versus (name of defendant)
Any defect, error, or omission in a caption may be amended as of course, at any stage of the proceeding, whether before or after a plea to the merits, by court order.
(2) Commencement. All indictments or informations upon which the defendant is to be tried shall expressly state that the prosecution is brought in the name and by the authority of the State of Florida. Indictments shall state that the defendant is charged by the grand jury of the county. Informations shall state that the appropriate prosecuting attorney makes the charge.
(3) Date. Every indictment or information on which the defendant is to be tried shall bear the date (day, month, year) that it is filed in each court in which it is so filed.
(4) Personal Statistics. Every indictment or information shall include the defendant's race, gender, date of birth, and social security number when any of these facts are known. Failure to include these facts shall not invalidate an otherwise sufficient indictment or information.
(d) The Charge.
(1) Allegation of Facts; Citation of Law Violated. Each count of an indictment or information upon which the defendant is to be tried shall allege the essential facts constituting the offense charged. In addition, each count shall recite the official or customary citation of the statute, rule, regulation, or other provision of law whichthat the defendant is alleged to have violated. Error in or omission of the citation shall not be ground for dismissing the count or for a reversal of a conviction based thereon if the error or omission did not mislead the defendant to histhe defendant's prejudice.
(2) Name of Accused. The name of the accused person shall be stated, if known, and if not known, hethe person may be described by any name or description by which hethe person can be identified with reasonable certainty. If the grand jury, prosecuting attorney, or affiant making the charge does not know either the name of the accused or any name or description by which hethe accused can be identified with reasonable certainty, the indictment or information, as the case may be, shall so allege and the accused may be charged by a fictitious name.
(3) Time and Place. Each count of an indictment or information upon which the defendant is to be tried shall contain allegations stating as definitely as possible the time and place of the commission of the offense charged in the act or transaction or on two2 or more acts or transactions connected together, provided the court in which the indictment or information is filed has jurisdiction to try all of the offenses charged.
(4) Allegation of Intent to Defraud. WhenIf an intent to defraud is required as an element of the offense to be charged, it shall be sufficient to allege an intent to defraud, without naming therein the particular person or body corporate intended to be defrauded.
(e) Incorporation by Reference. Allegations made in one1 count shall not be incorporated by reference in another count.
(f) Endorsement and Signature; Indictment. An indictment shall be signed by the foremanperson or the acting foreman person of the grand jury returning it. The state attorney or acting state attorney or an assistant state attorney shall make and sign a statement on the indictment to the effect that he or she has advised the grand *249 jury returning the indictment as authorized and required by law. No objection to the indictment on the ground that the statement has not been made shall be entertained after the defendant pleads to the merits.
(g) Signature, Oath, and Certification; Information. An information charging the commission of a felony shall be signed by the state attorney, or a designated assistant state attorney, under oath stating his or her good faith in instituting the prosecution and certifying that he or she has received testimony under oath from the material witness or witnesses for the offense. An information charging the commission of a misdemeanor shall be signed by the state attorney, or a designated assistant state attorney, under oath stating his or her good faith in instituting the prosecution. No objection to an information on the ground that it was not signed or verified, as herein provided, shall be entertained after the defendant pleads to the merits.
(h) Conclusion. An indictment or information on which the defendant is to be tried need contain no formal conclusion.
(i) Surplusage. An unnecessary allegation may be disregarded as surplusage and, upon motion of the defendant, may be stricken from the pleading by the court.
(j) Amendment of Information. An information upon which the defendant is to be tried whichthat charges an offense may be amended on the motion of the prosecuting attorney or defendant at any time prior to trial because of formal defects.
(k) Form of Certain Allegations. Allegations concerning the following items may be alleged as indicated below:
(1) Description of Written Instruments. Instruments consisting wholly or in part of writing or figures, pictures, or designs may be described by any term by which they are usually known or may be identified, without setting forth a copy or facsimile thereof.
(2) Words; Pictures. Necessary averments relative to spoken or written words or pictures may be made by the general purport of such words or pictures without setting forth a copy or facsimile thereof.
(3) Judgments; Determinations; Proceedings. A judgment, determination, or proceeding of any court or official, civil or military, may be alleged generally in such a manner as to identify such the judgment, determination, or proceeding, without alleging facts conferring jurisdiction on suchthe court or official.
(4) Exceptions; Excuses; Provisos. Statutory exceptions, excuses, or provisos relative to offenses created or defined by statute need not be negatived by allegation.
(5) Alternative or Disjunctive Allegations. For an offense whichthat may be committed by doing one1 or more of several acts, or by one1 or more of several means, or with one1 or more of several intents or results, it is permissible to allege in the disjunctive or alternative such two or more acts, means, intents, or results.
(6) Offenses Divided into Degrees. For an offense divided into degrees it is sufficient to charge the commission of the offense without specifying the degree.
(7) Felonies. It shall not be necessary to allege that the offense charged is a felony or was done feloniously.
(l) Custody of Indictment or Information. Unless the defendant named therein has been previously released on a citation, order to appear, personal recognizance, or bail, or has been summoned to appear, or unless otherwise ordered by the court having jurisdiction, all indictments or informations and the records thereof shall be in the custody of the clerk of the court to which they are presented and shall not be inspected by any person other than the judge, clerk, attorney general, and prosecuting attorney until the defendant is in custody or until one1 year has elapsed between the return of an indictment or the filing of an information, after which time they shall be opened for public inspection.
(m) Defendant's Right to Copy of Indictment, or Information. Each person who has been indicted or informed against for an offense shall, upon application to the *250 clerk, be furnished a copy of the indictment or information and the endorsements thereon, at least twenty-four24 hours before he isbeing required to plead to suchthe indictment or information if a copy has not been so furnished to him. A failure to furnish sucha copy shall not affect the validity of any subsequent proceeding against the defendant if he or she pleads to the indictment or information.
(n) Statement of Particulars. The court, upon motion, shall order the prosecuting attorney to furnish a statement of particulars, when the indictment or information upon which the defendant is to be tried fails to inform the defendant of the particulars of the offense sufficiently to enable himthe defendant to prepare hisa defense. SuchThe statement of particulars shall specify as definitely as possible the place, date, and all other material facts of the crime charged that are specifically requested and are known to the prosecuting attorney, including the names of persons intended to be defrauded. Reasonable doubts concerning the construction of this rule shall be resolved in favor of the defendant.
(o) Defects and Variances. No indictment or information, or any count thereof, shall be dismissed or judgment arrested, or new trial granted on account of any defect in the form of the indictment or information or of misjoinder of offenses or for any cause whatsoever, unless the court shall be of the opinion that the indictment or information is so vague, indistinct, and indefinite as to mislead the accused and embarrass him or her in the preparation of hisa defense or expose himthe accused after conviction or acquittal to substantial danger of a new prosecution for the same offense.

Committee Notes
1968 Adoption. Introductory Statement: The contention may be made that the authority of the Supreme Court of Florida to govern practice and procedure in all courts by court rule does not include the power to vary in any way from present statutory law governing the work product of the grand jury, viz., the indictment. Such a contention must, of necessity, be based in part, at least, upon the assumption that the grand jury is not an integral part of the judicial system of Florida but is a distinct entity which serves that system. The Supreme Court of Florida, in State v. Clemons, 150 So.2d 231 (Fla. 1963), seems to have taken a position contrary to such an assumption.
Regardless of whether such a contention is valid, it seems beyond controversy that the essentials of the indictment, as in the case of an information, are so intimately associated with practice and procedure in the courts that the individual or group having the responsibility of determining its makeup and use is thus empowered to govern a substantial segment of such practice and procedure. The conclusion seems to be inescapable, therefore, that, since the constitution grants to the supreme court authority over this phase of the judicial scheme, the following material is appropriate for consideration as a part of the proposed rules:
(a)(1) Capital Crimes. This recommendation is consistent with present Florida law. See § 10 DR, Fla. Const. (1885, as amended) (now Art. I, § 15, Fla. Const. (1968 as amended)); § 904.01, Fla. Stat. (1963). The terminology "which may be punished by death" is deemed preferable to the terminology "capital crime" of the constitution and "capital offenses" of the statute because of its definitive nature. The recommended terminology is utilized in Federal Rule of Criminal Procedure 7(a) and in the American Law Institute's Code of Criminal Procedure, section 115. The terminology used in the 1963 Code of Criminal Procedure of Illinois is "when death is a possible punishment." See § 110-4.
Section 10, DR, Florida Constitution, provides: "No person shall be tried for a capital crime unless on presentment or indictment by a grand jury." No provision is made in the recommendation for prosecution by presentment. This omission is consistent with the apparent legislative construction placed on this section. Section 904.01, Florida Statutes, provides "All capital *251 offenses shall be tried by indictment by a grand jury." Since presentments traditionally have not been used as trial accusatorial writs in Florida, there seems little reason, at this date, to question that the constitution authorizes the implementing authority, be it the legislature or the supreme court, to use one of the specified methods of prosecution to the exclusion of the other.
(a)(2) Other Crimes. In criminal courts of record and the Court of Record of Escambia County, the constitution of Florida requires that prosecutions be by information. (§§ 9(5) & 10, Art. V). In county judges' courts having elective prosecuting attorneys, present statutory law permits prosecutions by indictment (§ 904.02) and affidavit (Ch. 937). The additional method of prosecution by information is provided as a step toward attaining uniformity with other courts in the prosecution of noncapital offenses, at least to the extent that a prosecutor desires to use an information. This addition involved consideration of whether a nonelected prosecutor serving in a county judge's court, which often is the case, has the authority to use an information as an accusatorial writ. Since this question has not been definitely resolved under present law, caution dictated the specification that the prosecuting attorney be elected as a prerequisite to the use of an information.
In all courts not hereinabove mentioned that have elective prosecuting attorneys, trial by indictment or information is consistent with present Florida constitutional law and most of the statutory law. (See § 10, DR, Fla. Const., §§ 904.01 & 904.02, Fla. Stat.; cf. § 932.56, where an affidavit may be used in cases appealed from a justice of the peace court and which is tried de novo in a circuit court.) In specially created courts having elective prosecutors and which are not otherwise provided for in foregoing provisions of this rule, it was felt that prosecution by indictment or information should be allowed, even though present statutory authority may limit prosecutions in such courts to the use of an information, e.g., the Court of Record of Alachua County.
In courts not having elective prosecutors, prosecution by information is not recommended because of the aforementioned doubt as to the authority of a nonelected prosecutor to use an information as an accusatorial writ. With reference to the present court structure of Florida this part of the proposal applies only to county judges' courts and justice of the peace courts. The only variation from present procedure contemplated by this part of the proposal is the use of an indictment as a basis for prosecution in a justice of the peace court.
Under this proposal a grand jury may indict for any criminal offense. This recommendation is based on the premise that a grand jury's power to indict should not be limited by virtue of levels in a state court structure. A grand jury should be considered as a guardian of the public peace against all criminal activity and should be in a position to act directly with reference thereto. While practicalities dictate that most noncapital felonies and misdemeanors will be tried by information or affidavit, if appropriate, even if an indictment is permissible as an alternative procedure, it is well to retain the grand jury's check on prosecutors in this area of otherwise practically unrestricted discretion.
The procedure proposed for the circuit judge to follow if a grand jury returns an indictment for an offense not triable in the circuit court applies, with appropriate variations, much of the procedure presently used when a grand jury returns an indictment triable in a criminal court of record. See § 32.18, Fla. Stat.
(b) Nature of Indictment or Information. This provision appears in rule 7(c) of the Rules of Criminal Procedure for the United States District Court (hereafter referred to as the federal rules for purposes of brevity). It may be deemed appropriate for incorporation into the recommendations since it preserves to the defendant expressly the right to a formal written accusation and at the same time permits the simplification of the form of the accusation and *252 the elimination of unnecessary phraseology.

(c) Caption, Commencement, and Date.
(1) Caption. Section 906.02, Florida Statutes, contains the essentials of this proposal. It is well settled at common law that the caption is no part of the indictment and that it may be amended. The caption may be considered as serving the purpose of convenience by making more readily identifiable a particular accusatorial writ. The proposal makes it possible for this convenience to be served if either party wishes it, yet does not provide that the caption be a matter of substance. The essentials of this recommendation also appear in section 149 of the American Law Institute's Code of Criminal Procedure.
(2) Commencement. This proposal apparently is directly contrary to section 906.02(1), Florida Statutes, which treats the caption and the commencement in the same manner, i.e., that neither is necessary to the validity of the indictment or information but may be present as mere matters of convenience. This legislative assumption may not be a correct one and caution dictates that a meaningful commencement be included. Section 20, article V, of the Constitution of Florida provides that the style of all process shall be: "`The State of Florida' and all prosecutions shall be conducted in the name and by the authority of the State." As contemplated in the proposal, the commencement expressly states the sovereign authority by which the accusatorial writ is issued and the agent of that authority. Section 906.02(2), Florida Statutes, seems to contemplate that there will be included in the indictment an express provision concerning the agency of the state responsible for its presentation, viz., the grand jury, by stating, "It is unnecessary to allege that the grand jurors were empaneled, sworn or charged, or that they present the indictment upon their oaths or affirmations." The American Law Institute's commentary on the commencement (A.L.I.Code of Criminal Procedure, p. 529 et seq.) indicates that there is much confusion between what information should be in the commencement as distinguished from the caption.
(3) Date. Since in many cases the beginning of the prosecution is co-existent with the issuance of the indictment or information, the date the writ bears may be of great significance, particularly with reference to the tolling of a statute of limitations. If the date of a grand jury's vote of a true bill or a prosecutor's making oath to an information differs from the date of filing of the indictment or information with the appropriate clerk, it seems the date of filing is the preferable date for a writ to bear since until the filing transpires there is no absolute certainty that the prosecution actually will leave the province of the grand jury or prosecutor.

(d) The Charge.
(1) Allegation of Facts; Citation of Law Violated. This proposal is consistent with various sections of chapter 906, Florida Statutes, in that the charge is adequately alleged when based on the essentials of the offense; surplusage should be guarded against. The citation of the law allegedly violated contributes to defining the charge and conserves time in ascertaining the exact nature of the charge. The 1963 Illinois Criminal Code, section 111-3(a)(2), and Federal Rule of Criminal Procedure 7(c) contain similar provisions.
(2) Name of Accused. The provision concerning the method of stating the name of the accused is consistent with the very elaborate section 906.08, Florida Statutes, which seems unnecessarily long. It is deemed desirable that when a fictitious name is used the necessity therefor should be indicated by allegation.
(3) Time and Place. This provision is consistent with present Florida law. (See Morgan v. State, 51 Fla. 76, 40 So. 828 (1906), as to "time"; see Rimes v. State, 101 Fla. 1322, 133 So. 550 (1931), as to "place".) The provision is patterned after section 111-3(4) of the 1963 Illinois Code of Criminal Procedure.
(4) Joinder of Offenses. The essence of this proposal is presently found in section 906.25, Florida Statutes, federal rule 8(a), *253 and section 111-4(a) of the 1963 Illinois Code of Criminal Procedure.
(5) Joinder of Defendants. This proposal is taken from federal rule 8(b). Its substance also appears in section 111-4(b) of the Illinois Code of Criminal Procedure. Although section 906.25, Florida Statutes, does not expressly contain this provision, there is little doubt that its broad language includes it.
(6) Allegation of Intent to Defraud. The language of this proposal presently appears in section 906.18, Florida Statutes, except for the provision concerning affidavit. Its continuation seems advisable as an aid to drawing allegations in charging instruments, although such information if known to the prosecutor may be required to be given in a bill of particulars upon motion of the defendant. (See subdivision (n) of this rule.) At times such information may be unknown to the prosecutor. A part of the statute is purposely not included in the proposal. The excluded part states "and on the trial it shall be sufficient, and shall not be deemed a variance, if there appear to be an intent to defraud the United States or any state, county, city, town or parish, or any body corporate, or any public officer in his official capacity, or any copartnership or members thereof, or any particular person." It seems that this part of the statute is stated in terms of the law of evidence rather than practice and procedure and should not be included in the rules, although apparently being a logical conclusion from the part included in the proposal.
(e) Incorporation by Reference. Although provision for incorporation by reference appears in federal rule 7(c), the prohibition of such incorporation is recommended with the thought that even though repetition may be minimized by incorporation, confusion, vagueness, and misunderstanding may be fostered by such procedure.
(f) Endorsement and Signature; Indictment. The requirement that the indictment be endorsed "A true bill" and be signed by the foreman or acting foreman of the grand jury presently appears in section 905.23, Florida Statutes. There apparently is no valid reason for changing this requirement since it serves the useful purpose of lending authenticity to the indictment as a legal product of the grand jury. The requirement of the foreman's signature also appears in federal rule 6(c), 1963, Illinois CCP section 111-3(b), and A.L.I. Model Code of Criminal Procedure section 125.
The provision pertaining to the statement and signature of the prosecuting attorney varies from present Florida law and is offered in alternative form. Florida statutes presently provide that an indictment shall be signed by a state attorney (§§ 27.21 & 27.22). Federal rule 7(c) also provides for the signature of the attorney for the government.
No requirement presently is made in Florida necessitating an express explanatory statement preceding such signature. Presumably the justification for the signature appears in the Florida statutes that require the aforementioned officers to wait upon the grand jury as advisors, as examiners of witnesses, and to draw indictments. (See §§ 905.16, 905.17, 905.19, 905.22, 27.02, 27.16, 27.21, & 27.22, Fla. Stat.)
Vagueness remains concerning the significance of the signature, however. Since the prosecuting attorney cannot be present while the grand jury is deliberating or voting (see section 905.17, Florida Statutes) and has no voice in the decision of whether an indictment is found (see section 905.26, Florida Statutes), a logical question arises concerning the necessity for the prosecuting attorney's signature on the indictment. The provision for the statement is made for the purpose of clarifying the reason for the signature.
(g) Signature, Oath, and Certification; Information. Section 10, DR, Florida Constitution, requires that informations be under oath of the prosecuting attorney of the court in which the information is filed. Article V, section 9(5), Florida Constitution, contains the same requirement concerning informations filed by the prosecuting attorney in a criminal court of record. This proposal also does not deviate from present *254 Florida statutory law as found in section 906.04, Florida Statutes. This statute has received judicial approval. (See Champlin v. State, 122 So.2d 412 (Fla. 2d DCA 1960).) It should be noted here that the prosecutor's statement under oath is defined as to the purpose served by the signature.
(h) Conclusion. A similar provision currently appears in section 906.03, Florida Statutes, and should be included in the rules because of its tendency to minimize unnecessary statements in accusatorial writs. Provision is added for the affidavit as an accusatorial writ.
(i) Surplusage. The first part of the proposal, providing for the disregarding of unnecessary allegations as surplusage, is similar to section 906.24, Florida Statutes. The part concerned with striking such material is patterned after federal rule 7(d). The parts are properly complementary.
(j) Amendment of Information. This proposal contains no provision for an amendment of an indictment since, presumably, a grand jury may not amend an indictment which it has returned and which is pending, although it may return another indictment and the first indictment may be disposed of by a nolle prosequi. (See 17 Fla.Jur. Indictments and Informations, 9 (1958).) A federal indictment cannot be amended without reassembling the grand jury (see Ex parte Bain, 121 U.S. 1 (1887)); consequently the federal rules contain no provision for the amendment of an indictment. (It may be that the Supreme Court of Florida will feel inclined to include in the rules an express statement concerning amendments of an indictment. None is included here, however.)
The proposal is patterned after section 111-5 of the 1963 Illinois Code of Criminal Procedure, with one exception. The exception arises due to the fact that the Illinois Code provision applies to indictments as well as informations, the position in Illinois apparently being assumed that an indictment may be amended, at least with reference to specified items listed in the statute, as well as other formalities.
(k) Form of Certain Allegations. Several statutes in chapter 906, Florida Statutes, are concerned with the manner of making allegations in indictments and informations. Some of these sections are of such general application that it seems advisable to include their substance in the rules; others are so restricted that it may be deemed appropriate to recommend other disposition of them.
The proposals made in (1) through (7) here are based on the substance of the designated Florida statutes:
Proposal (1): section 906.09.
Proposal (2): section 906.10.
Proposal (3): section 906.11.
Proposal (4): section 906.12.
Proposal (5): section 906.13.
Proposal (6): section 906.23.
Proposal (7): section 906.17.
(l) Custody and Inspection. The proposal is taken verbatim from section 906.27, Florida Statutes. The necessity for specific provision for the custody and inspection of accusatorial writs seems to be proper to include here.
(m) Defendant's Right to Copy of Indictment or Information. The procedure contained in this proposal is presently required under section 906.28, Florida Statutes, and seems to be unobjectionable.
(n) Statement of Particulars. The phrase, "bill of particulars," has been modernized by changing "bill" to "statement." Historically, a "bill" is a written statement. The first sentence of this proposal is taken from section 906.27, Florida Statutes, the only change being the narrowing of the scope of the judicial discretion now granted by the statute. The latter part of the proposal is recommended in order to clarify the requirements of the rule. Provision for the accusatorial affidavit has been added.
(o) Defects and Variances. This proposal presently appears in Florida law in the form of section 906.25, Florida Statutes. The statute has been the object of much judicial construction and it seems inadvisable to divide it into parts merely for convenience in placing these parts under more *255 appropriate titles, such as "Pre-Trial Motions," "Motion for New Trial," etc.
The intimate relation the statute has with indictments and informations justifies its inclusion here. The useful purposes served by the court constructions dictate the use of the statutory language without change.
1972 Revision Amendment. Substantially the same as prior rule. References to trial by affidavit have been deleted throughout this rule and all Florida rRules of Criminal Procedure because of the passage of the 1972 amendment to article V of the Florida Constitution.
(a)(2) Amended to refer only to Ccircuit Ccourts and Ccounty Ccourts. Reference to trial of vehicular traffic offenses transferred to Rrule 3.010 and made applicable to all Rrules of Ccriminal Pprocedure.
Former rule (d)(4) and (d)(5) transferred to Nnew Rrule 3.150. Former rule (d)(6) renumbered as (d)(4).
1973 Amendment. The purpose of the amendment is to provide the same method for prosecution of violations of metropolitan county ordinances as for violations of municipal ordinances.
RULE 3.150. JOINDER OF OFFENSES AND DEFENDANTS
(a) Joinder of Offenses. Two or more offenses whichthat are triable in the same court may be charged in the same indictment or information in a separate count for each offense, when the offenses, whether felonies or misdemeanors, or both, are based on the same act or transaction or on two2 or more connected acts or transactions.
(b) Joinder of Defendants. Two or more defendants may be charged in the same indictment or information upon which they are to be tried when:
(1) when each defendant is charged with accountability for each offense charged;
(2) when each defendant is charged with conspiracy and some of the defendants are also charged with one1 or more offenses alleged to have been committed in furtherance of the conspiracy; or
(3) when, even if conspiracy is not charged and all defendants are not charged in each count, it is alleged that the several offenses charged were part of a common scheme or plan.
Such defendants may be charged in one1 or more counts together or separately, and all of the defendants need not be charged in each count.

Committee Notes
1968 Adoption. (Notes are to rule 1.140(d)(4) and (5).)
(4) Joinder of Offenses. The essence of this proposal is presently found in section 906.25, Florida Statutes, federal rule 8(a), and section 111-4(a) of the 1963 Illinois Code of Criminal Procedure.
(5) Joinder of Defendants. This proposal is taken from federal rule 8(b). Its substance also appears in section 111-4(b) of the Illinois Code of Criminal Procedure. While section 906.25, Florida Statutes, does not expressly contain this provision, there is little doubt that its broad language includes it.
1972 Amendment. Provisions of former Rrule 3.150 are transferred to and incorporated in Rrule 3.130, Pre-TrialPretrial Release.
(a) Substantially the same as Fformer Rrule 3.140(d)(4) except that it omits proviso that the court have jurisdiction to try all offenses charged. The proviso seems redundant.
(b) Substantially the same as ABA Standard 1.2 of ABA Standards Relating to Joinder and Severance but omits subparagraph (c)(2) which would permit joinder of charges "so closely connected in respect to time, place, and occasion that it would be difficult to separate proof of one charge from proof of the others." The ABA commentary on this Sstandard concedes that in such cases the chances are considerable that defendants would have a right to severance. Difficulty of separating proof is a good reason for denying a right to join charges. The Ccommittee is of the opinion that defendants not connected in the commission *256 of an act and not connected by conspiracy or by common scheme or plan should not, under any circumstances, be joined. The Ssuggested Rrule omits the provision of former Rrule 3.140(d)(4) permitting joinder of two2 or more defendants in a single indictment or information, if they are alleged to have participated in the same series of acts or transactions constituting more than one1 offense. If all defendants participated in a series of connected acts or transactions constituting two2 or more offenses, the offenses can be joined under the Rrule 3.150(a).
The last sentence of the Ssuggested Rrule is the last sentence of former Rrule 3.140(d)(5).
RULE 3.151. CONSOLIDATION OF RELATED OFFENSES
(a) Related Offenses. For purposes of these Rrules, two2 or more offenses are related offenses if they are triable in the same court and are based on the same act or transaction or on two2 or more connected acts or transactions.
(b) Consolidation of Indictments or Informations. Two or more indictments or informations charging related offenses shall be consolidated for trial on a timely motion by a defendant or by the state. The procedure thereafter shall be the same as if the prosecution were under a single indictment or information. Failure to timely move for consolidation constitutes a waiver of the right to consolidation.
(c) Dismissal of Related Offenses after Trial. When a defendant has been tried on a charge of one1 of two2 or more related offenses, the charge of every other related offense shall be dismissed on the defendant's motion unless a motion by suchthe defendant for consolidation of suchthe charges has been previously denied, or unless suchthe defendant has waived histhe right to consolidation, or unless the prosecution has been unable, by due diligence, to obtain sufficient evidence to warrant charging suchthe other offense or offenses.
(d) Plea. A defendant may plead guilty or nolo contendere to a charge of one1 offense on the condition that other charges of related offenses be dismissed or that no charges of other related offenses be instituted. Should the court find that suchthe condition cannot be fulfilled, the plea shall be considered withdrawn.

Committee Notes
1968 Adoption. This rule is almost the same as federal rule 13, with provisions added for trial by affidavit.
1972 Revision Amendment. (a) To same general effect as ABA Standard with changes to conform to Florida Rrules 3.150(a) and 3.190(k).
(b) Limits motion for consolidation to defendant and provides that defendant waives his or her right to consolidation by failing to file a timely motion. Under standards relating to joinder of offenses and defendants, the prosecution may avoid the necessity for consolidation by charging offenses and defendants in a single indictment or information where consolidation is permissible. Omits provision of ABA Standard authorizing denial of consolidation if prosecuting attorney does not have "sufficient evidence to warrant trying" one1 of the "offenses" or if the court finds that the ends of justice would be defeated by consolidation. The lack of "sufficient evidence to warrant" trial of one1 of several charges of "related offenses" would be quite rare. In the rare case wherein which there is such a lack of evidence, the appropriate remedy would be a motion for continuance of all pending charges of related offenses, showing that the lack of evidence could probably be cured by a reasonable delay. The Ccommittee does not favor separate trials of charges of related offenses over the defendant's objection.
(c) Florida has no similar rule. Omits exception in ABA Standard in case "the prosecuting attorney did not have sufficient evidence to warrant trying (the) offense" or upon a finding that "the ends of justice would be defeated if the motion was granted." See comment on (b). The rule is not intended to restrict defendant's substantive rights.
*257 (d) Florida has no similar rule. The first sentence of ABA Standard is considered by the Ccommittee to state a rule of substantive law and is omitted as unnecessary.
1977 Amendment. The changes from the prior rule are intended to provide equal treatment for both the state and the defendant.
RULE 3.152. SEVERANCE OF OFFENSES AND DEFENDANTS
(a) Severance of Offenses.
(1) In case two2 or more offenses are improperly charged in a single indictment or information, the defendant shall have a right to a severance of the charges upon timely motion thereof.
(2) In case two2 or more charges of related offenses are joined in a single indictment or information, the court nevertheless shall grant a severance of charges on motion of the Sstate or of a defendant.:
(i)(A) before trial upon a showing that suchthe severance is appropriate to promote a fair determination of the defendant's guilt or innocence of each offense,; or
(ii)(B) during trial, only with defendant's consent, upon a showing that suchthe severance is necessary to achieve a fair determination of the defendant's guilt or innocence of each offense.
(b) Severance of Defendants.
(1) On motion of the Sstate or a defendant, the court shall order a severance of defendants and separate trials:
(i)(A) before trial, upon a showing that suchthe order is necessary to protect a defendant's right to a speedy trial, or is appropriate to promote a fair determination of the guilt or innocence of one1 or more defendants; or
(ii)(B) during trial, only with defendant's consent and upon a showing that suchthe order is necessary to achieve a fair determination of the guilt or innocence of one1 or more defendants.
(2) If a defendant moves for a severance of defendants on the ground that an oral or written statement of a co-defendantcodefendant makes reference to him or her but is not admissible against him or her, the court shall determine whether the Sstate will offer evidence of the statement at the trial. If the Sstate intends to offer the statement in evidence, the court shall order the Sstate to submit its evidence of suchthe statement for consideration by the court and counsel for defendants and if the court determines that suchthe statement is not admissible against the moving defendant, it shall require the Sstate to elect one1 of the following courses:
(i)(A) a joint trial at which evidence of the statement will not be admitted;
(ii)(B) a joint trial at which evidence of the statement will be admitted after all references to the moving defendant have been deleted, provided the court determines that admission of suchthe evidence with deletions will not prejudice the moving defendant; or
(iii)(C) severance of the moving defendant.
(3) Failure to prove grounds for joinder of defendants. In cases wherein which, at the close of the Sstate's case or at the close of all of the evidence, the evidence is not sufficient to support a finding that allegations on which the joinder of a defendant is based have been proved, the court shall, on motion of that defendant, grant a severance unless the court finds that severance is unnecessary to achieve a fair determination of that defendant's guilt or innocence.

Committee Notes
1968 Adoption. This subdivision rewords and adds to federal rule 14. It covers subject matter of section 918.02, Florida Statutes.
1972 Amendment. (a)(1) Severance on timely motion by defendant is mandatory whereif multiple offenses are improperly joined.
(a)(2) Provides for severance of offenses before trial on showing that severance will promote a fair determination of guilt or innocence substantially as provided by former rule 3.190(j)(2) and, unlike any Florida Rrule, distinguishes motion during trial.
*258 (b)(1) Based on ABA Standard 2.3(b). Expands Florida Rrule 3.190(j) to include defendant's right to speedy trial as ground for severance and, unlike any Florida rule, distinguishes between motion before and motion during trial.
(b)(2) Based on ABA Standard 2.3, subparagraphssubparagraphs (a) and (c). Requires court to determine whether the statement will be offered as distinguished from asking the Sstate its intention. Requires production of evidence of the statement in the event it will be offered so that the court and counsel can intelligently deal with the problem. Florida has no similar rule.
(b)(3) Substantially the same as ABA Standard, except that the proposed Rrule requires severance unless the court affirmatively finds that severance is unnecessary. Florida has no similar rule.
RULE 3.153. TIMELINESS OF DEFENDANT'S MOTION; WAIVER
(a) Timeliness; Waiver. A defendant's motion for severance of multiple offenses or defendants charged in a single indictment or information shall be made before trial unless opportunity therefor did not exist or the defendant was not aware of the grounds for such a motion, but the court in its discretion may entertain such a motion at the trial. The right to file such a motion is waived if it is not timely made.
(b) Renewal of Motion. If a defendant's pre-trialpretrial motion for severance is overruled, hethe defendant may renew the motion on the same grounds at or before the close of all the evidence at the trial.

Committee Notes
1972 Adoption. (a) Relates solely to defendant's motion for severance. Florida has no similar rule.
(b) Florida has no similar rule.

IV. ARRAIGNMENT AND PLEAS
RULE 3.160. ARRAIGNMENT
(a) Nature of Arraignment. The arraignment shall be conducted in open court or by audiovisual device in the discretion of the court and shall consist of the judge or clerk or prosecuting attorney reading the indictment or information upon which the defendant will be tried to the defendant or stating orally to himthe defendant the substances of the charge or charges and calling upon himthe defendant to plead thereto. SuchThe reading or statement as to the charge or charges may be waived by the defendant. If the defendant is represented by counsel, his counsel may file a written plea of not guilty at or before arraignment and thereupon arraignment shall be deemed waived.
(b) Effect of Failure to Arraign or Irregularity of Arraignment. Neither a failure to arraign nor an irregularity in the arraignment shall affect the validity of any proceeding in the cause if the defendant pleads to the indictment or information on which the defendant is to be tried or proceeds to trial without objection to such failure or irregularity.
(c) Plea of Guilty Aafter Indictment or Information Filed. If a person who has been indicted or informed against for an offense, but who has not been arraigned, desires to plead guilty thereto, hethe person may so inform the court having jurisdiction of the offense, and suchthe court shall, as soon as convenient, arraign the defendant and permit himthe defendant to plead guilty to the indictment or information.
(d) Time to Prepare for Trial. After a plea of not guilty the defendant is entitled to a reasonable time in which to prepare for trial.
(e) Defendant Not Represented by Counsel. Prior to arraignment of any person charged with the commission of a crime, if he or she is not represented by counsel, the court shall advise himthe person of histhe right to counsel and, if he or she is financially unable to obtain counsel, of histhe right to be assigned court-appointed counsel to represent him or her at suchthe arraignment and at all subsequent proceedings to be represented by counsel, and further,. The person shall execute an affidavit that he or she is unable financially *259 or otherwise to obtain counsel, and if the court shall determine suchthe reason to be true, the court shall appoint counsel to represent himthe person.
If the defendant, however, understandingly waives representation by counsel, he or she shall execute a written waiver of such representation, which shall be filed in the case. If counsel beis appointed, a reasonable time shall be accorded to such counsel before the defendant shall be required to plead to the indictment or information upon which he or she is to be arraigned or tried, or otherwise to proceed further.

Committee Notes
1968 Adoption. (a) A combination of section 908.01, Florida Statutes, and Federal Rule of Criminal Procedure 10.
(b) Same as section 908.02, Florida Statutes.
(c) Same as section 909.15, Florida Statutes, except provision is made for trial by affidavit.
(d) Same as section 909.20, Florida Statutes.
(e) Federal rule 44 provides:
"If the defendant appears in court without counsel the court shall advise him of his right to counsel and assign counsel to represent him at every stage of the proceeding unless he elects to proceed without counsel or is able to obtain counsel."
A presently proposed amendment to such rule provides:
"(a) Right to Assigned Counsel. Every defendant who is unable to obtain counsel shall be entitled to have counsel assigned to represent him at every stage of the proceedings from his initial appearance before the commissioner or the court through appeal, unless he waives such appointment.
"(b) Assignment Procedure. The procedures for implementing the right set out in subdivision (a) shall be those provided by law or by local rules of district courts of appeal."
In lieu of such latter, blanket provision, it is suggested that the rule provide, as stated, for inquiry of the defendant and determination by the court as to the defendant's desire for and inability to obtain counsel, after being advised of entitlement thereto. Many defendants, of course, will waive counsel.
In view of Harvey v. Mississippi, 340 F.2d 263 (5th Cir.1965), and White v. Maryland, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193 (1963), holding that entitlement to counsel does not depend upon whether the offense charged is a felony or misdemeanor, it is suggested that the word "crime" be used instead of "felony" only in the first sentence of the proposed rule.
In Hamilton v. Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114 (1961), involving breaking and entering with intent to commit rape, the Supreme Court held the defendant was entitled to counsel at the arraignment, if the arraignment be deemed a part of the trial, as apparently it is under Alabama law. In Ex parte Jeffcoat, 109 Fla. 207, 146 So. 827 (1933), the Supreme Court of Florida held the arraignment to be a mere formal preliminary step to an answer or plea. However, in Sardinia v. State, 168 So.2d 674 (Fla. 1964), the court recognized the accused's right to counsel upon arraignment. Section 909.21, Florida Statutes, provides for appointment of counsel in capital cases.
1972 Amendment. Substantially the same as prior Rrule. The Ccommittee considered changes recommended by The Florida Bar and incorporated the proposed change relating to written plea of not guilty and waiver of arraignment.
1992 Amendment. The amendment allows the judge to participate in the arraignment process by including the judge as one of the designated individuals who may advise the defendant of the pending charges. Apparently, the 1988 amendment to rule 3.160(a) inadvertently eliminated the judge from the arraignment procedure. In re Rule 3.160(a), Florida Rules of Criminal Procedure, 528 So.2d 1179, 1180 (Fla. 1988). The prior amendment did include the judge. The Florida Bar Re: Amendment to Rules  Criminal Procedure, 462 So.2d 386 (Fla. 1984). While the language of rule *260 3.160(a) as presently set out in the Florida Bar pamphlet, Florida Rules of Criminal Procedure, is identical to the language of this proposed amendment (that is, it includes the judge in the arraignment process), the West publications, Florida Criminal Laws and Rules (1991) and Florida Rules of Court (1991), nevertheless follow the language set out in 528 So.2d at 1180.
RULE 3.170. PLEAS
(a) Types of Plea; Court's Discretion. A defendant may plead not guilty, guilty, or, with the consent of the Ccourt, nolo contendere. Except as otherwise provided by these rules, all pleas to a charge shall be in open court and shall be entered by the defendant. If the sworn complaint charges the commission of a misdemeanor, the defendant may plead guilty to suchthe charge at histhe first appearance under Rrule 3.130, and the judge may thereupon enter judgment and sentence without the necessity of any further formal charges being filed. A plea of not guilty may be entered in writing by counsel. Every plea shall be entered of record;, but a failure to enter it shall not affect the validity of any proceeding in the cause.
(b) Pleading to Other Charges. Having entered a plea in accordance with this rule, the defendant may, with the court's permission, enter a plea of guilty or nolo contendere to any and all charges pending against him or her in the State of Florida over which the court would have jurisdiction and, when authorized by law, to charges pending in a court of lesser jurisdiction, if the prosecutor in the other case or cases gives his written consent thereto. The court accepting such a plea shall make a disposition of all such charges by judgment, sentence, or otherwise. The record of suchthe plea and its disposition shall be filed in the court of original jurisdiction of the offense. If a defendant secures permission to plead to other pending charges and does so plead, the entry of such a plea shall constitute a waiver by the defendant of venue and all nonjurisdictional defects relating to such charges.
(c) Standing Mute or Pleading Evasively. If a defendant stands mute, or pleads evasively, a plea of not guilty shall be entered.
(d) Failure of Corporation to Appear. If the defendant is a corporation and fails to appear, a plea of not guilty shall be entered of record.
(e) Plea of Not Guilty; Operation in Denial. A plea of not guilty is a denial of every material allegation in the indictment or information upon which the defendant is to be tried.
(f) Withdrawal of Plea of Guilty. The court may, in its discretion, and shall upon good cause, at any time before a sentence, permit a plea of guilty to be withdrawn and, if judgment of conviction has been entered thereofn, set aside suchthe judgment, and allow a plea of not guilty, or, with the consent of the prosecuting attorney, allow a plea of guilty of a lesser included offense, or of a lesser degree of the offense charged, to be substituted for the plea of guilty. The fact that a defendant may have entered a plea of guilty and later withdrawn saidthe plea, may not be used against himthe defendant in a trial of that cause.
(g) Plea of Guilty to Lesser Included Offense or Lesser Degree. The defendant, with the consent of the court and of the prosecuting attorney, may plead guilty to any lesser offense than that charged whichthat is included in the offense charged in the indictment or information or to any lesser degree of the offense charged.
(h) Plea of Guilty to an Offense Divided into Degrees; Determination of the Degree. When an indictment or information charges an offense that is divided into degrees without specifying the degree, if the defendant pleads guilty, generally the court shall, before accepting the plea, examine witnesses to determine the degree of the offense of which the defendant is guilty.
(i) Time and Circumstances of Plea. No defendant, whether represented by counsel or otherwise, shall be called upon to plead unless and until he or she has had *261 a reasonable time within which to deliberate thereon.
(j) Responsibility of Court on Pleas. No plea of guilty or nolo contendere shall be accepted by a court without the court first determining, in open court, with means of recording the proceedings stenographically or by mechanically means, that the circumstances surrounding the plea reflect a full understanding of the significance of the plea and its voluntariness, and that there is a factual basis for the plea of guilty. A complete record of the proceedings at which a defendant pleads shall be kept by the court.

Committee Notes
1968 Adoption. (a) Patterned after the major portion of Federal Rule of Criminal Procedure 11.
(b) Same as section 909.07, Florida Statutes, except the word "made" is substituted for "pleaded."
(c) Taken from a part of section 908.03, Florida Statutes.
(d) Taken from a part of section 908.03, Florida Statutes.
(e) Same as section 909.16, Florida Statutes, except that provision is added for trial by affidavit.
(f) Essentially the same as section 909.13, Florida Statutes.
(g) Essentially the same as section 909.09, Florida Statutes, except for the addition of the charge by affidavit.
(h) Same as section 909.11, Florida Statutes, except provision is made for a charge by affidavit.
1972 Amendment. This general topic is found in ABA Standard relating to pleas of guilty. The Standards are divided into three3 parts: receiving and acting upon a plea; withdrawal of the plea; and, plea discussions and plea agreements. The first and second parts are considered under this rule.
(a) Same as first part of existing rule; substance of second sentence of existing rule transferred to new subsectiondivision (j); new provision permits, with court approval, plea of not guilty to be made in writing.
(b) From ABA Standard 1.2; the purpose of this rule is to permit a defendant to plead guilty or nolo contendere to all cases pending against himthe defendant, thus avoiding multiple judicial and prosecutorial labors. New concept of permitting this procedure even though the other cases are pending in other counties is taken from Federal Rule of Criminal Procedure 20 which has successfully met the purpose explained above.
(c) Same as prior rule.
(d) Same as prior rule.
(e) Same as prior rule.
(f) Last sentence added from ABA Standard 2.2.
(g) Same as prior rule.
(h) Same as prior rule.
(i) This should be done in accordance with the cases of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, 395 U.S. 238 (1969), and Garcia v. State, Fla., 228 So.2d 300 (Fla. 1969). This should also include advising a defendant so pleading of the possibility of an action or charge against him or her as a multiple felon if the circumstances so warrant.
(j) From first sentence of present Rrule 3.170(a) with addition of requirement of determination of factual basis for a plea of guilty as provided by last sentence of Rule 11 of Ffederal Rrules of Criminal Procedure 11. While requiring the presence of a court reporter, the proposed rule does not require that the reporter transcribe and file a transcript of the proceedings on a plea of guilty or nolo contendere, although the committee considers that such a requirement by the trial judge is desirable.
1973 Amendment. The purpose of this amendment is to provide a method whereby a defendant may plead guilty to a misdemeanor at first appearance without the necessity of the state attorney subsequently filing an information.
*262 RULE 3.171. PLEA DISCUSSIONS AND AGREEMENTS
(a) In General. Ultimate responsibility for sentence determination rests with the trial judge. However, the prosecuting attorney, and the defense attorney, or the defendant, when representing himself or herself, are encouraged to discuss and to agree on pleas whichthat may be entered by a defendant. SuchThe discussion and agreement must be conducted with the defendant's counsel. If the defendant represents himself or herself, all such discussions between himthe defendant and the prosecuting attorney shall be of record.
(b) Responsibilities of the Prosecuting Attorney.
(1) A prosecuting attorney may:
(i)(A) Eengage in discussions with defense counsel or a defendant who is without counsel with a view toward reaching an agreement that, upon the defendant's entering a plea of guilty or nolo contendere to a charged offense or to a lesser or related offense, the prosecuting attorney will do any of the following:
(A)(i) Aabandon other charges; or
(B)(ii) Mmake a recommendation, or agree not to oppose the defendant's request for a particular sentence, with the understanding that such recommendation or request shall not be binding upon the trial judge; or
(C)(iii) Aagree to a specific sentence.; and
(ii)(B) Cconsult with the victim, investigating officer, or other interested persons and advise the trial judge of their views during the course of plea discussions.
(2) The prosecuting attorney shall:
(i)(A) Aapprise the trial judge of all material facts known to himthe attorney regarding the offense and the defendant's background prior to acceptance of a plea by the trial judge; and
(ii)(B) Mmaintain the record of direct discussions with a defendant who represents himself or herself, and make suchthe record available to the trial judge upon the entry of a plea arising from these discussions.
(c) Responsibilities of Defense Counsel.
(1) Defense counsel shall not conclude any plea agreement on behalf of a defendant-client without histhe client's full and complete consent thereto, being certain that any decision to plead guilty or nolo contendere is made by the defendant.
(2) Defense counsel shall advise defendant of:
(i)(A) Aall plea offers; and
(ii)(B) Aall pertinent matters bearing on the choice of which plea to enter and the particulars attendant upon each plea, and the likely results thereof, as well as any possible alternatives whichthat may be open to himthe defendant.
(d) Responsibilities of the Trial Judge. After an agreement on a plea has been reached, the trial judge may have made known to him or her the agreement and reasons therefor prior to the acceptance of the plea. Thereafter, hethe judge shall advise the parties of whether other factors (unknown at the time) may make his or her concurrence impossible.

Committee Notes
1972 RevisionAmendment. New in Florida. Most criminal cases are disposed of by pleas of guilty arrived at by negotiations between prosecutor and defense counsel;, but, there was no record of the "plea negotiations," "plea bargaining," or "compromise." The result has been a flood of postconviction claims which require evidentiary hearings and frequently conflicting testimony concerning the plea negotiations. There has also been criticism of the practice of requiring a defendant, upon a negotiated guilty plea, to give a negative reply to the court's inquiry concerning any "promise" made to himthe defendant. This is designed to avoid the foregoing pitfalls and criticisms by having the negotiations made of record and permitting some control of them. See Commentary to Standard 3.1 ABA Standards relating to Ppleas of Gguilty.
(a) From Standard 3.1a.
(b) From Standard 3.2.
(c) From Standard 3.3 except for omission of that part of standard which prohibits *263 trial judge from participating in plea discussions.
(d) From Standard 3.4.
1977 Amendment. This is a rewording of the prior rule in order to set out the responsibilities of the participants. The rule recognizes the ultimate responsibility of the trial judge, but it encourages prosecution and defense counsel to assist the trial judge in this regard. WhereWhen the circumstances of the case so merit, it is the responsibility of each respective party to discuss a fair disposition in lieu of trial. For protection of the prosecutor and the defendant, plea discussions between the state and a pro se defendant should be recorded, in writing or electronically.
(b) New in Florida.
(1)(i) Restatement of policy followed by extensive revision in the form of Federal Rule of Criminal Procedure 11(e)(1), Federal Rule.
(1)(ii) The rule sets out discretionary minimum professional prosecutorial procedure where either victim or law enforcement officers are involved better to better guide the trial judge.
(2)(i) Mandatory responsibility of prosecutor contemplates disposition with no presentencepresentence investigation.
(2)(ii) Mandatory record protects both the prosecutor and the pro se defendant.
(c)(1) Renumbering paragraphsubdivision (b) of prior rule.
(2)(i) New in Florida. This proposed language makes it mandatory for defense counsel to advise fully defendant of all plea offers by the state. Defense counsel should also discuss and explain to the defendant those matters which trial judge will inquire about before accepting a plea.
(2)(ii) Same as prior Rrule 3.171(b), paragraph 2.
(d) Now embraces and renumbers former Rrule 3.171(c). The content of former Rrule 3.171(d) now appears as part of new Rrule 3.172.
RULE 3.172. ACCEPTANCE OF GUILTY OR NOLO CONTENDERE PLEA
(a) Voluntariness; Factual Basis. Before accepting a plea of guilty or nolo contendere, the trial judge shall satisfy himselfbe satisfied that the plea is voluntarily entered and that there is a factual basis for it. Counsel for the prosecution and the defense shall assist the trial judge in this function.
(b) Open Court. All pleas shall be taken in open court, except that wherewhen good cause is shown a plea may be taken in camera.
(c) Determination of Voluntariness. Except wherewhen a defendant is not present for a plea, pursuant to the provisions of Rrule 3.180(c), the trial judge should, when determining voluntariness, place the defendant under oath and shall address the defendant personally and shall determine that he or she understands the following:
(i)(1) Tthe nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law; and
(ii)(2) Iif the defendant is not represented by an attorney, that hethe defendant has the right to be represented by an attorney at every stage of the proceeding against him or her and, if necessary, one will be appointed to represent him or her; and
(iii)(3) Tthat hethe defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that hethe defendant has the right to be tried by a jury and at that trial has the right to the assistance of counsel, the right to compel attendance of witnesses on his or her behalf, the right to confront and cross-examine witnesses against him or her, and the right not to be compelled to incriminate himself. or herself;
(iv)(4) Tthat if hethe defendant pleads guilty, or nolo contendere without express reservation of the right to appeal, he or she gives up histhe right to appeal all matters relating to the judgment, including the issue of guilt or innocence, but he does not *264 impair histhe right to review by appropriate collateral attack.;
(v)(5) Tthat if hethe defendant pleads guilty or is adjudged guilty after a plea of nolo contendere there will not be a further trial of any kind, so that by pleading guilty or nolo contendere he or she waives the right to a trial; and
(vi)(6) Tthat if hethe defendant pleads guilty or nolo contendere, the trial judge may ask himthe defendant questions about the offense to which he or she has pleaded, and if hethe defendant answers these questions under oath, on the record, and in the presence of counsel, histhe answers may later be used against him or her in a prosecution for perjury; and
(vii)(7) Tthe complete terms of any plea agreement, including specifically all obligations the defendant will incur as a result.; and
(viii)(8) Tthat if he or she pleads guilty or nolo contendere the trial judge must inform him or her that, if he or she is not a United States citizen, the plea may subject him or her to deportation pursuant to the laws and regulations governing the United States Naturalization and Immigration and Naturalization Service. It shall not be necessary for the trial judge to inquire as to whether the defendant is a United States citizen, as this admonition shall be given to all defendants in all cases.
(d) Acknowledgment by Defendant. Before the trial judge accepts a guilty or nolo contendere plea, hethe judge must determine that the defendant either (1) acknowledges his or her guilt, or (2) acknowledges that he or she feels the plea to be in his or her best interest, while maintaining his or her innocence.
(e) Proceedings of Record. The proceedings at which a defendant pleads guilty or nolo contendere shall be of record.
(f) Withdrawal of Plea Offer or Negotiation. No plea offer or negotiation is binding until it is accepted by the trial judge formally after making all the inquiries, advisements, and determinations required by this Rrule. Until that time, it may be withdrawn by either party without any necessary justification.
(g) Withdrawal of Plea When Judge Does Not Concur. ShouldIf the trial judge does not concur in a tendered plea of guilty or nolo contendere arising from negotiations, the plea may be withdrawn.
(h) Evidence. Except as otherwise provided in this Rrule, evidence of an offer or a plea of guilty or nolo contendere, later withdrawn, or of statements made in connection therewith, is not admissible in any civil or criminal proceeding against the person who made the plea or offer.
(i) Prejudice. Failure to follow any of the procedures in this Rrule shall not render a plea void absent a showing of prejudice.

Committee Notes
1977 Adoption. New in Florida. In view of the Ssupreme Ccourt's emphasis on the importance of this procedure as set forth in Williams v. State, 316 So.2d 267 (Fla. 1975), the Ccommittee felt it appropriate to expand the language of former Rrule 3.170(j) (deleted) and establish a separate rule. Incorporates Federal Rule of Criminal Procedure 11(c), and allows for pleas of convenience as provided in North Carolina v. Alford, 91 S.Ct. 160, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).
(a), (b) Mandatory record of voluntariness and factual predicate is proper responsibility of counsel as well as the court.
(c)(iv) This waiver of right to appeal is a change from the proposed amendments to the Rrules of Ccriminal Pprocedure now pending. A sentence if lawful is not subject to appellate review; a judgment, however, is. The Ccommittee was of the opinion that the proposed rule should be expanded to include a waiver of appeal from the judgment as well as the sentence. Waivers of appeal have been approved,. State v. Gibson, 68 N.J. 499, 348 A.2d 769 (1975); United States Eex Rrel. Amuso v. LaValle, 291 F. Supp. 383 (E.D.N.Y. 1968), aff'd 427 F.2d 328 (2d Cir. 1970); State v. Gibson, 68 N.J. 499, 348 A.2d 769 (1975); People v. Williams, 36 N.Y.2d 829, 370 *265 N.Y.S.2d 904, 331 N.E.2d 684 (N.Y.Ct.App. 1975).
(vii) Requires the court to explain the plea agreement to the defendant, including conditions subsequent such as conditions of probation.
(e) Provides a readily available record (either oral or by use of standard forms) in all cases where a felony is charged.
(h) Rewording of federal Rrule 11 (3e)(6) of the Federal Rules of Criminal Procedure.
RULE 3.180. PRESENCE OF DEFENDANT
(a) Presence of Defendant. In all prosecutions for crime the defendant shall be present:
(1) Aat first appearance;
(2) Wwhen a plea is made, unless a written plea of not guilty shall be made in writing under the provisions of Rrule 3.170(a);
(3) Aat any pre-trialpretrial conference;, unless waived by the Ddefendant in writing;
(4) Aat the beginning of the trial during the examination, challenging, impanelling, and swearing of the jury;
(5) Aat all proceedings before the court when the jury is present;
(6) Wwhen evidence is addressed to the court out of the presence of the jury for the purpose of laying the foundation for the introduction of evidence before the jury;
(7) Aat any view by the jury;
(8) Aat the rendition of the verdict; and
(9) Aat the pronouncement of judgment and the imposition of sentence.
(b) Defendant Absenting HimsSelf. If the defendant is present at the beginning of the trial and shall thereafter, during the progress of saidthe trial or before the verdict of the jury shall havehas been returned into court, voluntarily absents himself or herself from the presence of the court without leave of court, or is removed from the presence of the court because of his or her disruptive conduct during the trial, the trial of the cause or the return of the verdict of the jury in the case shall not thereby be postponed or delayed, but the trial, the submission of saidthe case to the jury for verdict, and the return of the verdict thereon shall proceed in all respects as though the defendant were present in court at all times.
(c) Defendant May Be Tried in Absentia for Misdemeanors. Persons prosecuted for misdemeanors may, at their own request, by leave of court, be excused from attendance at any or all of the proceedings aforesaid.
(d) Presence of Corporation. A corporation may appear by counsel at all times and for all purposes.

Committee Notes
1968 Adoption. (a) The suggested rule is in great part a recopying of section 914.01, Florida Statutes:
In (3) the words "at the beginning of the trial" are recommended for inclusion to avoid questions arising as to the necessity for the defendant's presence at times other than upon trial, such as when the jury venire is ordered, etc.
Subdivision (a)(8) is not in the present statute. However, it is deemed advisable to include it, as the several sections of chapter 921, Florida Statutes, particularly section 921.07, appear to impliedly or expressly require the defendant's presence at such times.
(b) The statute and the suggested rule make no distinction between capital and other cases. In all probability, however, were a person on trial for a capital case to escape during trial, a mistrial should be ordered if such person were not captured within a reasonable time.
(c) It is suggested that this language be used rather than the all-inclusive general language of the present statute as to misdemeanor cases.
(d) This provision does not appear in section 914.01, Florida Statutes, but it is a part of Federal Rule of Criminal Procedure 43. It is deemed useful to include it.
*266 1972 Amendment. Same as prior Rrule except (3) added to conform to Rrule 3.220(k); other sections subdivisions renumbered.

V. PRE-TRIALPRETRIAL MOTIONS AND DEFENSES
RULE 3.190. PRE-TRIALPRETRIAL MOTIONS
(a) Pre-Trial Motions iIn General. Every pre-trialpretrial motion and pleading in response to a motion shall be in writing and signed by the party making the motion or the attorney for the party. This requirement may be waived by the court for good cause shown. Each such motion or other pleading shall state the ground or grounds on which it is based. A copy shall be served on the adverse party's attorney before the time the original is filed. A certificate of service must accompany the filing of any such pleading.
(b) Motion to Dismiss.; Grounds. All defenses available to a defendant by plea, other than not guilty, shall be made only by motion to dismiss the indictment or information, whether the same shall relate to matters of form, substance, former acquittal, former jeopardy, or any other defense.
(c) Time for Moving to Dismiss. Unless the court grants him further time, the defendant shall move to dismiss the indictment or information either before or upon arraignment. The court in its discretion may permit the defendant to plead and thereafter to file a motion to dismiss at a time to be set by the court. Except for objections based upon fundamental grounds, every ground for a motion to dismiss whichthat is not presented by a motion to dismiss within the time hereinabove provided for shall be taken to have been waived. However, the court may at any time entertain a motion to dismiss on any of the following grounds:
(1) The defendant is charged with an offense for which hethe defendant has been pardoned; or.
(2) The defendant is charged with an offense of which hethe defendant has previously been placed in jeopardy; or.
(3) The defendant is charged with an offense for which hethe defendant has previously been granted immunity; or.
(4) There are no material disputed facts and the undisputed facts do not establish a prima facie case of guilt against the defendant.
The facts on which such motion is based should be specifically alleged and the motion sworn to.
(d) Traverse or Demurrer. The Sstate may traverse or demur to a motion to dismiss whichthat alleges factual matters. Factual matters alleged in a motion to dismiss shall be deemed admitted unless specifically denied by the Sstate in suchthe traverse. The court may receive evidence on any issue of fact necessary to the decision on the motion. A motion to dismiss under paragraphsubdivision (c)(4) of this rule shall be denied if the Sstate files a traverse whichthat with specificity denies under oath the material fact or facts alleged in the motion to dismiss. SuchThe demurrer or traverse shall be filed a reasonable time before the hearing on the motion to dismiss.
(e) Effect of Sustaining a Motion to Dismiss. If the motion to dismiss is sustained, the court may order that the defendant be held in custody or admitted to bail for a reasonable specified time pending the filing of a new indictment or information. If a new indictment or information is not filed within the time specified in the order, or within such additional time as the court may allow for good cause shown, the defendant, if in custody, shall be discharged therefrom, unless some other charge justifies a continuation in custody. If hethe defendant has been released on bail, hethe defendant and histhe sureties shall be exonerated; if money or bonds have been deposited as bail, such money or bonds shall be refunded.
(f) Order Dismissing. For the purpose of construing Ssection 924.07(1), Florida Statutes (1969), the statutory term "order *267 quashing" shall be taken and held to mean "order dismissing."
(g) Motion for Continuance.
(1) Definition. A continuance within the meaning of this rule is the postponement of a cause for any period of time.
(2) Cause. The court on motion of the Sstate or a defendant or upon its own motion may in its discretion for good cause shown grant a continuance.
(3) Time for Filing. A motion for continuance may be made only before or at the time the case is set for trial, unless good cause for failure to so apply is shown or unless the ground for the motion arose after the cause was set for trial.
(4) Certificate of Good Faith. A motion for continuance shall be accompanied by a certificate of the movant's counsel that the motion is made in good faith.
(5) Affidavits. The party applying for a continuance may file affidavits in support of histhe motion, and the adverse party may file counter-affidavits in opposition to the motion.
(h) Motion to Suppress Evidence in Unlawful Search.
(1) Grounds. A defendant aggrieved by an unlawful search and seizure may move to suppress anything so obtained for use as evidence because:
1.(A) Tthe property was illegally seized without a warrant, or;
2.(B) Tthe warrant is insufficient on its face, or;
3.(C) Tthe property seized is not that described in the warrant, or;
4.(D) Tthere was no probable cause for believing the existence of the grounds on which the warrant was issued,; or
5.(E) Tthe warrant was illegally executed.
(2) Contents of Motion. Every motion to suppress evidence shall clearly state the particular evidence sought to be suppressed, the reasons for suppression, and a general statement of the facts on which the motion is based.
(3) Hearing. Before hearing evidence, the court shall determine if the motion is legally sufficient. If it is not, the motion shall be denied. If the court hears the motion on its merits, the defendant shall present evidence supporting histhe defendant's position, and the Sstate may offer rebuttal evidence.
(4) Time for Filing. The motion to suppress shall be made before trial unless opportunity therefor did not exist or the defendant was not aware of the grounds for the motion, but the court may entertain the motion or an appropriate objection at the trial.
(i) Motion to Suppress a Confession or Admissions Illegally Obtained.
(1) Grounds. UponOn motion of the defendant or upon its own motion, the court shall suppress any confession or admission obtained illegally from the defendant.
(2) Time for Filing. The motion to suppress shall be made prior to trial unless opportunity therefor did not exist or the defendant was not aware of the grounds for the motion, but the court in its discretion may entertain the motion or an appropriate objection at the trial.
(3) Hearing. The court shall receive evidence on any issue of fact necessary to be decided in order to rule on the motion.
(j) Motion to Take Deposition to Perpetuate Testimony.
(1) After an indictment or information upon which a defendant is to be tried is filed, the defendant or the Sstate may apply for an order to perpetuate testimony. The application shall be verified or supported by the affidavits of credible persons that a prospective witness resides beyond the territorial jurisdiction of the court or may be unable to attend or be prevented from attending a trial or hearing, that histhe witness's testimony is material, and that it is necessary to take histhe deposition to prevent a failure of justice. The court shall order a commission to be issued to take the deposition of the witnesses to be used in the trial and that any designated books, papers, documents, or tangible objects, not privileged, be produced at the *268 same time and place. If the application is made within ten10 days before the trial date, the court may deny the application.
(2) If the defendant or the Sstate desires to perpetuate the testimony of a witness living in or out of the Sstate whose testimony is material and necessary to the case, the same proceedings shall be followed as provided in the preceding subdivision, but the testimony of the witness may be taken before an official court reporter, transcribed by himthe reporter, and filed in the trial court.
(3) If the deposition is taken on the application of the Sstate, the defendant and histhe defendant's attorney shall be given reasonable notice of the time and place set for the deposition. The officer having custody of the defendant shall be notified of the time and place and shall produce the defendant at the examination and keep himthe defendant in the presence of the witness during the examination. A defendant not in custody may be present at the examination, but histhe failure to appear after notice and tender of expenses shall constitute a waiver of the right to be present. The Sstate shall pay to the defendant's attorney and to a defendant not in custody the expenses of travel and subsistence for attendance at the examination. The Sstate shall make available to the defendant for his examination and use at the deposition any statement of the witness being deposed that is in the possession of the Sstate and that the Sstate would be required to make available to the defendant if the witness were testifying at trial.
(4) The application and order to issue the commission may be made either in term time or in vacation. The commission shall be issued at a time to be fixed by the court.
(5) Except as otherwise provided, the rules governing the taking and filing of oral depositions, the objections thereto, the issuing, execution, and return of the commission, and the opening of the depositions in civil actions shall apply in criminal cases.
(6) No deposition shall be used or read into the evidence when the attendance of the witnesses can be procured. If it shall appear to the court determines that any person whose deposition has been taken has absented himself byis absent because of procurement, inducement, or threats of any person on behalf of the Sstate or of the defendant or of any person on histhe defendant's behalf, the depositions shall not be read in evidence on behalf of the defendant.

Committee Notes
1968 Adoption. (a) New; devised by committee.
(b) Substantially the same as section 909.02, Florida Statutes, except changes name of "motion to quash" to "motion to dismiss." This conforms to the terminology of the Federal Rules of Criminal Procedure. The statute authorizing the state to appeal from certain orders, section 924.07, Florida Statutes, should be amended by substituting the words "motion to dismiss" for "motion to quash."
(c) Combines the substance of sections 909.01 and 909.06, Florida Statutes. Subdivision (4) affords a new remedy to an accused. Although there is now a conclusive presumption of probable cause once an indictment or information is filed (see Sullivan v. State, 49 So.2d 794 (Fla. 1951)), it is felt that this rule is necessary. Primarily, this procedure will permit a pretrial determination of the law of the case when the facts are not in dispute. In a sense, this is somewhat similar to summary judgment proceedings in civil cases, but a dismissal under this rule is not a bar to a subsequent prosecution.
(d) New; based on Marks v. State, 115 Fla. 497, 155 So. 727 (1934), and what is generally regarded as the better practice. Hearing provision based on federal rule 41(e).
(e) Combines federal rule 12(b)(5) and section 909.05, Florida Statutes. With reference to the maximum time that a defendant will be held in custody or on bail pending the filing of a new indictment or information, the trial court is given discretion in setting such time as to both the indictment and information. This proposal differs from section 909.05, Florida Statutes, with reference to the filing of a new *269 indictment in that the statute requires that the new indictment be found by the same grand jury or the next grand jury having the authority to inquire into the offense. If the supreme court has the authority to deviate from this statutory provision by court rule, it seems that the trial court should be granted the same discretion with reference to the indictment that it is granted concerning the information. The statute is harsh in that under its provisions a person can be in custody or on bail for what may be an unreasonable length of time before a grand jury is required to return an indictment in order that the custody or bail be continued.
(g)(1) This subdivision is almost the same as section 916.02(1), Florida Statutes.
(g)(2) This subdivision is almost the same as section 916.02(2), Florida Statutes.
(g)(3) This subdivision is almost the same as section 916.03, Florida Statutes.
(g)(4) This subdivision rewords a portion of section 916.04, Florida Statutes.
(g)(5) This subdivision rewords section 916.07, Florida Statutes.
(h) Same as federal rule 41(e) as to the points covered.
(i) This rule is based on 38-144-11 of the Illinois Code of Criminal Procedure and federal rule 41(e).
(j) This subdivision rewords and adds to federal rule 14. It covers the subject matter of section 918.02, Florida Statutes.
(k) This rule is almost the same as federal rule 13, with provision added for trial by affidavit.
(l) Substantially same as section 916.06, Florida Statutes, with these exceptions: application cannot be made until indictment, information, or trial affidavit is filed; application must be made at least 10 days before trial; oral deposition in addition to written interrogatories is permissible.
1972 Revision Amendment. Subdivision (h) is amended to require the defendant to specify the factual basis behind the grounds for a motion to suppress evidence. Subdivision (1l) is amended to permit the Sstate to take depositions under the same conditions that the defendant can take them. Former sectionssubdivisions (j) and (k) transferred to Rrules 3.150, 3.151, and 3.152. SectionsSubdivisions (l) and (m) renumbered (j) and (k) respectively. Otherwise, same as prior rule.
1977 Amendment. This amendment resolves any ambiguity in the rule as to whether the Sstate must file a general or a specific traverse to defeat a motion to dismiss filed under the authority of Rrule 3.190(c)(4).
See State v. Kemp, 305 So.2d 833 (Fla. 3d DCA 1974).
The amendment clearly now requires a specific traverse to specific material fact or facts.
1992 Amendment. The amendments, in addition to gender neutralizing the wording of the rule, make a minor grammatical change by substituting the word "upon" for "on" in several places. The amendments also delete language from subdivision (a) to eliminate from the rule any reference as to when pretrial motions are to be served on the adverse party. Because rule 3.030 addresses the service of pleadings and papers, such language was removed to avoid confusion and reduce redundancy in the rules.
RULE 3.191. SPEEDY TRIAL
(a)(1) Speedy Trial Wwithout Demand. Except as otherwise provided by this Rrule, and subject to the limitations imposed under (b)(1) and (b)(2)subdivisions (e) and (f), every person charged with a crime by indictment or information shall be brought to trial within 90 days if the crime charged beis a misdemeanor, or within 175 days if the crime charged is a felony. If trial is not commenced within these time periods, the defendant shall be entitled to the appropriate remedy as set forth in sectionsubdivision (i)(p) below. The time periods established by this sectionsubdivision shall commence when suchthe person is taken into custody as defined under sectionsubdivision (a)(4)(d). A person charged with a crime is entitled to the benefits of this rule whether suchthe person is in custody in a jail or correctional institution of this Sstate or a *270 political subdivision thereof or is at liberty on bail or recognizance or other pretrial release condition. This sectionsubdivision shall cease to apply whenever a person files a valid demand for speedy trial under (a)(2)subdivision (b).
(2)(b) Speedy Trial Uupon Demand. Except as otherwise provided by this Rrule and subject to the limitations imposed under (b)(1)subdivisions (e) and (c)(g), every person charged with a crime by indictment or information shall have the right to demand a trial within 60 days, by filing with the court having jurisdiction and serving upon the state attorney a Ddemand for Sspeedy Ttrial.
(1) No later than 5 days from the filing of a Ddemand for Sspeedy Ttrial, the court shall hold a calendar call, with notice to all parties, for the express purposes of announcing, in open court, receipt of the Ddemand and of setting the case for trial.
(2) At the calendar call the court shall set the case for trial to commence at a date no less than 5 days nor more than 45 days from the date of the calendar call.
(3) The failure of the court to hold such a calendar call on a Ddemand whichthat has been properly filed and served shall not interrupt the running of any time periods under this sectionsubdivision.
(4) In the event thatIf the defendant shallhas not have been brought to trial within 50 days of the filing of the Ddemand, the defendant shall have the right to the appropriate remedy as set forth in section (i) belowsubdivision (p).
(3)(c) Commencement of Trial. A person shall be deemed to have been brought to trial if the trial commences within the time herein provided. The trial is deemed to have commenced when the trial jury panel for that specific trial is sworn for voir dire examination, or, upon waiver of a jury trial, when the trial proceedings begin before the judge.
(4)(d) Custody. For purposes of this Rrule, a person is taken into custody, (i) (1) when the person is arrested as a result of the conduct or criminal episode whichthat gave rise to the crime charged, or (ii)(2) when the person is served with a notice to appear in lieu of physical arrest.
(b)(1)(e) Prisoners Ooutside Jurisdiction. A person who is in federal custody or incarcerated in a jail or correctional institution outside the jurisdiction of this Sstate or a subdivision thereof, and who is charged with a crime by indictment or information issued or filed under the laws of this Sstate, is not entitled to the benefit of this Rrule until that person returns or is returned to the jurisdiction of the court within which the Florida charge is pending and until written notice of this fact is filed with the court and served upon the prosecutor. For such persons, the time period under (a)(1) commences on the date the last act required under this sectionsubdivision occurs. For such persons the time period under (a)(2)(b) commences when the demand is filed so long as the acts required under this sectionsubdivision occur prior to the filing of the demand. If the acts required under this sectionsubdivision do not precede the filing of the demand, then the demand is invalid and shall be stricken upon motion of the prosecuting attorney. Nothing hereinabove stated shall affect a prisoner's right to speedy trial under sections 941.45-941.50, Florida Statutes (1979).
(2)(f) Consolidation of Felony and Misdemeanor. WhereWhen a felony and misdemeanor are consolidated for disposition in circuit court, the misdemeanor shall be governed by the same time period applicable to the felony.
(c)(g) Demand for Speedy Trial; Accused iIs Bound. A demand for speedy trial binds the accused and the Sstate. No demand for speedy trial shall be filed or served unless the accused has a bona fide desire to obtain a trial sooner than otherwise might be provided. A demand for speedy trial shall be deemed a pleading bythat the accused that he is available for trial, has diligently investigated histhe case, and that he is prepared or will be prepared for trial within 5 days. A demand filed by an accused who has not diligently investigated histhe case or who is not timely prepared for trial shall be stricken *271 as invalid upon motion of the prosecuting attorney. A demand may not be withdrawn by the accused, except on order of the court, with consent of the Sstate or on good cause shown. Good cause for continuances or delay on behalf of the accused shall not thereafter include nonreadiness for trial, except as to matters whichthat may arise after the demand for trial is filed and whichthat could not reasonably have been anticipated by the accused or his or her counsel. A person who has demanded speedy trial, who thereafter is not prepared for trial, is not entitled to continuance or delay except as provided in this Rrule.
(d)(1)(h) Motion for Discharge; Notice of Expiration of Time for Speedy Trial; When Timely. A motion for dischargenotice of expiration of speedy trial time shall be timely if filed and served on or after the expiration of the periods of time for trial provided for herein; however, a motion for dischargenotice of expiration of speedy trial time filed before expiration of the period of time for trial is invalid and shall be stricken upon motion of the prosecuting attorney.
(2)(i) When Time May Be Extended. The periods of time established by this Rrule may be extended provided the period of time sought to be extended has not expired at the time the extension was procured. Such an extension may be procured:
(i)(1) upon stipulation, announced to the court or signed in proper person or by counsel, by the party against whom the stipulation is sought to be enforced, or;
(ii)(2) by written or recorded order of the court on the court's own motion or motion by either party in exceptional circumstances as hereafter defined in sectionsubdivision (f), or;
(iii)(3) by written or recorded order of the court with good cause shown by the accused,; or
(iv)(4) by written or recorded order of the court for a period of reasonable and necessary delay resulting from proceedings including but not limited to an examination and hearing to determine the mental competency or physical ability of the defendant to stand trial, for hearings on pre-trialpre-trial motions, for appeals by the Sstate, and for trial of other pending criminal charges against the accused.
(3)(j) Delay and Continuances; Effect on Motion. If trial of the accused does not commence within the periods of time established by this Rrule, a pending motion for discharge shall be granted by the court unless it is shown that:
(i)(1) a time extension has been ordered under (d)(2)(i) and that extension has not expired, or;
(ii)(2) the failure to hold trial is attributable to the accused, a co-defendantcodefendant in the same trial, or their counsel, or;
(iii)(3) the accused was unavailable for trial under section (e)subdivision (k),; or
(iv)(4) the demand referred to in section (c)subdivision (g) is invalid.
If the court finds that discharge is not appropriate for reasons under (d)(3)(ii)(2), (iii)(3), or (iv)(4), the pending motion for discharge shall be denied, provided, however, that trial shall be scheduled and commence within 90 days of a written or recorded order of denial.
(e)(k) Availability for Trial. A person is unavailable for trial if (1) the person or histhe person's counsel fails to attend a proceeding where theireither's presence is required by these Rrules, or (2) the person or his counsel is not ready for trial on the date trial is scheduled. A person who has not been available for trial during the term provided for herein is not entitled to be discharged. No presumption of non-availabilitynonavailability attaches, but if the Sstate objects to discharge and presents any evidence tending to show non-availabilitynonavailability, the accused then must by competent proof establish availability during the term.
(f)(l) Exceptional Circumstances. As permitted by (d)(2)subdivision (i) of this Rrule, the court may order an extension of the time periods provided under this Rrule wherewhen exceptional circumstances are shown to exist. Exceptional circumstances *272 shall not include general congestion of the court's docket, lack of diligent preparation, or failure to obtain available witnesses, or other avoidable or foreseeable delays. Exceptional circumstances are those which that as a matter of substantial justice to the accused or the Sstate or both require an order by the court:. Such circumstances include:
(1) unexpected illness, or unexpected incapacity, or unforeseeable and unavoidable absence of a person whose presence or testimony is uniquely necessary for a full and adequate trial;
(2) a showing by the Sstate that the case is so unusual and so complex, due to the number of defendants or the nature of the prosecution or otherwise, that it is unreasonable to expect adequate investigation or preparation within the periods of time established by this Rrule;
(3) a showing by the Sstate that specific evidence or testimony is not available despite diligent efforts to secure it, but will become available at a later time;
(4) a showing by the accused or the Sstate of necessity for delay grounded on developments whichthat could not have been anticipated and whichthat will materially affect the trial;
(5) a showing that a delay is necessary to accommodate a co-defendantcodefendant, wherewhen there is reason not to sever the cases in order to proceed promptly with trial of the defendant; and
(6) a showing by the Sstate that the accused has caused major delay or disruption of preparation of proceedings, as by preventing the attendance of witnesses or otherwise.
(g)(m) Effect of Mistrial; Appeal; Order of New Trial. A person who is to be tried again or whose trial has been delayed by an appeal by the Sstate or the defendant shall be brought to trial within 90 days from the date of declaration of a mistrial by the trial court, the date of an order by the trial court granting a new trial, the date of an order by the trial court granting a motion in arrest of judgment, or the date of receipt by the trial court of a mandate, order, or notice of whatever form from an appellate or other reviewing court which that makes possible a new trial for the defendant, whichever is last in time. If a defendant is not brought to trial within the prescribed time periods, the defendant shall be entitled to the appropriate remedy as set forth in section (i) belowsubdivision (p).
(h)(1)(n) Discharge Ffrom Crime; Effect. Discharge from a crime under this Rrule shall operate to bar prosecution of the crime charged and of all other crimes upon which trial has not commenced nor conviction obtained nor adjudication withheld and whichthat were or might have been charged as a result of the same conduct or criminal episode as a lesser degree or lesser included offense.
(h)(2)(o) Nolle Prosequi; Effect. The intent and effect of this Rrule shall not be avoided by the Sstate by entering a nolle prosequi to a crime charged and by prosecuting a new crime grounded on the same conduct or criminal episode, or otherwise by prosecuting new and different charges based on the same conduct or criminal episode whether or not the pending charge is suspended, continued, or is the subject of entry of a nolle prosequi.
(i)(p) Remedy for Failure to Try Defendant Wwithin the Specified Time.
(1) No remedy shall be granted to any defendant under this Rrule until the court shall havehas made the required inquiry under section (d)(3)subdivision (j).
(2) The defendant may, at any time after the expiration of the prescribed time period, file a motion for dischargenotice of expiration of speedy trial time.
(3) No later than 5 days from the date of the filing of a motion for dischargenotice of expiration of speedy trial time, the court shall hold a hearing on the motionnotice and, unless the court finds that one of the reasons set forth in section (d)(3)subdivision (j) exists, shall order that the defendant be brought to trial within 10 days. If theA defendant is not brought to trial within the 10-day period through no fault of the defendant, on motion of the defendant *273 or the court, the defendant shall be forever discharged from the crime.

Committee Notes
1972 RevisionAmendment. Same as prior rule. The schedule is omitted as being unnecessary.
1977 Amendment. An appeal by the Sstate from an order dismissing the case constitutes an interlocutory appeal, and should be treated as such. The additional phrase removes any ambiguities in the existing rule.
1980 Amendment.
(a)(1). Speedy Trial Wwithout Demand.
1. Prisoners in Florida institutions are now treated like any other defendant [formerly (b)(1)].
2. Federal prisoners and prisoners outside Florida may claim the benefit of this sectionsubdivision once special prerequisites are satisfied under (b)(1).
3. Before a court can discharge a defendant, the court must make complete inquiry to ensure that discharge is appropriate.
(a)(2). Speedy Trial Uupon Demand.
1. Trial cannot be scheduled within 5 days of the filing of the demand without the consent of both the Sstate and the defendant.
2. Before a court can discharge a defendant, the court must make complete inquiry to ensure that discharge is appropriate.
3. Prisoners in Florida are now treated like any other defendant [formerly (b)(2)].
4. Federal prisoners and prisoners outside Florida may claim the benefit of this sectionsubdivision once special prerequisites are satisfied under (b)(1).
(a)(3). Commencement of Trial.
1. Minor change in language to reflect case law.

(a)(4). Custody. [NEW]
1. Custody is defined in terms tantamount to arrest. This definition was formerly contained in (a)(1).
2. Where a notice to appear is served in lieu of arrest, custody results on the date the notice is served.
(b)(1). Prisoners Ooutside Jurisdiction. [NEW]
1. Prisoners outside the jurisdiction of Florida may claim benefit under (a)(1) and (a)(2) after the prisoner returns to the jurisdiction of the court where the charge is pending and after the prisoner files and serves a notice of this fact.
2. As an alternative, certain prisoners may claim the benefit of sections 941.45-941.50, Florida Statutes (1979).
3. Former (b)(1) is repealed.

(b)(2). [NEW]
1. Where a misdemeanor and felony are consolidated for purposes of trial in circuit court, the misdemeanor is governed by the same time period applicable to the felony. To claim benefit under this provision, the crimes must be consolidated before the normal time period applicable to misdemeanors has expired.
2. Former (b)(2) is repealed.
(b)(3). Repealed and superseded by (b)(1).
(c). Demand for Speedy Trial.
1. The sectionsubdivision recognizes that an invalid (spurious) demand must be stricken.
2. The sectionsubdivision now puts a 5-day limit upon the time when a defendant must be prepared.
(d)(1). Motion for Discharge.
1. Under the amended provision, a prematurely filed motion is invalid and may be stricken.
(d)(2). When Time May bBe Extended.
1. The terms "waiver," "tolling," or "suspension" have no meaning within the context of the sectionsubdivision as amended. The sectionsubdivision addresses extensions for a specified period of time.
2. Except for stipulations, all extensions require an order of the court.
3. The term "recorded order" refers to stenographic recording and not recording of a written order by the clerk.
*274 (d)(3). Delay and Continuances.
1. Even though the normal time limit has expired under (a)(1) or (a)(2), a trial court may not properly discharge a defendant without making a complete inquiry of possible reasons to deny discharge. If the court finds that the time period has been properly extended and the extension has not expired, hethe court must simply deny the motion. If the court finds that the delay is attributable to the accused, that the accused was unavailable for trial, or that the demand was invalid, the court must deny the motion and schedule trial within 90 days. If the court has before it a valid motion for discharge and none of the above circumstances are present, the court must grant the motion.

(e). Availability for Trial.
1. Availability for trial is now defined solely in terms of required attendance and readiness for trial.

(f). Exceptional Circumstances.
1. The two2 extension limit for unavailable evidence has been discarded.
2. The new trial date paragraph was eliminated because it simply was unnecessary.
(g). Effect of Mistrial; Appeal; Order of New Trial.
1. Makes uniform a 90-day period within which a defendant must be brought to trial after a Mmistrial, Oorder of Nnew Ttrial, or Aappeal by the Sstate or defendant.
(h)(1). Discharge from Crime.
1. No change.
(h)(2). Nolle Prosequi.
1. No change.
1984 Amendment.
(a)(1). Repeals the remedy of automatic discharge from the crime and refers instead to the new sectionsubdivision on remedies.
(a)(2). Establishes the calendar call for the Ddemand for Sspeedy Ttrial when filed. This provision, especially sought by prosecutors, brings the matter to the attention of both the court and the prosecution. The sectionsubdivision again repeals the automatic discharge for failure to meet the mandated time limit, referring to the new sectionsubdivision on remedies for the appropriate remedy.
(i). The intent of (i)(4) is to provide the state attorney with 15 days within which to bring a defendant to trial from the date of the filing of the motion for discharge. This time begins with the filing of the motion and continues regardless of whether the judge hears the motion.
This sectionsubdivision provides that, upon failure of the prosecution to meet the mandated time periods, the defendant shall file a motion for discharge, which will then be heard by the court within 5 days. The court sets trial of the defendant within 10 additional days. The total 15-day period was chosen carefully by the committee, the consensus being that the period was long enough that the system could, in fact, bring to trial a defendant not yet tried, but short enough that the pressure to try defendants within the prescribed time period would remain. In other words, it gives the system a chance to remedy a mistake; it does not permit the system to forget about the time constraints. It was felt that a period of 10 days was too short, giving the system insufficient time in which to bring a defendant to trial; the period of 30 days was too long, removing incentive to maintain strict docket control in order to remain within the prescribed time periods.
The committee further felt that it was not appropriate to extend the new remedy provisions to misdemeanors, but only to more serious offenses.
1992 Amendment. The purpose of the amendments is to gender neutralize the wording of the rule. In addition, the committee recommends the rule be amended to differentiate between 2 separate and distinct pleadings now referred to as "motion for discharge." The initial "motion for discharge" has been renamed "notice of expiration of speedy trial time."
RULE 3.200. NOTICE OF ALIBI
UpoOn the written demand of the prosecuting attorney, specifying as particularly *275 as is known to suchthe prosecuting attorney, the place, date, and time of the commission of the crime charged, a defendant in a criminal case who intends to offer evidence of an alibi in his defense shall, not less than ten10 days before trial or such other time as the court may direct, file and serve upon suchthe prosecuting attorney a notice in writing of hisan intention to claim suchan alibi, which notice shall contain specific information as to the place at which the defendant claims to have been at the time of the alleged offense and, as particularly as is known to the defendant or histhe defendant's attorney, the names and addresses of the witnesses by whom hethe defendant proposes to establish suchthe alibi. Not more than five5 days after receipt of defendant's witness list, or suchany other times as the court may direct, the prosecuting attorney shall file and serve upon the defendant the names and addresses (as particularly as are known to the prosecuting attorney) of the witnesses the Sstate proposes to offer in rebuttal to discredit the defendant's alibi at the trial of the cause. Both the defendant and the prosecuting attorney shall be under a continuing duty to promptly disclose the names and addresses of additional witnesses which who come to the attention of either party subsequent to filing their respective witness lists as provided in this rule. If a defendant fails to file and serve a copy of suchthe notice as herein required, the court may exclude evidence offered by suchthe defendant for the purpose of providing an alibi, except the defendant's own testimony of the defendant himself. If suchthe notice is given by a defendant, the court may exclude the testimony of any witness offered by the defendant for the purpose of proving an alibi if the name and address of suchthe witness as particularly as is known to the defendant or histhe defendant's attorney is not stated in suchthe notice. If the prosecuting attorney fails to file and serve a copy on the defendant of a list of witnesses as herein provided, the court may exclude evidence offered by the Sstate in rebuttal to the defendant's alibi evidence. If such notice is given by the prosecuting attorney, the court may exclude the testimony of any witness offered by the prosecuting attorney for the purpose of rebutting the defense of alibi if the name and address of suchthe witness as particularly as is known to the prosecuting attorney is not stated in suchthe notice. For good cause shown the court may waive the requirements of this rule.

Committee Notes
1968 Adoption. The rule is completely new in Florida. Fourteen states have adopted notice of alibi statutes or rules: Arizona Supreme Court Rules of Criminal Procedure 192 (enacted in 1940); Ind.Ann. Stat. 9-1631, 9-1632, 9-1633 (1956) (enacted in 1935); Iowa Code Ann. 777 18 (1958) (enacted in 1941); Kan.Gen.Stat.Ann. 62-1341 (1949) (enacted in 1935); Mich. Stat. Ann. 630.14 (1947) (enacted in 1935); N.J. Superior and County Court Criminal Practice Rule 3:5-9 (1948) (enacted in 1934); N.Y. Code of Crim.Proc. 295-L (1935) (enacted in 1935); Ohio Rev. Code Ann. 2945.58 (1953) (enacted in 1929); Okla. Stat. Ann. 22-585 (1937) (enacted in 1935); S.D. Code 34.2801 (1939) (enacted in 1935); Utah Code Ann. 77-22-17 (1953) (enacted in 1935); Vt. Stat. Ann. 13-6561, 6562 (1958) (enacted in 1935); Wis. Stat. Ann. 955.07 (1958) (enacted in 1935).
The rule is modeled after the Ohio, New York, and New Jersey statutes:
(1) The requirement of notice in writing is taken from the Ohio statute.
(2) The requirement of an initial demand by the prosecuting attorney is based on the New York and New Jersey statutes.
(3) The requirement of a mutual exchange of witness lists is based on those statutes which require the defendant to disclose alibi witnesses. In the interest of mutuality, the requirement of a reciprocal exchange of witness lists has been added. The enforcement provision is based on the Ohio and New York statutes. In New York, a defendant who fails to give advance notice of alibi may still give alibi testimony himself. People v. Rakiec, 23 N.Y.S.2d 607, aff'd 45 N.E.2d 812 (1942).
*276 For an excellent article on notice of alibi statutes, court decisions thereunder, and some empirical data on the practical effect of the rules, see David M. Epstein, "Advance Notice of Alibi," 55 J.Crim. Law & Criminology 29 (1964).
1972 Amendment. Same as prior rule.
1992 Amendment. The purpose of the amendments is to gender neutralize the wording of the rule.
RULE 3.210. INCOMPETENCE TO PROCEED: PROCEDURE FOR RAISING THE ISSUE
(a) Proceedings Barred during Incompetency. A person accused of an offense or a violation of probation or community control who is mentally incompetent to proceed at any material stage of a criminal proceeding shall not be proceeded against while he is incompetent.
(1) A "material stage of a criminal proceeding" shall include the trial of the case, pre-trialpretrial hearings involving questions of fact on which the defendant might be expected to testify, entry of a plea, violation of probation or violation of community control proceedings, sentencing, hearings on issues regarding a defendant's failure to comply with court orders or conditions, or other matters where the mental competence of the defendant is necessary for a just resolution of the issues being considered. The terms "competent,", "competence,", "incompetent,", and "incompetence,", as used in rules 3.210-3.219, shall refer to mental competence or incompetence to proceed at a material stage of a criminal proceeding.
(2) The incompetence of the defendant shall not preclude such judicial action, hearings on motions of the parties, discovery proceedings, or other procedures whichthat do not require the personal participation of the defendant.
(b) Motion for Examination. If, at any material stage of a criminal proceeding, the court of its own motion, or upon motion of counsel for the defendant or for the Sstate, has reasonable ground to believe that the defendant is not mentally competent to proceed, the court shall immediately enter its order setting a time for a hearing to determine the defendant's mental condition, which shall be held no later than 20 days after the date of the filing of the motion, and shall order the defendant to be examined by no more than three3, nor fewer than two2, experts prior to the date of saidthe hearing. Attorneys for the Sstate and the defendant may be present at the examination.
(1) A written motion for suchthe examination made by counsel for the defendant shall contain a certificate of counsel that the motion is made in good faith and on reasonable grounds to believe that the defendant is incompetent to proceed. To the extent that it does not invade the lawyer-client privilege, the motion shall contain a recital of the specific observations of and conversations with the defendant whichthat have formed the basis for suchthe motion.
(2) A written motion for suchthe examination made by counsel for the Sstate shall contain a certificate of counsel that the motion is made in good faith and on reasonable grounds to believe the defendant is incompetent to proceed, and shall include a recital of the specific facts whichthat have formed the basis for suchthe motion, including a recitation of the observations of and statements of the defendant whichthat have caused the Sstate to file suchthe motion.
(3) If the defendant has been released on bail or other release provision, the court may order the defendant to appear at a designated place for evaluation at a specific time as a condition of such release. If the court determines that the defendant will not submit to the evaluation provided for herein, or that the defendant is not likely to appear for the scheduled evaluation, the court may order the defendant taken into custody until the determination of histhe defendant's competency to proceed. A motion made for evaluation under this subsectionsubdivision shall not otherwise affect the defendant's right to release.
(4) The order appointing experts shall:
(i)(A) Iidentify the purpose or purposes of the evaluation, including the nature of *277 the material proceeding, and specify the area or areas of inquiry whichthat should be addressed by the evaluator;
(ii)(B) Sspecify the legal criteria to be applied; and
(iii)(C) Sspecify the date by which the report should be submitted and to whom the report should be submitted.

Committee Notes
1968 Adoption. (a) Same as section 917.01, Florida Statutes, except it was felt that court cannot by rule direct institution officials. Thus words, "he shall report this fact to the court which conducted the hearing. If the officer so reports" and concluding sentence, "No defendant committed by a court to an institution, by reason of the examination referred to in this paragraph, shall be released therefrom, without the consent of the court committing him," should be omitted from the rule but retained by statute.
(b) Same as section 909.17, Florida Statutes.
(c) Same as section 917.02, Florida Statutes.
1972 Amendment. Subdivision (a)(3) refers to Jackson v. Indiana, 406 U.S. 715, 730, 92 S.Ct. 1845, 32 L.Ed.2d 435 (1972); also, United States v. Curry, 410 F.2d 1372 (4th Cir.1969). Subdivision (d) is added to give the court authority to confine an insane person who is likely to cause harm to others even if the person is otherwise entitled to bail. The amendment does not apply unless the defendant contends that he or she is insane at the time of trial or at the time the offense was committed. The purpose of the amendment is to prevent admittedly insane persons from being at large when there is a likelihood they may injure themselves or others.
1977 Amendment. This language is taken, almost verbatim, from existing rule 3.210(a). The word "insane" is changed to reflect the new terminology, "competence to stand trial." The definition of competence to stand trial is taken verbatim from the United States Supreme Court formulation of the test in Dusky v. United States, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960).
(a)(2) The first part of this paragraph is taken, almost verbatim, from the existing rule. The right of counsel for the state to move for such examination has been added.
(b)(1) In order to confine the defendant as incompetent to stand trial, the defendant must be confined under the same standards as those used for civil commitment. These criteria were set forth in the recent U.S. Supreme Court case of Jackson v. Indiana, 406 U.S. 715, 92 S.Ct. 1845, 32 L.Ed.2d 435 (1972), in which it was held to be a denial of equal protection to subject a criminal defendant to a more lenient commitment standard than would be applied to one not charged with a crime. Therefore, the criteria for involuntary civil commitment should be incorporated as the criteria for commitment for incompetence to stand trial.
In this subdivision is found the most difficult of the problems to resolve for the rule. The head-on conflict between the Department of Health and Rehabilitative Services, a part of the executive branch of the government, and the courts occurs when the administrator determines that a defendant no longer should be confined, but the trial judge does not wish the defendant released because the trial judge feels that further commitment is necessary. Under the civil commitment model, the administrator has the power to release a committed patient at such time as the administrator feels the patient no longer meets the standards for commitment. Obviously, since a defendant in a criminal case is under the jurisdiction of the court, such immediate release is unwarranted.
The time period of the initial commitment parallels that of civil commitment.
(b)(2) treats the problem of what the court should do with a defendant who is not competent to stand trial, but who fails to meet the criteria for commitment. If incompetent, but not in need of treatment and not dangerous, then the defendant cannot be committed. The present rule provides for dismissal of the charges immediately. There appears to be no reason why someone in this situation should not be *278 released pending trial on bail, as would other defendants.
The finding of "not guilty by reason of insanity," required under the present rule when a defendant cannot be tried by reason of incompetence, seems inappropriate since such a defense admits the commission of the fact of the crime but denies the defendant's mental state. Since no such finding has been made (and cannot be made), the verdict entered of not guilty by reason of insanity is not appropriate. Further, it would give a defendant, later competent, a res judicata or double jeopardy defense, the verdict being a final determination of guilt or innocence. It would seem far more appropriate to withdraw the charges. A defendant who regains competence within the period of the statute of limitations could still be tried for the offense, if such trial is warranted.
One of the major problems confronting the institution in which an incompetent person is being held is that of obtaining consent for medical procedures and treatment, not necessarily mental treatment. Generally, under the statute, the patient civilly committed is not thereby deemed incompetent to consent. At the commitment hearing in the civil proceedings, the judge may make the general competency determination. It is recommended that the same process apply in the hearing on competency to stand trial, and that, if the trial judge does not find the defendant incompetent for other purposes, the defendant be legally considered competent for such other purposes.
1980 AdoptionAmendment.
(a) This provision is identical withto that which has been contained in all prior rules and statutes relating to competence to stand trial. No change is suggested.
(b) In order to ensure that the proceedings move quickly the court is required to set a hearing within 20 days. This section subdivision should be read in conjunction with Rrule 3.211 which requires the experts to submit their report to the court at such time as the court shall specify. The court therefore determines the time on which the report is to be submitted. The provision requiring at least two2 but no more than three3 experts is meant to coincide with Ssection 394.02, Florida Statutes, (1979), in which the Llegislature provides for the number of experts to be appointed and that at least one1 of such experts be appointed from a group of certain designated state-related professionals. This legislative restriction on appointment will ensure that the Department of Health and Rehabilitative Services will, to some extent, be involved in the hospitalization decision-making process. Other possible procedures were discussed at great length both among members of the committee and with representatives of the Llegislature, but it was decided that any more specific procedures should be developed on the local level in the individual circuits and that it would be inappropriate to mandate such specific procedures in a state-widestatewide court rule. Since it was felt by the committee to be a critical stage in the proceedings and subject to Sixth Amendment provisions, and since no psychiatrist-patient privilege applies to this stage of the proceeding, the committee felt that attorneys for both sides should have the right to be present at such examinations.
(1) and (2) A motion for examination relative to competency to stand trial should not be a "boiler plate" motion filed in every case. The inclusion of specific facts in the motion will give the trial judge a basis on which to determine whether there is sufficient indication of incompetence to stand trial that he should appoint experts should be appointed to examine the defendant. Provision was made that conversations and observations need not be disclosed if they were felt to violate the lawyer-client privilege. Observations of the defendant were included in this phrase in that suchthese may, in some cases, be considered "verbal acts.".
(3) The mere filing of a motion for examination to determine competence to stand trial should not affect in any way the provision for release of a defendant on bail or other pre-trialpretrial release provision. If a defendant has been released on bail, the judgment already having been made that *279 he or she is so entitled, and as long as the defendant will continue to appear for appropriate evaluations, the mere fact that suchthe motion was filed should not abrogate histhe right to bail. Obviously, if other factors would affect the defendant's right to release or would affect histhe right to release on specific release conditions, those conditions could be changed or histhe release revoked. By making the requirement that the defendant appear for evaluation a condition of release, the court can more easily take back into custody a defendant who has refused to appear for evaluation, and the defendant can then be evaluated in custody.
1988 Amendment: Title. The title is amended to reflect change in subsection division (a)(1) below, which broadens the issue of competency in criminal proceedings from the narrow issue of competency to stand trial to competency to proceed at any material stage of a criminal proceeding.
(a) This provision is broadened to prohibit proceeding against a defendant accused of a criminal offense or a violation of probation or community control and is broadened from competency to stand trial to competency to proceed at any material stage of a criminal proceeding as defined in subsectiondivision (1) below.
(1) This new provision defines a material stage of a criminal proceeding when an incompetent defendant may not be proceeded against. This provision includes competence to be sentenced, which was previously addressed in Rrule 3.740 and is now addressed with more specificity in the new rule 3.214. Under the Florida Supreme Court decision of Jackson v. State, 452 So.2d 533 (Fla. 1984), this definition would not apply to a motion under Rrule 3.850.
(2) This new provision allows certain matters in a criminal case to proceed, even if a defendant is determined to be incompetent, in areas not requiring the personal participation of the defendant.
(b) This provision is amended to reflect the changes in subsectiondivision (a) above.
(1) Same as above.
(2) Same as above.
(3) Same as above. This provision also changes the phrase " ... released from custody on a pre-trial release provision...." to "released on bail or other release provision ... ." because the term "custody" is subject to several interpretations.
(4) This new provision is designed to specify and clarify in the order appointing experts, the matters the appointed experts are to address, and to specify when and to whom their reports are to be submitted. Court-appointed experts often do not understand the specific purpose of their examination or the specifics of the legal criteria to be applied. Specifying to whom the experts' reports are to be submitted is designed to avoid confusion.
1992 Amendment. The purpose of the amendment is to gender neutralize the wording of the rule.
Introductory Note Relating to Amendments to Rules 3.210 to 3.219. In 1985, the Florida Legislature enacted amendments to Ppart I of Cchapter 394, the "Florida Mental Health Act," and substantial amendments to Cchapter 916 entitled "Mentally Deficient and Mentally Ill Defendants." The effect of the amendments is to avoid tying mentally ill or deficient defendants in the criminal justice system to civil commitment procedures in the "Baker Act." Reference to commitment of a criminal defendant found not guilty by reason of insanity has been removed from Ssection 394.467, Florida Statutes. Chapter 916 now provides for specific commitment criteria of mentally ill or mentally retarded criminal defendants who are either incompetent to proceed or who have been found not guilty by reason of insanity in criminal proceedings.
In part, the following amendments to Rrules 3.210 to 3.219 are designed to reflect the 1985 amendments to Cchapters 394 and 916.
Florida judges on the criminal bench are committing and HRS the Department of Health and Rehabilitative Services (HRS) mental health treatment facilities are admitting and treating those mentally ill and *280 mentally retarded defendants in the criminal justice system who have been adjudged incompetent to stand trial and defendants found to be incompetent to proceed with violation of probation and community control proceedings. Judges are also finding such defendants not guilty by reason of insanity and committing them to HRS for treatment, yet there were no provisions for such commitments in the rules.
Some of the amendments to Rrules 3.210 to 3.219 are designed to provide for determinations of whether or not a defendant is mentally competent to proceed in any material stage of a criminal proceeding, and provide for community treatment or commitment to the Department of Health and Rehabilitative ServicesHRS when a defendant meets commitment criteria under the provisions of Cchapter 916 as amended in 1985.
RULE 3.211. COMPETENCE TO PROCEED: SCOPE OF EXAMINATION AND REPORT
(a) Examination by Experts. Upon appointment by the court, the experts shall examine the defendant with respect to the issue of compentencye to proceed, as specified by the court in its order appointing the experts to evaluate the defendant, and shall evaluate the defendant as ordered.
(1) The experts shall first consider factors related to the issue of whether the defendant meets the criteria for competence to proceed,; that is, whether the defendant has sufficient present ability to consult with his lawyercounsel with a reasonable degree of rational understanding and whether he the defendant has a rational, as well as factual, understanding of the pending proceedingsagainst him.
(2) In considering the issue of competence to proceed, the examining experts shall consider and include in their report, the following factors and any others deemed relevant by the experts:
(A) Tthe defendant's capacity to:
(i) Aappreciate the charges or allegations against him the defendant;
(ii) Aappreciate the range and nature of possible penalties, if applicable, whichthat may be imposed in the proceedings against himthe defendant;
(iii) Uunderstand the adversary nature of the legal process;
(iv) Ddisclose to his attorneycounsel facts pertinent to the proceedings at issue;
(v) Mmanifest appropriate courtroom behavior;
(vi) Ttestify relevantly.; and
(B) any other factors deemed relevant by the experts.
(b) Factors to Be Evaluated. If the experts should find that the defendant is incompetent to proceed, the experts shall report on any recommended treatment for the defendant to attain competence to proceed. (1) In considering the issues relating to treatment, the examining experts shall report on the following factors:
(i)(1) Tthe mental illness or mental retardation causing the incompetence;
(ii)(2) Tthe treatment or treatments appropriate for the mental illness or mental retardation of the defendant, and an explanation of each of the possible treatment alternatives in order of choices;
(iii)(3) Tthe availability of acceptable treatment. If treatment is available in the community, the expert shall so state in the report; and
(iv)(4) Tthe likelihood of the defendant attaining competence under the treatment recommended, an assessment of the probable duration of the treatment required to restore competence, and the probability that the defendant will attain competence to proceed in the foreseeable future.
(c) Insanity. If a notice of intent to rely on the defense of insanity has been filed prior to trial or a hearing on a violation of probation or community control, and when so ordered by the court, the experts shall report on the issue of the defendant's sanity at the time of the offense.
(d) Written Findings of Experts. Any written report submitted by the experts shall contain the following:
*281 (1) The report shall identify the specific matters referred for evaluation.;
(2) The report shall describe the evaluative procedures, techniques, and tests used in the examination and the purpose or purposes for each.;
(3) The report shall state the expert's clinical observations, findings, and opinions on each issue referred for evaluation by the court, and indicate specifically those issues, if any, on which the expert could not give an opinion.; and
(4) The report shall identify the sources of information used by the expert and present the factual basis for the expert's clinical findings and opinions.
(e) Limited Use of Competency Evidence.
(1) The information contained in any motion by the defendant for determination of competency to proceed or in any report of experts filed under this sectionrule insofar as suchthe report relates solely to the issues of competency to proceed and commitment, and any information elicited during a hearing on competency to proceed or commitment held pursuant to this Rrule, shall be used only in determining the mental competency to proceed or the commitment or other treatment of the defendant.
(2) The defendant waives this provision by using the report, or portions thereof, in any proceeding for any other purpose, in which case disclosure and use of the report, or any portion thereof, shall be governed by applicable rules of evidence and rules of criminal procedure. If a part of the report is used by the defendant, the Sstate may request the production of any other portion of that report whichthat, in fairness, ought to be considered.

Committee Notes
1980 Adoption. This Rrule provides for appointment of experts and for the contents of the report which the experts are to render. Since the issue of competency has been raised, the experts will, of course, report on this issue. If there is reason to believe that involuntary hospitalization is also required, the court should order the experts to make this evaluation as well during their initial examination. It was felt, however, that the experts should not inquire into involuntary hospitalization as a matter of course, but only if sufficient reasonable grounds to do so were alleged in the motion, comparing the procedure to that required by the civil commitment process.
(a) Certain factors relating to competency to stand trial have been determined to be appropriate for analysis by examining experts. Often, with different experts involved, the experts do not use the same criteria in reaching their conclusions. The criteria used by experts who testify at the competency and commitment hearings may not be the same as those used by persons involved in the treatment process or later hearings after treatment. This paragraph subdivision, therefore, addresses those factors which, at least, should be considered by experts at both ends of the spectrum. Additional factors may be considered, and these factors listed may be addressed in different ways. At least the requirement that these specific factors be addressed will give a common basis of understanding for the experts at the competency hearing, the trial judge, and the experts who will later receive a defendant who is found to be incompetent to stand trial and in need of involuntary hospitalization. The test for determining competency to stand trial is that which has been contained in both the prior rules and statutes developed from the case of Dusky v. United States, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960).
(1) The factors set forth in this section have been developed by the Department of Health and Rehabilitative Services (HRS) in theirits Competency Evaluation Instrument, a refinement of the McGarry Competency Evaluation Procedure.
(b) The issues of involuntary hospitalization areis to be considered only if the court has ordered the experts to consider theseis issues; the court would do so if it found that there existed reasonable grounds to believe that the defendant met the criteria for involuntary hospitalization. The factors *282 set forth in order to determine this issue are those whichthat have been developed through prior statutes relating to involuntary hospitalization, from the case of Jackson v. Indiana, 406 U.S. 715, 92 S.Ct. 1845, 32 L.Ed.2d 435 (1972), and the case of In Re: Beverly, 342 So.2d 481 (Fla. 1977).
As to criteria for involuntary hospitalization, see chapter 394, Florida Statutes, or, in the case of mental retardation, see chapter 393, Florida Statutes.
Section 394.467(1), Florida Statutes (1979), prescribes criteria for involuntary hospitalization or placement. In case of mental retardation, section 393.11, Florida Statutes (1979), governs.
(c) In most instances, the issues of incompetency at time of trial and insanity at time of the offense will be raised at the same time or, at least, in the same case. In the event that the two2 are not raised in the same case, there would be no reason for the examining experts to inquire into the mental status of the defendant at the time of the offense itself at the incompetency examination. However, if insanity as a defense is raised, it would be most appropriate for judicial efficiency to have the examining experts inquire into all issues at the same time. This provision permits such inquiry by the experts in the event that notice of intent to rely on the defense of insanity has been filed by the defendant.
(d) This provision is meant to permit local circuits to develop their own forms for such reports if they feel that such forms are appropriate. It does not preclude the Department of Health and Rehabilitative ServicesHRS from suggesting a form whichthat would be of particular assistance to them and requesting its adoption, but such adoption is not mandated.
(e) This sectionsubdivision provides for the confidentiality of the information obtained by virtue of an examination of the defendant pursuant to this sectionsubdivision. Cf. § 90.108, Fla. Stat. (1979); Rule Fla.R.Civ.P. 1.330(6), Fla.R.Civ.P.
Section 925.22916.12, Florida Statutes (Supp. 1980), [designated as Fla.St. 1980, Supp. § 916.12] is a companion statute relating to mental competence to stand trial.
1988 Amendment. Title. The title is amended to reflect changes in rule 3.210.
(a) This sectionsubdivision, which was originally an introductory paragraph, is amended to reflect changes in rule 3.210. The deletions related to the extent of the evaluation and when and to whom the experts' reports are to be submitted have been placed in rule 3.210(4) above.
(1) This provisionsubdivision, which was formerly subsectiondivision (a), has been amended to reflect changes in rule 3.210 above.
(2) This provision has been amended to reflect the changes to rule 3.210. In addition, the eleven11 factors previously numbered (i) through (xi) have been reduced to six6 factors. Numbers (v), (vi), (vii), (x), and (xi) have been removed. Those five5 factors were felt to not be directly related to the issue of a defendant having the mental capacity to communicate with his or her attorney or to understand the proceedings against him or her and may have had the effect of confusing the issues the experts are to address in assessing a defendant's competency to proceed. The terms "ability" and "capacity" which were used interchangeably in the prior version of this provision have been changed to the single term "capacity" for continuity. A provision has been added which allows the appointed expert to also include any other factors deemed relevant to take into account different techniques and points of view of the experts.
(b) This provisionsubdivision, including its four4 subsectionsdivisions, is amended to reflect the changes in rule 3.210. It also expands the determination from the limited area of whether an incompetent defendant should be voluntarily committed to treatment to recommended treatment options designed to restore or maintain competence. Subsectiondivision (v) has been deleted because consideration of less restrictive alternatives is addressed in other amendments. [See: rule 3.212(c)(3)(iv).]. The amendments further reflect 1985 legislative *283 amendments to Cchapters 394 and 916, Florida Statutes.
(ii) Appropriate treatment may include maintaining the defendant on psychotropic or other medication. See Rrule 3.215.
(c) This provision is amended to take into account the defense of insanity both at trial and in violation of probation/community control hearings.
(d) This provision deletes the old language relating to the use of standardized forms. The new provision, with its four4 subsectiondivisions, outlines in detail what the written report of an expert is to include, to ensure the appointed expert understands what issues are to be addressed, and that the report identifyies sources of information, tests or evaluation techniques used, and includes the findings and observations upon which the expert's opinion is based. It requires the expert to specify those issues on which the expert could not render an opinion.
(e) This provision is amended to comply with changes in Rrule 3.210. In addition, the second paragraph has been expanded to clarify under what circumstances the reports of experts in a competency evaluation may be discovered by the prosecution and used as evidence in a hearing other than the hearing on the issue of a defendant's competency to proceed.
1992 Amendment. The purpose of the amendments is to gender neutralize the wording of the rule.
Introductory Note Relating to Amendments to Rules 3.210 to 3.219. In 1985, the Florida Legislature enacted amendments to Part I of Chapter 394, the "Florida Mental Health Act," and substantial amendments to Chapter 916 entitled "Mentally Deficient and Mentally Ill Defendants." The effect of the amendments is to avoid tying mentally ill or deficient defendants in the criminal justice system to civil commitment procedures in the "Baker Act." Reference to commitment of a criminal defendant found not guilty by reason of insanity has been removed from Section 394.467, Florida Statutes. Chapter 916 now provides for specific commitment criteria of mentally ill or mentally retarded criminal defendants who are either incompetent to proceed or who have been found not guilty by reason of insanity in criminal proceedings.
In part, the following amendments to Rules 3.210 to 3.219 are designed to reflect the 1985 amendments to Chapters 394 and 916.
Florida judges on the criminal bench are committing and HRS mental health treatment facilities are admitting and treating those mentally ill and mentally retarded defendants in the criminal justice system who have been adjudged incompetent to stand trial and defendants found to be incompetent to proceed with violation of probation and community control proceedings. Judges are also finding such defendants not guilty by reason of insanity and committing them to HRS for treatment yet there were no provisions for such commitments in the rules.
Some of the amendments to Rules 3.210 to 3.219 are designed to provide for determinations of whether or not a defendant is mentally competent to proceed in any material stage of a criminal proceeding, and provide for community treatment or commitment to the Department of Health and Rehabilitative Services when a defendant meets commitment criteria under the provisions of Chapter 916 as amended in 1985. See notes following rule 3.210 for the text of this note.
RULE 3.212. COMPETENCE TO PROCEED: HEARING AND DISPOSITION
(a) Admissibility of Evidence. The experts preparing the reports may be called by either party or the court, and additional evidence may be introduced by either party. The experts appointed by the court shall be deemed court witnesses whether called by the court or either party and may be examined as such by either party.
(b) Finding of Competence. The court shall first consider the issue of the defendant's competence to proceed. If the court finds the defendant competent to proceed, *284 the court shall enter its order so finding and shall proceed.
(c) Commitment on Finding of Incompetence. If the court finds the defendant is incompetent to proceed, or that the defendant is competent to proceed but that the defendant's competence depends on the continuation of appropriate treatment for a mental illness or mental retardation, the court shall consider issues relating to treatment necessary to restore or maintain the defendant's competence to proceed.
(1) The court may order the defendant to undergo treatment if the court finds that the defendant is mentally ill or mentally retarded, and is in need of treatment, and that treatment appropriate for the defendant's condition is available. If the court finds that the defendant may be treated in the community on bail or other release conditions, the court may make acceptance of reasonable medical treatment a condition of continuing such bail or other release conditions.
(2) If the defendant is incarcerated, the court may order treatment to be administered at the custodial facility, or may order the defendant transferred to another facility for treatment or may commit the defendant as provided in subparagraphsubdivision (3) below.
(3) A defendant may be committed for treatment to restore a defendant's competence to proceed if the court finds that:
(i)(A) That the defendant meets the criteria for commitment as set forth by statute.;
(ii)(B) That there is a substantial probability that the mental illness or mental retardation causing the defendant's incompetence will respond to treatment and that the defendant will regain competency to proceed in the reasonably foreseeable future.;
(iii)(C) That treatment appropriate for restoration of the defendant's competence to proceed is available; and
(iv)(D) That no appropriate treatment alternative less restrictive than that involving commitment is available.
(4) If the court commits the defendant, the order of commitment shall contain the following:
(i)(A) Ffindings of fact relating to the issues of competency and commitment addressing the factors set forth in Rrule 3.211 above wherewhen applicable;
(ii)(B) Ccopies of the reports of the experts filed with the court pursuant to the order of examination;
(iii)(C) Ccopies of any other psychiatric, psychological, or social work reports submitted to the court relative to the mental state of the defendant; and
(iv)(D) Ccopies of the charging instrument and all supporting affidavits or other documents used in the determination of probable cause.
(5) The treatment facility shall admit the defendant for hospitalization and treatment and may retain and treat the defendant. No later than six6 months from the date of admission, the administrator of the facility shall file with the court a report whichthat shall address the issues and consider the factors set forth in Rrule 3.211 above, with copies to all parties. If, at any time during the six6-month period or during any period of extended commitment whichthat may be ordered pursuant to this Rrule, the administrator of the facility shall determines that the defendant no longer meets the criteria for commitment or has become competent to proceed, the administrator shall notify the court by such a report, with copies to all parties.
(i)(A) If, during the six 6-month period of commitment and treatment or during any period of extended commitment which that may be ordered pursuant to this Rrule, counsel for the defendant shall have reasonable grounds to believe that the defendant is competent to proceed or no longer meets the criteria for commitment, he counsel may move the court for a hearing on the issues of the defendant's competence or commitment. SuchThe motion shall contain a certificate of counsel that the motion is made in good faith and on reasonable grounds to believe that the defendant is now competent to proceed or no longer meets the criteria for commitment. *285 To the extent that it does not invade the attorney-client privilege, the motion shall contain a recital of the specific observations of and conversations with the defendant whichthat have formed the basis for suchthe motion.
(ii)(B) If, upon consideration of a motion filed by counsel for the defendant and any information offered the court in support thereof, the court has reasonable grounds to believe that the defendant may have regained competence to proceed or no longer meets the criteria for commitment, the court mayshall order the administrator of the facility to report to the court on such issues, with copies to all parties, and shall order a hearing to be held on those issues.
(6) The court shall hold a hearing within 30 days of the receipt of any such report from the administrator of the facility on the issues raised thereby. If, following suchthe hearing, the court determines that the defendant continues to be incompetent to proceed and that hethe defendant meets the criteria for continued commitment or treatment, the court shall order continued commitment or treatment for a period not to exceed one1 year. When the defendant is retained by the facility, the same procedure shall be repeated prior to the expiration of each additional one1-year period of extended commitment.
(7) If, at any time after such commitment, the court decides, after hearing, that the defendant is competent to proceed, it shall enter its order so finding and shall proceed.
(8) If, after any such hearing, the court shall determines that the defendant remains incompetent to proceed but no longer meets the criteria for commitment, the court shall proceed as provided in Rrule 3.212(d).
(d) Release on Finding of Incompetence. If the court decides that a defendant is not mentally competent to proceed but does not meet the criteria for commitment, the defendant may be released on appropriate release conditions for a period not to exceed one1 year. The court may order that the defendant receive outpatient treatment at an appropriate local facility and that the defendant report for further evaluation at specified times during suchthe release period as conditions of release. A report shall be filed with the court after each such evaluation by the persons appointed by the court to make such evaluations, with copies to all parties.

Committee Notes
1980 Adoption. This Rrule sets forth the procedure for the hearing itself. In the event that there should have beenIf other experts have been involved who were not appointed pursuant to this Rrule, provision is made that such experts may then be called by either party. Those experts appointed by the court to conduct the examination, if called by the court or by either party to testify at the hearing, will be regarded as court experts. Either party may then examine such experts by leading questions or may impeach such experts. In the event thatIf a party should calls an expert witness other than those appointed by the court pursuant to these Rrules, the usual evidentiary rules of examining such witnesses shall then apply. Following the hearing, the court may come to one of three3 conclusions: (a) the defendant is competent to stand trial, rule 3.212(a); (b) the defendant is incompetent to stand trial and is in need of involuntary hospitalization, rule 3.212(b); or (c) the defendant is incompetent to stand trial but is not in need of involuntary hospitalization, rule 3.212(c).
(a) This provision has been contained in every prior rule or statute relating to the issues of competency to stand trial and provides that if the defendant is competent the trial shall commence. No change is recommended.
(b) This paragraphsubdivision provides for the second possible finding of the court, namely that the defendant is found incompetent to stand trial and is in need of involuntary hospitalization. It is designed to track the provisions of chapter 394, Florida Statutes, relating to involuntary hospitalization and the provisions of chapter 393 relating to residential services insofar as they may apply to the defendant under criminal charges. In this way, the procedures to be set up by the institution to *286 which a criminal defendant is sent should not vary greatly from procedures common to the institution in the involuntary hospitalization or residential treatment of those not subject to criminal charges.
The criteria for involuntary hospitalization isare set forth in section 394.467(1), Florida Statutes (1979). As to involuntary hospitalization for mental retardation, see section 393.11, Florida Statutes (1979); definition of treatment facility, see chaptersection 394.455, Florida Statutes (1979); involuntary admission to residential services, see section 393.11, Florida Statutes (1979).
(2) The requirement that there be certain contents to the order of commitment is set forth in order to give greater assistance to the personnel of the treatment facility. The information to be included in the order should give them the benefit of all information that has been before the trial judge and has been considered by that judge in making histhe decision to involuntarily hospitalize the defendant. This information should then assist the personnel of the receiving institution in making their initial evaluation and in instituting appropriate treatment more quickly. The last requirement, that of supporting affidavits or other documents used in the determination of probable cause, is to give some indication of the nature of the offense to the examining doctors to enable them to determine when the defendant has reached a level of improvement that he or she can discuss the charge with "a reasonable degree of rational understanding."
(3) This sectionsubdivision is designed to correspond with a complementary section of the Florida Statutes. It mandates, as does the statute, that the treatment facility must admit the defendant for hospitalization and treatment. The time limitations set forth in this sectionsubdivision are designed to coincide with those set forth in the chapter 394, Florida Statutes. If, however, the defendant should regain competence or no longer meets hospitalization criteria prior to the expiration of any of the time periods set, the administrator of the facility may report to the court and cause a re-evaluation of the defendant's mental status. At the end of the six6-month period, and every year thereafter, the administrator must report to the court. These time periods are set forth so as to coincide with chapter 394, Florida Statutes.
(i) Permits the defendant's attorney, in an appropriate case, to request a hearing if hethe attorney believes the defendant to have regained competency. The grounds for such belief are to be contained in the motion, as is a certificate of the good faith of counsel in filing it. If the motion is sufficient to give the court reasonable grounds to believe that the defendant may be competent or no longer meets the criteria for hospitalization, the court can order a report from the administrator and hold a hearing on the issues.
(4) The rule is meant to mandate that the court hold a hearing as quickly as possible, but the hearing must be held at least within 30 days of the receipt of the report from the administrator of the facility.
(c) This rule provides for the disposition of the defendant who falls under the third of the alternatives listed above, that he is, one who is incompetent to stand trial but does not meet the provisions for involuntary hospitalization. It is meant to provide as great a flexibility as possible for the trial judge in handling such defendant.
As to criteria for involuntary hospitalization, see section 394.467(1), Florida Statutes (1979).
Section 925.23916.13, Florida Statutes (Supp. 1980) [designated as Fla.St. 1980, Supp. § 916.13] complements this rule and provides for the hospitalization of defendants adjudicated incompetent to stand trial.
1988 Amendment. Title. The title has been amended to reflect changes in rules 3.210 and 3.211.
(a) This provision was formerly the introductory paragraph to this Rrule. It has been labeled subsectionsubdivision (a) for consistency in form.
(b) This provision was former subsectionsubdivision (a). It has been amended to reflect changes in rules 3.210 and 3.211. *287 The former sectionsubdivisions (b) and subsection (b)(1) under (b) hashave been deleted because similar language is now found in the new sectionsubdivision (c) below.
(c) This new provision, including all its subsectionssubdivisions, is designed to reflect the commitment criteria in Ssection 916.13(1), Florida Statutes, and to reflect that commitment to HRSthe Department of Health and Rehabilitative Services is to be tied to specific commitment criteria when no less restrictive treatment alternative is available.
(1) This provision provides for available community treatment when appropriate.
(2) This provision provides for treatment in a custodial facility or other available community residential program.
(3) This provision, and its subsections subdivisions, outlines when a defendant may be committed, and refers to commitment criteria under the provisions of Ssection 916.13(1), Florida Statutes.
(4) This provision, and its subsections subdivisions, was formerly subsectionsubdivision (b)(2). The language has been amended to reflect changes in Cchapter 916 relating to the commitment of persons found incompetent to proceed and changes in rules 3.210 and 3.211.
(5) This provision, and its subsectionssubdivisions, was formerly subsectionsubdivision (b)(3). The amendments are for the same reasons as (4) above.
(6) This provision was formerly subsectionsubdivision (b)(4). The amendments are for the same reasons as (4) above.
(7) This provision was formerly subsectionsubdivision (b)(5). The amendments are for the same reasons as (4) above.
(8) This provision was formerly subsectionsubdivision (b)(6). The amendments are for the same reasons as (4) above.
(d) The amendments to the provision are for the same reasons as (4) above.
1992 Amendment. The amendments substitute "shall" in place of "may" in subdivision (c)(5)(B) to require the trial court to order the administrator of the facility where an incompetent defendant has been committed to report to the court on the issue of competency when the court has reasonable grounds to believe that the defendant may have regained competence to proceed or no longer meets the criteria for commitment. The amendments also gender neutralize the wording of the rule.
Introductory Note Relating to Amendments to Rules 3.210 to 3.219. In 1985, the Florida Legislature enacted amendments to Part I of Chapter 394, the "Florida Mental Health Act," and substantial amendments to Chapter 916 entitled "Mentally Deficient and Mentally Ill Defendants." The effect of the amendments is to avoid tying mentally ill or deficient defendants in the criminal justice system to civil commitment procedures in the "Baker Act." Reference to commitment of a criminal defendant found not guilty by reason of insanity has been removed from Section 394.467, Florida Statutes. Chapter 916 now provides for specific commitment criteria of mentally ill or mentally retarded criminal defendants who are either incompetent to proceed or who have been found not guilty by reason of insanity in criminal proceedings.
In part, the following amendments to Rules 3.210 to 3.219 are designed to reflect the 1985 amendments to Chapters 394 and 916.
Florida judges on the criminal bench are committing and HRS mental health treatment facilities are admitting and treating those mentally ill and mentally retarded defendants in the criminal justice system who have been adjudged incompetent to stand trial and defendants found to be incompetent to proceed with violation of probation and community control proceedings. Judges are also finding such defendants not guilty by reason of insanity and committing them to HRS for treatment yet there were no provisions for such commitments in the rules.
Some of the amendments to Rules 3.210 to 3.219 are designed to provide for determinations of whether or not a defendant is mentally competent to proceed in any material stage of a criminal proceeding, and *288 provide for community treatment or commitment to the Department of Health and Rehabilitative Services when a defendant meets commitment criteria under the provisions of Chapter 916 as amended in 1985.See notes following rule 3.210 for the text of this note.
RULE 3.213. CONTINUING INCOMPETENCY TO PROCEED, EXCEPT INCOMPETENCY TO PROCEED WITH SENTENCING: DISPOSITION
(a) Dismissal without Prejudice during Continuing Incompetency. If at any time after five5 years after determining a person incompetent to stand trial or proceed with a probation or community control violation hearing when charged with a felony, or one1 year when charged with a misdemeanor, the court, after hearing, determines that the defendant remains incompetent to stand trial or proceed with a probation or community control violation hearing, that there is no substantial probability that the defendant will become mentally competent to stand trial or proceed with a probation or community control violation hearing in the foreseeable future, and that the defendant does not meet the criteria for commitment, it shall dismiss the charges against the defendant without prejudice to the Sstate to refile the charges should the defendant be declared competent to proceed in the future.
(b) Commitment or Treatment during Continuing Incompetency. If at any time after five5 years after determining a person incompetent to stand trial or proceed with a probation or community control violation hearing when charged with a felony, or one 1 year when charged with a misdemeanor, the court, after hearing, determines that the defendant remains incompetent to stand trial or proceed with a probation or community control violation hearing, that there is no substantial probability that the defendant will become mentally competent to stand trial or proceed with a probation or community control violation hearing in the foreseeable future, and that the defendant does meet the criteria for commitment, the court shall dismiss the charges against the defendant and commit the defendant to the Department of Health and Rehabilitative Services for involuntary hospitalization or residential services solely under the provisions of law, or may order that hethe defendant receive outpatient treatment at any other facility or service on an outpatient basis subject to the provisions of those statutes. In the order of commitment, the judge shall order that the administrator of the facility notify the Sstate Aattorney of the committing circuit no less than 30 days prior to the anticipated date of release of the defendant. If charges are dismissed pursuant to this subsectionsubdivision, saidthe dismissal shall be without prejudice to the Sstate to refile the charges should the defendant be declared competent to proceed in the future.
(c) Applicability. This sectionrule shall not apply to defendants determined to be incompetent to proceed with sentencing, which is provided in Rrule 3.214 below.

Committee Notes
1980 Adoption. As to involuntary hospitalization, see section 394.467(1), Florida Statutes (1979); as to involuntary admission to residential services, see chapter 393, Florida Statutes (1979).
(b) This provision is meant to deal with the defendant who remains incompetent after five5 years, and who does meet the criteria for involuntary hospitalization. It provides that the criminal charges will be dismissed and the defendant will be involuntarily hospitalized. It further provides that the administrator of the facility must notify the Sstate Aattorney prior to any release of a defendant committed pursuant to this sectionsubdivision.
As to criteria for involuntary hospitalization, see section 394.467(1), Florida Statutes (1979); in case of retardation, see chapter 393, Florida Statutes (1979).
(c) Since commitment criteria for a defendant determined to be incompetent to stand trial are the same as for civil hospitalization, there is no need to continue the difference between felony and misdemeanor procedure.
*289 Section 925.24916.14, Florida Statutes (Supp. 1980) [designated as Fla.St. 1980, Supp. § 916.14], makes the statute of limitations and defense of former jeopardy inapplicable to criminal charges dismissed because of incompetence of defendant to stand trial.
1988 Amendment. Title. The title has been amended to comply with changes in rule 3.210, but specifically excludes competency to proceed with sentencing, which is addressed in the new Rrule 3.214.
(a) This provision was amended to reflect changes in rules 3.210 and 3.211. New language is added which specifies that, if charges are dismissed under this rule, it is without prejudice to the Sstate to refile if the defendant is declared competent to proceed in the future. Similar language was previously found in rule 3.214(d), but is more appropriate under this rule.
(b) This provision has been amended for the same reasons as (a) above.
(c) This new provision specifically exempts this rule from being used against a defendant determined to be incompetent to be sentenced, which is now provided in the new Rrule 3.214. It is replaced by the new rule 3.214.
1992 Amendment. The purpose of the amendment is to gender neutralize the wording of the rule.
Introductory Note Relating to Amendments to Rules 3.210 to 3.219. In 1985, the Florida Legislature enacted amendments to Part I of Chapter 394, the "Florida Mental Health Act," and substantial amendments to Chapter 916 entitled "Mentally Deficient and Mentally Ill Defendants." The effect of the amendments is to avoid tying mentally ill or deficient defendants in the criminal justice system to civil commitment procedures in the "Baker Act." Reference to commitment of a criminal defendant found not guilty by reason of insanity has been removed from Section 394.467, Florida Statutes. Chapter 916 now provides for specific commitment criteria of mentally ill or mentally retarded criminal defendants who are either incompetent to proceed or who have been found not guilty by reason of insanity in criminal proceedings.
In part, the following amendments to Rules 3.210 to 3.219 are designed to reflect the 1985 amendments to Chapters 394 and 916.
Florida judges on the criminal bench are committing and HRS mental health treatment facilities are admitting and treating those mentally ill and mentally retarded defendants in the criminal justice system who have been adjudged incompetent to stand trial and defendants found to be incompetent to proceed with violation of probation and community control proceedings. Judges are also finding such defendants not guilty by reason of insanity and committing them to HRS for treatment yet there were no provisions for such commitments in the rules.
Some of the amendments to Rules 3.210 to 3.219 are designed to provide for determinations of whether or not a defendant is mentally competent to proceed in any material stage of a criminal proceeding, and provide for community treatment or commitment to the Department of Health and Rehabilitative Services when a defendant meets commitment criteria under the provisions of Chapter 916 as amended in 1985.See notes following rule 3.210 for the text of this note.
RULE 3.214. INCOMPETENCY TO PROCEED TO SENTENCING: DISPOSITION
If a defendant is determined to be incompetent to proceed after being found guilty of an offense or violation of probation or community control or after voluntarily entering a plea to an offense or violation of probation or community control, but prior to sentencing, the court shall postpone the pronouncement of sentence and proceed pursuant to Rrule 3.210 (et seq.) and the following rules.

Committee Note
1988 Amendment. Title. This new rule replaces the former rule 3.740. It was felt to be more appropriately addressed in this sequence. The former rule 3.214 is now renumbered 3.215. The former rule 3.740 *290 used the inappropriate phrase "(p)rocedures when insanity is alleged as cause for not pronouncing sentence." Insanity is an affirmative defense to a criminal charge. The more correct term is "incompetence to proceed to sentencing."
(a) This new provision reiterates amendments to rule 3.210 and provides that sentencing shall be postponed for a defendant incompetent to proceed with disposition of a criminal matter  to include a finding of guilt at trial, after entry of a voluntary plea, or after a violation of probation or community control proceeding.
Introductory Note Relating to Amendments to Rules 3.210 to 3.219. In 1985, the Florida Legislature enacted amendments to Part I of Chapter 394, the "Florida Mental Health Act," and substantial amendments to Chapter 916 entitled "Mentally Deficient and Mentally Ill Defendants." The effect of the amendments to avoid tying mentally ill or deficient defendants in the criminal justice system to civil commitment procedures in the "Baker Act." Reference to commitment of a criminal defendant found not guilty by reason of insanity has been removed from Section 394.467, Florida Statutes. Chapter 916 now provides for specific commitment criteria of mentally ill or mentally retarded criminal defendants who are either incompetent to proceed or who have been found not guilty by reason of insanity in criminal proceedings.
In part, the following amendments to Rules 3.210 to 3.219 are designed to reflect the 1985 amendments to Chapters 394 and 916.
Florida judges on the criminal bench are committing and HRS mental health treatment facilities are admitting and treating those mentally ill and mentally retarded defendants in the criminal justice system who have been adjudged incompetent to stand trial and defendants found to be incompetent to proceed with violation of probation and community control proceedings. Judges are also finding such defendants not guilty by reason of insanity and committing them to HRS for treatment, yet there were no provisions for such commitments in the rules.
Some of the amendments to Rules 3.210 to 3.219 are designed to provide for determinations of whether or not a defendant is mentally competent to proceed in any material stage of a criminal proceeding, and provide for community treatment or commitment to the Department of Health and Rehabilitative Services when a defendant meets commitment criteria under the provisions of Chapter 916 as amended in 1985.See notes following rule 3.210 for the text of this note.
RULE 3.215. EFFECT OF ADJUDICATION OF INCOMPETENCY TO PROCEED: PSYCHOTROPIC MEDICATION
(a) Former Jeopardy. If the defendant is declared incompetent to stand trial during trial and afterwards declared competent to stand trial, histhe defendant's other uncompleted trial shall not constitute former jeopardy.
(b) Limited Application of Incompetency Adjudication. An adjudication of incompetency to proceed shall not operate as an adjudication of incompetency to consent to medical treatment or for any other purpose unless such other adjudication is specifically set forth in the order.
(c) Psychotropic Medication. A defendant who, because of psychotropic medication, is able to understand the proceedings and to assist in histhe defense shall not automatically be deemed incompetent to proceed simply because histhe defendant's satisfactory mental condition is dependent upon such medication, nor shall hethe defendant be prohibited from proceeding solely because hethe defendant is being administered medication under medical supervision for a mental or emotional condition.
(1) Psychotropic medication is any drug or compound affecting the mind, behavior, intellectual functions, perception, moods, or emotion, and includes anti-psychotic, anti-depressant, anti-manic, and anti-anxiety drugs.
*291 (2) If the defendant proceeds to trial with the aid of medication for a mental or emotional condition, upon the motion of defense counsel, the jury shall, at the beginning of the trial and in the charge to the jury, be given explanatory instructions regarding such medication.

Committee Notes
1980 Adoption. (c) As to psychotropic medications, see section 925.22(b)916.12(2), Florida Statutes (1980) [designated as Fla. St. 1980, Supp. § 916.12(b)].
(d) This sectionsubdivision is intended to provide specific exceptions to the Sspeedy Ttrial Rrule.
1988 Amendment. Title. This rule was formerly rule 3.214.
The amendments to this rule, including the title, are designed to reflect amendments to rules 3.210 and 3.211.
(d) Matters contained in former subsection (d) are covered by the provisions of Rrule 3.191. That subsection has therefore been deleted.
1992 Amendment. The purpose of the amendment is to gender neutralize the wording of the rule.
Introductory Note Relating to Amendments to Rules 3.210 to 3.219. In 1985, the Florida Legislature enacted amendments to Ppart I of Cchapter 394, the "Florida Mental Health Act," and substantial amendments to Cchapter 916 entitled "Mentally Deficient and Mentally Ill Defendants." The effect of the amendments is to avoid tying mentally ill or deficient defendants in the criminal justice system to civil commitment procedures in the "Baker Act." Reference to commitment of a criminal defendant found not guilty by reason of insanity has been removed from Ssection 394.467, Florida Statutes. Chapter 916 now provides for specific commitment criteria of mentally ill or mentally retarded criminal defendants who are either incompetent to proceed or who have been found not guilty by reason of insanity in criminal proceedings.
In part, the following amendments to Rrules 3.210 to 3.219 are designed to reflect the 1985 amendments to Cchapters 394 and 916.
Florida judges on the criminal bench are committing and HRS mental health treatment facilities are admitting and treating those mentally ill and mentally retarded defendants in the criminal justice system who have been adjudged incompetent to stand trial and defendants found to be incompetent to proceed with violation of probation and community control proceedings. Judges are also finding such defendants not guilty by reason of insanity and committing them to HRS for treatment, yet there were no provisions for such commitments in the rules.
Some of the amendments to Rrules 3.210 to 3.219 are designed to provide for determinations of whether or not a defendant is mentally competent to proceed in any material stage of a criminal proceeding, and provide for community treatment or commitment to the Department of Health and Rehabilitative Services when a defendant meets commitment criteria under the provisions of Cchapter 916 as amended in 1985. See notes following rule 3.210 for the text of this note.
RULE 3.216. INSANITY AT TIME OF OFFENSE OR PROBATION OR COMMUNITY CONTROL VIOLATION: NOTICE AND APPOINTMENT OF EXPERTS
(a) Expert to Aid Defense Counsel. When in any criminal case counsel for a defendant adjudged to be indigent or partially indigent, whether public defender or court appointed, shall have reason to believe that the defendant may be incompetent to proceed or that hethe defendant may have been insane at the time of the offense or probation or community control violation, hecounsel may so inform the court who shall appoint one1 expert to examine the defendant in order to assist his attorneycounsel in the preparation of histhe defense. SuchThe expert shall report only to the attorney for the defendant and matters related to the expert shall be deemed to fall under the lawyer-client privilege.
*292 (b) Notice of Intent to Rely on Insanity Defense. When in any criminal case it shall be the intention of the defendant to rely on the defense of insanity either at trial or probation or community control violation hearing, no evidence offered by the defendant for the purpose of establishing suchthat defense shall be admitted in suchthe case unless advance notice in writing of the defense shall have been given by the defendant as hereinafter provided.
(c) Time for Filing Notice. The defendant shall give notice of intent to rely on the defense of insanity no later than 15 days after the arraignment or the filing of a written plea of not guilty in the case when the defense of insanity is to be relied upon at trial, or no later than 15 days after being brought before the appropriate court to answer to the allegations in a violation of probation or community control proceeding. If counsel for the defendant shall have reasonable grounds to believe that the defendant may be incompetent to proceed, the notice shall be given at the same time that the motion for examination into the defendant's competence is filed. SuchThe notice shall contain a statement of particulars showing the nature of the insanity the defendant expects to prove and the names and addresses of the witnesses by whom hethe defendant expects to show such insanity, insofar as is possible.
(d) Court Appointed Experts. UpoOn the filing of such notice the court may, on its own motion, and shall upon motion of the Sstate or the defendant, order that the defendant be examined by no more than three3 nor fewer than two2 disinterested, qualified experts as to the sanity or insanity of the defendant at the time of the commission of the alleged offense or probation or community control violation. Attorneys for the Sstate and defendant may be present at the examination. SuchThe examination should take place at the same time as the examination into the competence of the defendant to proceed, if the issue of competence has been raised.
(e) Report of Experts to Court. The experts shall examine the defendant and shall file with the court in writing at such time as shall be specified by the court, with copies to attorneys for the Sstate and the defense, a report whichthat shall contain the following:
(1) Aa description of the evaluative techniques whichthat were used in their examination;
(2) Aa description of the mental and emotional condition and mental processes of the defendant at the time of the alleged offense or probation or community control violation, including the nature of any mental impairment and its relationship to the actions and state of mind of the defendant at the time of the offense or probation or community control violation;
(3) Aa statement of all relevant factual information regarding the defendant's behavior on which the conclusions or opinions regarding histhe defendant's mental condition were based; and
(4) Aan explanation of how the conditions and opinions regarding the defendant's mental condition at the time of the alleged offense or probation or community control violation were reached.
(f) Waiver of Time to File. UpoOn good cause shown for the omission of the notice of intent to rely on the defense of insanity, the court may in its discretion grant the defendant 10 days to comply with suchthe notice requirement. If leave is granted and the defendant files saidthe notice, hethe defendant is deemed unavailable to proceed. If the trial has already commenced, the court, only upon motion of the defendant, may declare a mistrial in order to permit the defendant to raise the defense of insanity pursuant to this Rrule. Any motion for mistrial shall constitute a waiver of the defendant's right to any claim of former jeopardy arising from the uncompleted trial.
(g) Evaluating Defendant after Pretrial Release. If the defendant has been released on bail or other release conditions, the court may order the defendant to appear at a designated place for evaluation at a specific time as a condition of suchthe release provision. If the court determines that the defendant will not submit to the *293 evaluation provided for herein or that the defendant is not likely to appear for the scheduled evaluation, the court may order the defendant taken into custody, until the evaluation is completed. A motion made for evaluation under this subsectionsubdivision shall not otherwise affect the defendant's right to pre trialpre-trial release.
(h) Evidence. The appointment of experts by the court shall not preclude the Sstate or the defendant from calling additional expert witnesses to testify at the trial. The experts appointed by the court may be summoned to testify at the trial, and shall be deemed court witnesses whether called by the court or by either party. Other evidence regarding the defendant's sanity may be introduced by either party. At trial, in its instructions to the jury, the court shall include an instruction on the consequences of a verdict of not guilty by reason of insanity.

Committee Notes
1980 Adoption.
(a) This sectionsubdivision is based on the Florida case of Pouncy v. State, 353 So.2d 640 (Fla. 3d DCA 1977), and provides that an expert may be provided for an indigent defendant. The appointment of the expert will in this way allow the public defender or court-appointed attorney to screen possible incompetency or insanity cases and give a basis for determining whether issues of incompetency or insanity ought to be raised before the court; it will also permit the defense attorney to specify in greater detail in the statement of particulars the nature of the insanity hethat attorney expects to prove, if any, and the basis for the raising of that defense.
(b) Essentially the same as in prior rules; provides that written notice must be given in advance by the defendant.
(c) Since counsel for indigents often are not appointed until arraignment, and since it is sometimes difficult for a defendant to make a determination on whether the defense of insanity should be raised prior to arraignment, a 15-day post-arraignment period is provided for the filing of the notice. The defendant must raise incompetency at the same time as he raises insanity, if at all possible. With the appointment of the expert to assist, the defendant, he should be able to raise both issues at the same time if grounds for both exist. The remainder of the Rrule, providing for the statement to be included in the notice, is essentially the same as that in prior rules.
(d) The appointment of experts provision is designed to track, insofar as possible, the provisions for appointment of experts contained in the rules relating to incompetency to stand trial and in the Florida Statutes relating to appointment of expert witnesses. Insofar as possible, the single examination should include incompetency, involuntary commitment issues where there are reasonable grounds for their consideration, and issues of insanity at time of the offense. Judicial economy would mandate such a single examination where possible.
(e) In order to obtain more standardized reports, specific items relating to the examination are required of the examining experts. See note to Rrule 3.211(a).
(f) Essentially the substance of prior Rrule 3.210(e)(4) and (5), with some changes. Both prior provisions are combined into a single provision; speedy trial time limits are no longer set forth, but waiver of double jeopardy is mandated.
(g) Same as Rrule 3.210(b)(3), relating to incompetency to stand trial. See commentary to that Rrule.
(h) A restatement of former Rrule 3.210(e)(7). The provision that experts called by the court shall be deemed court witnesses is new. The former provision relating to free access to the defendant is eliminated as unnecessary.
As to appointment of experts, see section 925.21912.11, Florida Statutes (Supp. 1980) [designated as Fla.St. 1980, Supp. § 912.11].
1988 Amendment. The amendments to this rule, including the title, provide for the affirmative defense of insanity in violation of probation or community control proceedings as well as at trial.
*294 1992 Amendment. The purpose of the amendment is to gender neutralize the wording of the rule.
Introductory Note Relating to Amendments to Rules 3.210 to 3.219. In 1985, the Florida Legislature enacted amendments to Part I of Chapter 394, the "Florida Mental Health Act," and substantial amendments to Chapter 916 entitled "Mentally Deficient and Mentally Ill Defendants." The effect of the amendments is to avoid tying mentally ill or deficient defendants in the criminal justice system to civil commitment procedures in the "Baker Act." Reference to commitment of a criminal defendant found not guilty by reason of insanity has been removed from Section 394.467, Florida Statutes. Chapter 916 now provides for specific commitment criteria of mentally ill or mentally retarded criminal defendants who are either incompetent to proceed or who have been found not guilty by reason of insanity in criminal proceedings.
In part, the following amendments to Rules 3.210 to 3.219 are designed to reflect the 1985 amendments to Chapters 394 and 916.
Florida judges on the criminal bench are committing and HRS mental health treatment facilities are admitting and treating those mentally ill and mentally retarded defendants in the criminal justice system who have been adjudged incompetent to stand trial and defendants found to be incompetent to proceed with violation of probation and community control proceedings. Judges are also finding such defendants not guilty by reason of insanity and committing them to HRS for treatment, yet there were no provisions for such commitments in the rules.
Some of the amendments to Rules 3.210 to 3.219 are designed to provide for determinations of whether or not a defendant is mentally competent to proceed in any material stage of a criminal proceeding, and provide for community treatment or commitment to the Department of Health and Rehabilitative Services when a defendant meets commitment criteria under the provisions of Chapter 916 as amended in 1985. See notes following rule 3.210 for the text of this note.
RULE 3.217. JUDGMENT OF NOT GUILTY BY REASON OF INSANITY: DISPOSITION OF DEFENDANT
(a) Verdict of Not Guilty by Reason of Insanity. When a person is found by the jury or the court not guilty of the offense or is found not to be in violation of probation or community control for the causeby reason of insanity by the jury or the court, the jury or judge in giving the verdict or finding of not guilty judgment shall state that it was given for such causethat reason.
(b) Treatment, Commitment, or Discharge after Acquittal. When a person is found not guilty of the offense or is found not to be in violation of probation or community control for the causeby reason of insanity, if the court shall then determine that the defendant presently meets the criteria set forth by law, the court shall commit the defendant to the Department of Health and Rehabilitative Services or shall order that he receive outpatient treatment at any other appropriate facility or service on an outpatient basis, or shall discharge the defendant. (1) Any order committing the defendant or requiring outpatient treatment or other outpatient service shall contain the following:
(i)(1) Ffindings of fact relating to the issue of commitment or other court-ordered treatment;
(ii)(2) Ccopies of any reports of experts filed with the court; and
(iii)(3) Aany other psychiatric, psychological, or social work report submitted to the court relative to the mental state of the defendant.

Committee Notes
1980 Adoption.
(a) Same substance as in prior rule.
(b) The criteria for commitment are set forth in chapter 394, Florida Statutes. This Rrule incorporates those statutory criteria by reference, and then restates the *295 other alternatives available to the judge under former Rrule 3.210.
See section 925.28912.18, Florida Statutes (Supp. 1980) [designated as Fla.St. 1980, Supp. § 916.18], for criteria.
(1) This sectionsubdivision is equivalent to Rrule 3.212(b)(2); see commentary to that Rrule.
1988 Amendment. The amendments to this rule provide for evaluation of a defendant found not guilty by reason of insanity in violation of probation or community control proceedings as well as at trial. The amendments further reflect 1985 amendments to Cchapter 916, Florida Statutes.
1992 Amendment. The purpose of the amendment is to gender neutralize the wording of the rule.
Introductory Note Relating to Amendments to Rules 3.210 to 3.219. In 1985, the Florida Legislature enacted amendments to Ppart I of Cchapter 394, the "Florida Mental Health Act," and substantial amendments to Cchapter 916 entitled "Mentally Deficient and Mentally Ill Defendants." The effect of the amendments is to avoid tying mentally ill or deficient defendants in the criminal justice system to civil commitment procedures in the "Baker Act." Reference to commitment of a criminal defendant found not guilty by reason of insanity has been removed from Ssection 394.467, Florida Statutes. Chapter 916 now provides for specific commitment criteria of mentally ill or mentally retarded criminal defendants who are either incompetent to proceed or who have been found not guilty by reason of insanity in criminal proceedings.
In part, the following amendments to Rrules 3.210 to 3.219 are designed to reflect the 1985 amendments to Cchapters 394 and 916.
Florida judges on the criminal bench are committing and HRS mental health treatment facilities are admitting and treating those mentally ill and mentally retarded defendants in the criminal justice system who have been adjudged incompetent to stand trial and defendants found to be incompetent to proceed with violation of probation and community control proceedings. Judges are also finding such defendants not guilty by reason of insanity and committing them to HRS for treatment, yet there were no provisions for such commitments in the rules.
Some of the amendments to Rrules 3.210 to 3.219 are designed to provide for determinations of whether or not a defendant is mentally competent to proceed in any material stage of a criminal proceeding, and provide for community treatment or commitment to the Department of Health and Rehabilitative Services when a defendant meets commitment criteria under the provisions of Cchapter 916 as amended in 1985. See notes following rule 3.210 for the text of this note.
RULE 3.218. COMMITMENT OF A DEFENDANT FOUND NOT GUILTY BY REASON OF INSANITY

(a) Commitment; 6-Month Report.
The Department of Health and Rehabilitative Services shall admit to an appropriate facility a defendant found not guilty by reason of insanity pursuant to Rrule 3.217 and found to meet the criteria for commitment for hospitalization and treatment and may retain and treat the defendant. No later than six6 months from the date of admission, the administrator of the facility shall file with the court a report, with copies to all parties, which shall address the issues of further commitment of the defendant. If at any time during the six6-month period, or during any period of extended hospitalization whichthat may be ordered pursuant to this Rrule, the administrator of the facility shall determine that the defendant no longer meets the criteria for commitment, the administrator shall notify the court by such a report with copies to all parties.
(ab) Right to Hearing if Committed upon Acquittal. The court shall hold a hearing within 30 days of the receipt of any such report from the administrator of the facility on the issues raised thereby, and the defendant shall have a right to be present at suchthe hearing. If, following suchthe hearing, the court determines that *296 the defendant continues to meet the criteria for continued commitment or treatment, the court shall order further commitment or treatment for a period not to exceed one1 year. The same procedure shall be repeated prior to the expiration of each additional one1-year period the defendant is retained by the facility.
(bc) Evidence to Determine Continuing Insanity. Prior to any hearing held pursuant to this Rrule, the court may on its own motion, and shall upon motion of counsel for the Sstate or defendant, appoint no fewer than two2 nor more than three3 experts to examine the defendant relative to the criteria for continued commitment or placement of the defendant, and shall specify the date by which such experts shall report to the court on these issues with copies to all parties.

Committee Notes
1980 Adoption. This provision provides for hospitalization of a defendant found not guilty by reason of insanity and is meant to track similar provisions in the rules relating to competency to stand trial and the complementary statutes. It provides for an initial six6-month period of commitment with successive one1-year periods; it provides for reports to the court and for the appointment of experts to examine the defendant when such hearings are necessary. The underlying rationale of this Rrule is to make standard, insofar as possible, the commitment process, whether it be for incompetency to stand trial or following a judgment of not guilty by reason of insanity.
For complementary statute providing for hospitalization of defendant adjudicated not guilty by reason of insanity, see section 925.25912.15, Florida Statutes (Supp. 1980) [designated as Fla.St. 1980, Supp. § 916.15].
1988 Amendment. The amendments to this rule, including the title, provide for commitment of defendants found not guilty by reason of insanity in violation of probation or community control proceedings, as well as those so found at trial. The amendments further reflect 1985 amendments to Cchapter 916, Florida Statutes.
Introductory Note Relating to Amendments to Rules 3.210 to 3.219. In 1985, the Florida Legislature enacted amendments to Ppart I of Cchapter 394, the "Florida Mental Health Act," and substantial amendments to Cchapter 916 entitled "Mentally Deficient and Mentally Ill Defendants." The effect of the amendments is to avoid trying mentally ill or deficient defendants in the criminal justice system to civil commitment procedures in the "Baker Act." Reference to commitment of a criminal defendant found not guilty by reason of insanity has been removed from Ssection 394.467, Florida Statutes. Chapter 916 now provides for specific commitment criteria of mentally ill or mentally retarded criminal defendants who are either incompetent to proceed or who have been found not guilty by reason of insanity in criminal proceedings.
In part, the following amendments to Rrules 3.210 to 3.219 are designed to reflect the 1985 amendments to Cchapters 394 and 916.
Florida judges on the criminal bench are committing and HRS mental health treatment facilities are admitting and treating those mentally ill and mentally retarded defendants in the criminal justice system who have been adjudged incompetent to stand trial and defendants found to be incompetent to proceed with violation of probation and community control proceedings. Judges are also finding such defendants not guilty by reason of insanity and committing them to HRS for treatment, yet there were no provisions for such commitments in the rules.
Some of the amendments to Rrules 3.210 to 3.219 are designed to provide for determinations of whether or not a defendant is mentally competent to proceed in any material stage of a criminal proceeding, and provide for community treatment or commitment to the Department of Health and Rehabilitative Services when a defendant meets commitment criteria under the provisions of Cchapter 916 as amended in 1985. See notes following rule 3.210 for the text of this note.
*297 RULE 3.219. CONDITIONAL RELEASE
(a) Release Plan. The committing court may order a conditional release of any defendant who has been committed according to a finding of incompetency to proceed or an adjudication of not guilty by reason of insanity based on an approved plan for providing appropriate outpatient care and treatment. At such time as the administrator shall determine outpatient treatment of the defendant to be appropriate, hethe administrator may file with the court, with copies to all parties, a written plan for outpatient treatment, including recommendations from qualified professionals. Such a plan may be submitted by the defendant. The plan shall include:
(1) Sspecial provisions for residential care and/or, adequate supervision of the defendant, or both;
(2) Pprovisions for outpatient mental health services; and
(3) Iif appropriate, recommendations for auxiliary services such as vocational training, educational services, or special medical care.
In its order of conditional release, the court shall specify the conditions of release based upon the release plan and shall direct the appropriate agencies or persons to submit periodic reports to the court regarding the defendant's compliance with the conditions of the release, and progress in treatment, with copies to all parties.
(b) Defendant's Failure to Comply. If at any time it appears that the defendant has failed to comply with the conditions of release, or that the defendant's condition has deteriorated to the point that inpatient care is required, or that the release conditions should be modified, the court may, after hearing, modify the release conditions or, if the court finds the defendant meets the statutory criteria for commitment, may order that the defendant be recommitted to the Department of Health and Rehabilitative Services for further treatment.
(c) Discharge. If at any time it is determined after hearing that the defendant no longer requires court-supervised follow-up care, the court shall terminate its jurisdiction in the cause and discharge the defendant.

Committee Notess
1980 Adoption. This sectionrule implements the prior statutory law permitting conditional release.
For complementary statute providing for conditional release, see Ssection 925.27916.17, Florida Statutes (Supp. 1980) [designated as Fla.St. 1980, Supp. § 916.17].
1988 Amendment. The amendments to this rule are designed to reflect amendments to rules 3.210, 3.211, and 3.218 as well as 1985 amendments to Cchapter 916, Florida Statutes.
(b) This provision has been amended to require thatpermit the court mayto recommit a conditionally released defendant to HRS under the provisions of Cchapter 916 only if the court makes a finding that the defendant currently meets the statutory commitment criteria found in Ssection 916.13(1), Florida Statutes.
1992 Amendment. The purpose of the amendment is to gender neutralize the wording of the rule.
Introductory Note Relating to Amendments to Rules 3.210 to 3.219. In 1985, the Florida Legislature enacted amendments to Part I of Chapter 394, the "Florida Mental Health Act," and substantial amendments to Chapter 916 entitled "Mentally Deficient and Mentally Ill Defendants." The effect of the amendments is to avoid tying mentally ill or deficient defendants in the criminal justice system to civil commitment procedures in the "Baker Act." Reference to commitment of a criminal defendant found not guilty by reason of insanity has been removed from Section 394.467, Florida Statutes. Chapter 916 now provides for specific commitment criteria of mentally ill or mentally retarded criminal defendants who are either incompetent to proceed or who have been found not guilty by reason of insanity in criminal proceedings.
In part, the following amendments to Rules 3.210 to 3.219 are designed to reflect the 1985 amendments to Chapters 394 and 916.
*298 Florida judges on the criminal bench are committing and HRS mental health treatment facilities are admitting and treating those mentally ill and mentally retarded defendants in the criminal justice system who have been adjudged incompetent to stand trial and defendants found to be incompetent to proceed with violation of probation and community control proceedings. Judges are also finding such defendants not guilty by reason of insanity and committing them to HRS for treatment yet there were no provisions for such commitments in the rules.
Some of the amendments to Rules 3.210 to 3.219 are designed to provide for determinations of whether or not a defendant is mentally competent to proceed in any material stage of a criminal proceeding, and provide for community treatment or commitment to the Department of Health and Rehabilitative Services when a defendant meets commitment criteria under the provisions of Chapter 916 as amended in 1985. See notes following rule 3.210 for the text of this note.

VI. DISCOVERY
RULE 3.220. DISCOVERY
(a) Notice of Discovery. If a defendant should elect to avail himself ofparticipate in the discovery process provided by these rules, including the taking of discovery depositions, the defendant shall file with the court and serve upon the prosecuting attorney notice of the defendant's intent to participate in discovery. SuchThe "Notice of Discovery" shall bind both the prosecution and defendant to all discovery procedures contained in these rules. The defendant may take discovery depositions upon the filing of suchthe notice. The defendant's participating in the discovery process, including the defendant's taking of the deposition of any person, shall be an election to participate in discovery. If any defendant knowingly or purposely shares in discovery obtained by a codefendant, hethe defendant shall be deemed to have elected to participate in discovery.
(b) Prosecutor's Discovery Obligation.
(1) After the filing of the indictment or informationcharging document, within fifteen15 days after service of the defendant's notice of election to participate in discovery, the prosecutor shall disclose to defense counsel and permit himcounsel to inspect, copy, test, and photograph, the following information and material within the Sstate's possession or control:
(i)(A) Tthe names and addresses of all persons known to the prosecutor to have information whichthat may be relevant to the offense charged, and to any defense with respect thereto. The defendant may take the deposition of any person not designated by the prosecutor as a person:
a.(i) who performed only a ministerial function with respect to the case or whom the prosecutor does not, in good faith, intend to call at trial,; and
(b)(ii) whose involvement with the case and knowledge of the case is fully set out in a police report or other statement furnished to the defense.;
(ii)(B) Tthe statement of any person whose name is furnished in compliance with the preceding paragraphsubdivision. The term "statement" as used herein includes a written statement made by saidthe person and signed or otherwise adopted or approved by him,the person and also includes any statement of any kind or manner made by suchthe person and written or recorded or summarized in any writing or recording. The term "statement" is specifically intended to include all police and investigative reports of any kind prepared for or in connection with the case, but shall not include the notes from which suchthose reports are compiled.;
(iii)(C) Aany written or recorded statements and the substance of any oral statements made by the accused, including a copy of any statements contained in police reports or report summaries, together with the name and address of each witness to the statements.;
(iv)(D) Aany written or recorded statements and the substance of any oral statements *299 made by a codefendant if the trial is to be a joint one.;
(v)(E) Tthose portions of recorded grand jury minutes that contain testimony of the accused.;
(vi)(F) Aany tangible papers or objects whichthat were obtained from or belonged to the accused.;
(vii)(G) Wwhether the Sstate has any material or information whichthat has been provided by a confidential informant.;
(viii)(H) Wwhether there has been any electronic surveillance, including wiretapping, of the premises of the accused, or of conversations to which the accused was a party; and, any documents relating thereto.;
(ix)(I) Wwhether there has been any search or seizure and any documents relating thereto.;
(x)(J) Rreports or statements of experts made in connection with the particular case, including results of physical or mental examinations and of scientific tests, experiments, or comparisons.; and
(xi)(K) Aany tangible papers or objects whichthat the prosecuting attorney intends to use in the hearing or trial and whichthat did were not obtained from or belongedthat did not belong to the accused.
(xii)(2) If the court determines, in camera, that any police or investigative report contains irrelevant, sensitive information or information interrelated with other crimes or criminal activities and the disclosure of the contents of suchthe police report may seriously impair law enforcement or jeopardize the investigation of suchthose other crimes or activities, the court may prohibit or partially restrict suchthe disclosure.
(xiii)(3) The court may prohibit the Sstate from introducing into evidence any of the foregoing material not disclosed, so as to secure and maintain fairness in the just determination of the cause.
(24) As soon as practicable after the filing of the indictment or informationcharging document the prosecutor shall disclose to the defense counsel any material information within the Sstate's possession or control whichthat tends to negate the guilt of the accused as to the offense charged, regardless of whether the defendant has incurred reciprocal discovery obligations.
(35) The prosecutor shall perform the foregoing obligations in any manner mutually agreeable to himthe prosecutor and defense counsel or as ordered by the court.

(c) Disclosure to Prosecution.
(1) After the filing of the indictment or informationcharging document and subject to constitutional limitations, a judicial officer may require the accused to:
(i)(A) Aappear in a line-uplineup;
(ii)(B) Sspeak for identification by witnesses to an offense;
(iii)(C) Bbe fingerprinted;
(iv)(D) Ppose for photographs not involving reenactment of a scene;
(v)(E) Ttry on articles of clothing;
(vi)(F) Ppermit the taking of specimens of material under histhe defendant's fingernails;
(vii)(G) Ppermit the taking of samples of histhe defendant's blood, hair, and other materials of histhe defendant's body whichthat involves no unreasonable intrusion thereof;
(viii)(H) Pprovide specimens of histhe defendant's handwriting; and
(ix)(I) Ssubmit to a reasonable physical or medical inspection of histhe defendant's body.
(2) Whenever the personal appearance of the accused is required for the foregoing purposes, reasonable notice of the time and place of suchthe appearance shall be given by the prosecuting attorney to the accused and his or her counsel. Provisions may be made for appearances for such purposes in an order admitting the accused to bail or providing for his pre trialthe accused's pretrial release.

(d) Defendant's Obligation.
(1) If a defendant elects to participate in discovery, either through filing the appropriate notice or by participating in any discovery process, including the taking of a *300 discovery deposition, the following disclosures shall be made:
(1)(A) Within seven7 days after receipt by the defendant of the list of names and addresses furnished by the prosecutor pursuant to Section (b)(1)(i)subdivision (b)(1)(A) of this Rrule, the defendant shall furnish to the prosecutor a written list of the names and addresses of all witnesses whom the defendant expects to call as witnesses at the trial or hearing. When the prosecutor subpoenas a witness whose name has been furnished by the defendant, except for trial subpoenas, reasonable notice shall be given to the defendant as to the time and place of examination pursuant to the subpoena. At such examination, the defendant, through defense counsel, shall have the right to be present and to examine the witness. The physical presence of the defendant shall be governed by Rrule 3.220(h)(6) below.
(2)(B) The defendant shall disclose to the prosecutor and permit himthe prosecutor to inspect, copy, test, and photograph, the following information and material whichthat is in the defendant's possession or control:
(i) Tthe statement of any person listed in sectionsubdivision (d)(1)(A), above, other than that of the defendant.;
(ii) Rreports or statements of experts made in connection with the particular case, including results of physical or mental examinations and of scientific tests, experiments, or comparisons.; and
(iii) Aany tangible papers or objects whichthat the defendant intends to use in the hearing or trial.
(2) The defendant shall make the foregoing disclosures within fifteen15 days after receipt by himthe defendant of the corresponding disclosure from the prosecutor. The defendant shall perform the foregoing obligations in any manner mutually agreeable to him the defendant and the prosecutor;, or as ordered by the court.
(3) The filing of a motion for protective order by the prosecutor will automatically stay the times provided for in this section-subdivision. If a protective order is granted, the defendant may, within two2 days thereafter, or at any time before the prosecutor furnishes the information or material whichthat is the subject of the motion for protective order, withdraw histhe defendant's notice of discovery and not be required to furnish reciprocal discovery.
(e) Restricting Disclosure. The court on its own initiative or on motion of counsel shall deny or partially restrict disclosures authorized by this Rrule if it finds there is a substantial risk to any person of physical harm, intimidation, bribery, economic reprisals, or unnecessary annoyance or embarrassment resulting from suchthe disclosure, whichthat outweighs any usefulness of the disclosure to either party.
(f) Additional Discovery. UponOn a showing of materiality, the court may require such other discovery to the parties as justice may require.
(g) Matters Not Subject to Disclosure.
(1) Work Product. Disclosure shall not be required of legal research or of records, correspondence, reports, or memoranda, to the extent that they contain the opinions, theories, or conclusions of the prosecuting or defense attorney, or members of histheir legal staffs.
(2) Informants. Disclosure of a confidential informant shall not be required unless the confidential informant is to be produced at a hearing or trial, or a failure to disclose histhe informant's identity will infringe the constitutional rights of the accused.

(h) Discovery Depositions.
(1) Generally. At any time after the filing of the indictment or information charging document the defendant may take the deposition upon oral examination of any person who may have information relevant to the offense charged. Subject to the provisions of this rule, a party taking a deposition shall give reasonable written notice to each other party. The notice shall state the time and place the deposition is to be taken and the name of each person to be examined. After notice to the parties the court may, for good cause shown, extend or shorten the time and may change the *301 place of taking. Except as provided herein, the procedure for taking suchthe deposition, including the scope of the examination, shall be the same as that provided in the Florida Rules of Civil Procedure. Any deposition taken pursuant hereto may be used by any party for the purpose of contradicting or impeaching the testimony of the deponent as a witness. The trial court or its clerk shall, upon application, issue subpoenas for the persons whose depositions are to be taken. In any case, including multiple defendant or consolidated cases, no person shall be deposed more than once except by consent of the parties, or by order of the court issued upon good cause shown. A resident of the Sstate may be required to attend an examination only in the county wherein hethe person resides, or is employed, or regularly transacts his or her business in person. A person who refuses to obey a subpoena served upon him or her may be adjudged in contempt of the court from which the subpoena issued.
(i)(A) No defendant may take the deposition of a person designated under section (b)(1)(i)subdivision (b)(1)(A) above unless an order has been entered by the trial court permitting the taking of saidthe deposition based upon good cause shown by the defendant.
(ii)(B) Abuses by either the prosecutor or the defendant in designating and seeking to take the depositions of those persons designated under subdivision 3.220(b)(1)(i)(A) above are subject to the sanctions provision of this rule.
(iii)(C) No deposition shall be taken in a case wherein which the defendant is only charged only with a misdemeanor or a criminal traffic offense when all other discovery provided by this rule has been complied with unless good cause can be shown to the trial court. In determining whether to allow a deposition, the court should consider the consequences to the defendant, the complexity of the issues involved, the complexity of the witness' testimony (e.g., experts), and the other opportunities available to the defendant to discover the information sought by deposition. However, this prohibition against the taking of depositions shall not be applicable if following the furnishing of discovery by the defendant the Sstate then takes the statement of a listed defense witness pursuant to Florida Statutessection 27.04, Florida Statutes.
(2) Transcripts. No transcript of a deposition for which a county may be obligated to expend funds shall be ordered by a party unless it is:
(a)(A) agreed between the Sstate and any defendant that the deposition should be transcribed and a written agreement certifying that the deposed witness is material or specifying other good cause is filed with the court, or
(b)(B) ordered by the court upon a showing that the deposed witness is material or upon showing of good cause.
This rule shall not apply to applications for reimbursement of costs pursuant to Florida Statutesection 939.06, Florida Statutes, and Aarticle I, Ssection 9, of the Florida Constitution.
(3) Place of Deposition. The deposition shall be taken in a building where the trial will be held, such other place agreed upon by the parties, or such place as the trial judge, administrative judge, or the chief judge, may designate by special or general order.
(4) Depositions of Sensitive Witnesses. Depositions of children under the age of 16 shall be videotaped unless otherwise ordered by the court. The court may order the videotaping of a deposition or the taking of a deposition of a witness with fragile emotional strength to be in the presence of the trial judge or a special master.
(5) Witness Coordinating Office/Notice of Taking Deposition. If a witness coordinating office has been established in the jurisdiction pursuant to applicable Florida Statutes the deposition of any law enforcement officer should be coordinated through suchthat office. The Wwitness Ccoordinating Ooffice should attempt to schedule depositions of witnesses, especially law enforcement officers, at a time and place convenient for the witness and acceptable to counsel for both the defense and the prosecution.
*302 (6) Defendant's Physical Presence. A defendant shall not be physically present at a deposition except upon stipulation of the parties or upon court order for good cause shown.
(i)(A) The defendant may move the court for an order permitting physical presence of the defendant upon a showing of good cause. In ruling on such athe motion, the court may consider the need for the physical presence of the defendant to obtain effective discovery, the intimidating effect of the defendant's presence on the witness, if any, and any cost or any inconvenience related to the defendant's presence.
(ii)(B) In considering the defendant's motion to be physically present at a discovery deposition, the court may consider alternative electronic or audio/visual means to protect the defendant's ability to participate in discovery without histhe defendant's physical presence.
(7) Telephonic Statements. UpoOn stipulation of the parties and the consent of the witness, the statement of a law enforcement officer may be taken by telephone in lieu of the deposition of the officer. In such case, the officer need not be under oath. The statement, however, shall be recorded and may be used for impeachment at trial as a prior inconsistent statement pursuant to the Florida Evidence Code.
(i) Investigations Not to Be Impeded. Except as is otherwise provided as to matters not subject to disclosure or restricted by protective orders, neither the counsel for the parties nor other prosecution or defense personnel shall advise persons having relevant material or information (except the accused) to refrain from discussing the case with opposing counsel, or showing opposing counsel any relevant material, nor shall they otherwise impede opposing counsel's investigation of the case.
(j) Continuing Duty to Disclose. If, subsequent to compliance with the rules, a party discovers additional witnesses or material which hethat the party would have been under a duty to disclose or produce at the time of suchthe previous compliance, hethe party shall promptly disclose or produce suchthe witnesses or material in the same manner as required under these rules for initial discovery.
(k) Court May Alter Times. The court may alter the times for compliance with any discovery under these rules upon good cause shown.
(l) Protective Orders. UpoOn a showing of good cause, the court shall at any time order that specified disclosures be restricted or deferred, that certain matters not be inquired into, or that the scope of the deposition be limited to certain matters, that a deposition be sealed and after being sealed be opened only by order of the court, or make such other order as is appropriate to protect a witness from harassment, unnecessary inconvenience, or invasion of privacy, provided that all material and information to which a party is entitled must be disclosed in time to permit suchthe party to make beneficial use thereof.
(m) In Camera Proceedings. UpoOn request of any person, the court may permit any showing of cause for denial or regulation of disclosures, or any portion of such showing, to be made in camera. A record shall be made of such proceedings. If the court enters an order granting the relief following a showing in camera, the entire record of suchthe showing shall be sealed and preserved in the records of the court, to be made available to the appellate court in the event of an appeal.
(n) Sanctions.
(1) If, at any time during the course of the proceedings, it is brought to the attention of the court that a party has failed to comply with an applicable discovery rule or with an order issued pursuant to an applicable discovery rule, the court may order suchthe party to comply with the discovery or inspection of materials not previously disclosed or produced, grant a continuance, grant a mistrial, prohibit the party from calling a witness not disclosed or introducing in evidence the material not disclosed, or enter such other order as it deems just under the circumstances.
(2) Willful violation by counsel of an applicable discovery rule, or an order issued *303 pursuant thereto, shall subject counsel to appropriate sanctions by the court. SuchThe sanctions may include, but are not limited to, contempt proceedings against the attorney, as well as the assessment of costs incurred by the opposing party, wherewhen appropriate.
(3) Every request for discovery or response or objection, including a notice of deposition made by a party represented by an attorney, shall be signed by at least one1 attorney of record in the attorney's individual name, whose address shall be stated. A party who is not represented by an attorney shall sign the request, response, or objection and list his or her address. The signature of the attorney or party constitutes a certification that the signer has read the request, response, or objection, and that to the best of the signer's knowledge, information, or belief formed after a reasonable inquiry it is:
(i)(A) consistent with these rules and warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law;
(ii)(B) not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; and
(iii)(C) not unreasonable or unduly burdensome or expensive, given the needs of the case, and the importance of the issues at stake in the litigation.
If a request, response, or objection is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the party making the request, response, or objection, and a party shall not be obligated to take any action with respect to it until it is signed.
If a certification is made in violation of this Rrule, the court, upon motion or upon its own initiative, shall impose upon the person who made the certification, the firm or agency with which the person is affiliated, the party on whose behalf the request, response, or objection is made, or any or all of the above, an appropriate sanction, which may include an order to pay the amount of the reasonable expenses incurred because of the violation, including a reasonable attorney's fee.
(o) Costs of Indigents. After a defendant is adjudged insolvent, the reasonable costs incurred in the operation of these rules shall be taxed as costs against the county.
(p) Pre-trailPretrial Conference. The trial court may hold one1 or more pretrialpretrial conferences, with trial counsel present, to consider such matters as will promote a fair and expeditious trial. The accused shall be present unless hethe accused waives this in writing.

Committee Notes
1968 Adoption.
(a)(1) This is substantially the same as section 925.05, Florida Statutes.
(a)(2) This is new and allows a defendant rights which he did not have, but must be considered in light of subdivision (c).
(a)(3) This is a slight enlargement upon the present practice; however, from a practical standpoint, it is not an enlargement, but merely a codification of section 925.05, Florida Statutes, with respect to the defendant's testimony before a grand jury.
(b) This is a restatement of section 925.04, Florida Statutes, except for the change of the word "may" to "shall."
(c) This is new and affords discovery to the state within the trial judge's discretion by allowing the trial judge to make discovery under (a)(2) and (b) conditioned upon the defendant giving the state some information if the defendant has it. This affords the state some area of discovery which it did not previously have with respect to (b). A question was raised concerning the effect of (a)(2) on FBI reports and other reports which are submitted to a prosecutor as "confidential" but it was agreed that the interests of justice would be better served by allowing this rule and that, after the appropriate governmental authorities are made aware of the fact that their reports may be subject to compulsory disclosure, no harm to the state will be done.
*304 (d) and (e) This gives the defendant optional procedures. (d) is simply a codification of section 906.29, Florida Statutes, except for the addition of "addresses." The defendant is allowed this procedure in any event. (e) affords the defendant the additional practice of obtaining all of the state's witnesses, as distinguished from merely those on whose evidence the information, or indictment, is based, but only if the defendant is willing to give the state a list of all defense witnesses, which must be done to take advantage of this rule. The confidential informant who is to be used as a witness must be disclosed; but it was expressly viewed that this should not otherwise overrule present case law on the subject of disclosure of confidential informants, either where disclosure is required or not required.
(f) This is new and is a compromise between the philosophy that the defendant should be allowed unlimited discovery depositions and the philosophy that the defendant should not be allowed any discovery depositions at all. The purpose of the rule is to afford the defendant relief from situations when witnesses refuse to "cooperate" by making pretrial disclosures to the defense. It was determined to be necessary that the written signed statement be a criterion because this is the only way witnesses can be impeached by prior contradictory statements. The word "cooperate" was intentionally left in the rule, although the word is a loose one, so that it can be given a liberal interpretation, i.e., a witness may claim to be available and yet never actually submit to an interview. Some express the view that the defendant is not being afforded adequate protection because the cooperating witness will not have been under oath, but the subcommittee felt that the only alternative would be to make unlimited discovery depositions available to the defendant which was a view not approved by a majority of the subcommittee. Each minority is expressed by the following alternative proposals:
Alternative Proposal (1): When a person is charged with an offense, at any time after the filing of the indictment, information, or affidavit upon which the defendant is to be tried, such person may take the deposition of any person by deposition upon oral examination for the purpose of discovery. The attendances of witnesses may be compelled by the use of subpoenas as provided by law. The deposition of a person confined in prison may be taken only by leave of court on such terms as the court prescribes. The scope of examination and the manner and method of taking such deposition shall be as provided in the Florida Rules of Civil Procedure and the deposition may be used for the purpose of contradicting or impeaching the testimony of a deponent as a witness.
Alternative Proposal (2): If a defendant signs and files a written waiver of his or her privilege against self-incrimination and submits to interrogation under oath by the prosecuting attorney, then the defendant shall be entitled to compulsory process for any or all witnesses to enable the defendant to interrogate them under oath, before trial, for discovery purposes.
A view was expressed that some limitation should be placed on the state's rights under sections 27.04 and 32.20, Florida Statutes, which allow the prosecutor to take all depositions unilaterally at any time. It was agreed by all members of the subcommittee that this right should not be curtailed until some specific time after the filing of an indictment, information, or affidavit, because circumstances sometimes require the filing of the charge and a studied marshalling of evidence thereafter. Criticism of the present practice lies in the fact that any time up to and during the course of the trial the prosecutor can subpoena any person to the privacy of the prosecutor's office without notice to the defense and there take a statement of such person under oath. The subcommittee was divided, however, on the method of altering this situation and the end result was that this subcommittee itself should not undertake to change the existing practice, but should make the Supreme Court aware of this apparent imbalance.
*305 (g) This is new and is required in order to make effective the preceding rules.
(h) This is new and, although it encompasses relief for both the state and the defense, its primary purpose is to afford relief in situations when witnesses may be intimidated and a prosecuting attorney's heavy docket might not allow compliance with discovery within the time limitations set forth in the rules. The words, "sufficient showing" were intentionally included in order to permit the trial judge to have discretion in granting the protective relief. It would be impossible to specify all possible grounds which can be the basis of a protective order. This verbiage also permits a possible abuse by a prosecution-minded trial judge, but the subcommittee felt that the appellate court would remedy any such abuse in the course of making appellate decisions.
(i) This is new and, although it will entail additional expense to counties, it was determined that it was necessary in order to comply with the recent trend of federal decisions which hold that due process is violated when a person who has the money with which to resist criminal prosecution gains an advantage over the person who is not so endowed. Actually, there is serious doubt that the intent of this subdivision can be accomplished by a rule of procedure; a statute is needed. It is recognized that such a statute may be unpopular with the legislature and not enacted. But, if this subdivision has not given effect there is a likelihood that a constitutional infirmity (equal protection of the law) will be found and either the entire rule with all subdivisions will be held void or confusion in application will result.
(j) This provision is necessary since the prosecutor is required to assume many responsibilities under the various subdivisions under the rule. There are no prosecuting attorneys, either elected or regularly assigned, in justice of the peace courts. County judge's courts, as distinguished from county courts, do not have elected prosecutors. Prosecuting attorneys in such courts are employed by county commissions and may be handicapped in meeting the requirements of the rule due to the irregularity and uncertainty of such employment. This subdivision is inserted as a method of achieving as much uniformity as possible in all of the courts of Florida having jurisdictions to try criminal cases.
1972 RevisionAmendment. The committee studied the ABA Standards for Criminal Justice relating to discovery and procedure before trial. Some of the Sstandards are incorporated in the committee's proposal, others are not. Generally, the Sstandards are divided into five5 parts:
Part I deals with policy and philosophy and, while the committee approves the substance of Part I, it was determined that specific rules setting out this policy and philosophy should not be proposed.
Part II provides for automatic disclosures (avoiding judicial labor) by the prosecutor to the defense of almost everything within the prosecutor's knowledge, except for work product and the identity of confidential informants. The committee adopted much of Part II, but felt that the disclosure should not be automatic in every case; the disclosure should be made only after request or demand and within certain time limitations. The ABA Standards do not recommend reciprocity of discovery, but the committee deemed that a large degree of reciprocity is in order and made appropriate recommendations.
Part III of the ABA Standards recommends some disclosure by the defense (not reciprocal) to which the Sstate was not previously entitled. The committee adopted Part III and enlarged upon it.
Part IV of the Standards sets forth methods of regulation of discovery by the court. Under the Standards the discovery mentioned in Parts II and III would have been automatic and without the necessity of court orders or court intervention. Part III provides for procedures of protection of the parties and was generally incorporated in the recommendations of the committee.
Part V of the ABA Standards deals with Oomnibus Hhearings and pre-trialpretrial conferences. The committee rejected part of the Standards dealing with Oomnibus *306 Hhearings because it felt that it was superfluous under Florida procedure. The Florida committee determined that a trial judgecourt may, within hisat its discretion, schedule a hearing for the purposes enumerated in the ABA Omnibus Hearing, and that a rule authorizing it is not necessary. Some of the provisions of the ABA Omnibus Hearing were rejected by the Florida committee, i.e., stipulations as to issues, waivers by defendant, etc. A modified form of pre-trialpretrial conference was provided in the proposals by the Florida committee.
(a)(1)(i) Same as ABA Standard 2.1(a)(i) and substance of Standard 2.1(e). Formerly Florida Criminal Procedure Rule of Criminal Procedure 3.220(e) authorized exchange of witness lists. When considered with proposal 3.220(a)(3), it is seen that the proposal represents no significant change.
(ii) This rule is a modification of Standard 2.1(a)(ii) and is new in Florida, although some such statements might have been discoverable under Florida Criminal Procedure Rrule 3.220(f). Definition of "statement" is derived from 18 U.S.C. § 3500.
Requiring law enforcement officers to include irrelevant or sensitive material in their disclosures to the defense would not serve justice. Many investigations overlap and information developed as a by productbyproduct of one investigation may form the basis and starting point for a new and entirely separate one. Also, the disclosure of any information obtained from computerized records of the Florida Crime Information Center and the National Crime Information Center should be subject to the regulations prescribing the confidentiality of such information so as to safeguard the right of the innocent to privacy.
(iii) Same as Standard 2.1(a)(ii) relating to statements of accused; words, "... known to the prosecutor, together with the name and address of each witness to the statement" added and is new in Florida.
(iv) From Standard 2.1(a)(ii). New in Florida.
(v) From Standard 2.1(a)(iii) except for addition of words, "that have been recorded" which were inserted to avoid any inference that the proposed rule makes recording of grand jury testimony mandatory. This discovery was formerly available under Florida Criminal Procedure Rrule 3.220(a)(3).
(vi) From Standard 2.1(a)(v). Words, "books, papers, documents, photographs" were condensed to "papers or objects" without intending to change their meaning. This was previously available under Florida Criminal Procedure Rrule 3.220(b).
(vii) From Standard 2.1(b)(i) except word "confidential" was added to clarify meaning. This is new in this form.
(viii) From Standard 2.1(b)(iii) and is new in Florida in this form. Previously this was disclosed upon motion and order.
(ix) From Standard 2.3(a), but also requiring production of "documents relating thereto" such as search warrants and affidavits. Previously this was disclosed upon motion and order.
(x) From Standard 2.1(a)(iv). Previously available under Florida Criminal Procedure Rrule 3.220(a)(2). Defendant must reciprocate under proposalproposed rule 3.220(b)(4).
(xi) Same committee note as (b) under this subsectionsubdivision.
(2) From Standard 2.1(c) except omission of words "or would tend to reduce his punishment therefor" which should be included in sentencing.
(3) Based upon Standard 2.2(a) and (b) except Standards required prosecutor to furnish voluntarily and without demand while this proposal requires defendant to make demand and permits prosecutor 15 days in which to respond.
(4) From Standards 2.5(b) and 4.4. Substance of this proposal previously available under Florida Criminal Procedure Rrule 3.220(h).
(5) From Standard 2.5. New in Florida.
(b)(1) From Standard 3.1(a). New in Florida.
*307 (2) From Standard 3.1(b). New in Florida.
(3) Standards did not recommend that defendant furnish prosecution with reciprocal witness list; however, formerly, Florida Criminal Procedure Rrule 3.220(e) did make such provision. The committee recommended continuation of reciprocity.
(4) Standards did not recommend reciprocity of discovery. Previously, Florida Criminal Procedure Rrules required some reciprocity. The Ccommittee recommended continuation of former reciprocity and addition of exchanging witness' statement other than defendants'.
(c) From Standard 2.6. New in Florida, but generally recognized in decisions.
(d) Not recommended by Standards. Previously permitted under Florida Criminal Procedure Rrule 3.220(f) except for change limiting the place of taking the deposition and eliminating requirement that witness refuse to give voluntary signed statement.
(e) From Standard 4.1. New in Florida.
(f) Same as Florida Criminal Procedure Rrule 3.220(g).
(g) From Standard 4.4 and Florida Criminal Procedure Rrule 3.220(h).
(h) From Standard 4.4 and Florida Criminal Procedure Rrule 3.220(h).
(i) From Standard 4.6. Not previously covered by rule in Florida, but permitted by decisions.
(j)(1) From Standard 4.7(a). New in Florida except court discretion permitted by Florida Criminal Procedure Rrule 3.220(g).
(2) From Standard 4.7(b). New in Florida.
(k) Same as prior rule.
(1) Modified Standard 5.4. New in Florida.
1977 Amendment. The proposed change only removes the comma which currently appears after (a)(1).
1980 Amendment. The intent of the rule change is to guarantee that the accused will receive those portions of police reports or report summaries which contain any written, recorded, or oral statements made by the accused.
1986 RevisionAmendment. The showing of good cause under (d)(2) of this rule may be presented ex parte or in camera to the court.
Comments 1989 Amendments
1989 Amendment. 3.220(a). The purpose of this change is to ensure reciprocity of discovery. Under the previous rule, the defendant could tailor discovery, demanding only certain items of discovery with no requirement to reciprocate items other than those demanded. A defendant could avoid reciprocal discovery by taking depositions, thereby learning of witnesses through the deposition process, and then deposing those witnesses without filing a demand for discovery. With this change, once a defendant opts to use any discovery device, the defendant is required to produce all items designated under the discovery rule, whether or not the defendant has specifically requested production of those items.
Former paragraphsubdivision (c) is reletteredrelettered (b). Under (b)(1) the prosecutor's obligation to furnish a witness list is conditioned upon the defendant filing a "Notice of Discovery."
Former paragraphsubdivision (a)(1)(i) is re-numberedrenumbered (b)(1)(i) and, as amended, limits the ability of the defense to take depositions of those persons designated by the prosecutor as witnesses who should not be deposed because of their tangential relationship to the case. This does not preclude the defense attorney or hisa defense investigator from interviewing any witness, including a police witness, about his or herthe witness's knowledge of the case.
This change is intended to meet a primary complaint of law enforcement agencies, that depositions are frequently taken of persons who have no knowledge of the events leading to the charge, but whose names are disclosed on the witness list. Examples of these persons are transport officers, evidence technicians, etc.
*308 In order to permit the defense to evaluate the potential testimony of those individuals designated by the prosecutor, their testimony must be fully set forth in some document, generally a police report.
(a)(1)(ii) is re-numberedrenumbered (b)(1)(ii). This paragraphsubdivision is amended to require full production of all police incident and investigative reports, of any kind, that are discoverable, provided there does not exist someno independent reason for restricting their disclosure. The term "statement" is intended to include summaries of statements of witnesses made by investigating officers as well as statements adopted by the witnesses themselves.
The protection against disclosure of sensitive information, or information that otherwise should not be disclosed, formerly set forth in (a)(1)(i), is retained, but transferred to paragraphsubdivision (b)(1)(xii).
The prohibition sanction is not eliminated, but is transferred to paragraphsubdivision (b)(1)(xiii). "Shall" has been changed to "may" in order to reflect the procedure for imposition of sanctions specified in Richardson v. State, 246 So.2d 771 (Fla. 1971).
The last phrase of re-numbered paragraphrenumbered subdivision (b)(2) is added to emphasize that constitutionally required Brady material must be produced regardless of the defendant's election to participate in the discovery process.
Former paragraphsubdivision (b) is reletteredrelettered (c).
Former paragraphsubdivisions (b)(3) and (4) are now included in new paragraphsubdivision (d). An introductory phrase has been added to paragraphsubdivision (d). ParagraphSubdivision (d) reflects the change in nomenclature from a "Demand for Discovery" to the filing of a "Notice of Discovery."
As used in paragraphsubdivision (d), the word "defendant" is intended to refer to the party rather than to the person. Any obligations incurred by the "defendant" are incurred by the defendant's attorney if the defendant is represented by counsel and by the defendant himselfpersonally if the defendant is representing himselfnot represented.
The right of the defendant to be present and to examine witnesses, set forth in renumbered paragraphrenumbered subdivision (d)(1), refers to the right of the defense, as party to the action. The term refers to the attorney for the defendant if the defendant is represented by counsel. The right of the defendant himself to be physically present at the deposition is controlled by new paragraphsubdivision (h)(6).
Re-numbered paragraphRenumbered subdivision (d)(2), as amended, reflects the new Nnotice of Ddiscovery procedure. If the defendant elects to participate in discovery, the defendant is obligated to furnish full reciprocal disclosure.
Paragraphsubdivision (e) was previously numbered (a)(4). This paragraphsubdivision has been modified to permit the remedy to be sought by either prosecution or defense.
Paragraphsubdivision (f) was previously numbered (a)(5) and has been modified to permit the prosecutor, as well as the defense attorney, to seek additional discovery.
Former paragraphsubdivision (c) is reletteredrelettered (g).
Former paragraphsubdivision (d) is reletteredrelettered (h). Re-numbered paragraphRenumbered subdivision (h)(1) has been amended to reflect the restrictions on deposing a witness designated by the prosecution under (b)(1)(i) (designation of a witness performing ministerial duties only or one who will not be called at trial).
(h)(1)(ii) is added to provide that a deposition of a witness designated by the prosecutor under (b)(1)(i) may be taken only upon good cause shown by the defendant to the court.
(h)(1)(ii) is added to provide that abuses by attorneys of the provisions of (b)(1)(i) are subject to stringent sanctions.
New paragraphsubdivision (h)(1)(iii) abolishes depositions in misdemeanor cases except uponwhen good cause is shown.
*309 A portion of former paragraphsubdivision (d)(1) is re-numberedrenumbered (h)(3). This paragraphsubdivision now permits the administrative judge or chief judge, in addition to the trial judge, to designate the place for taking the deposition.
New paragraphsubdivision (h)(4) recognizes that children and some adults are especially vulnerable to intimidation tactics. Although it has been shown that such tactics are infrequent, they should not be tolerated because of the traumatic effect on the childwitness. The videotaping of the deposition will enable the trial judge to control such tactics. Provision is also made to protect witnesses of fragile emotional strength because of their vulnerability to intimidation tactics.
New paragraphsubdivision (h)(5) emphasizes the necessity for the establishment, in each jurisdiction, of an effective Wwitness Ccoordinating Ooffice. The Florida Legislature has authorized the establishment of such office through Florida Statutesection 43.35, Florida Statutes. This paragraphsubdivision is intended to make depositions of witnesses and law enforcement officers as convenient as possible for the witnesses and with minimal disruption of law enforcement officers' official duties.
New paragraphsubdivision (h)(6) recognizes that one of the most frequent complaints from child protection workers and from rape victim counselors is that the presence of the defendant intimidates the witnesses. The trauma to the victim surpasses the benefit to the defense of having the defendant present at the deposition. Since there is no right, other than that given by the rules of procedure, for a defendant to attend a deposition, the Florida Supreme Court Commission on Criminal Discovery believes that no such right should exist in those cases. The "defense," of course, as a party to the action, has a right to be present through counsel at the deposition. In this sectionsubdivision, the word "defendant'" is meant to refer to the person of the defendant, not to the defense as a party. See comments to rules 3.220(d) and 3.220(d)(1).
Although defendants have no right to be present at depositions and generally there is no legitimate reason for their presence, their presence is appropriate in certain cases. An example is a complex white collar fraud prosecution in which the defendant must explain the meaning of technical documents or terms. Cases requiring the defendant's presence are the exception rather than the rule. Accordingly, (h)(6)(i)-(ii) preclude the presence of defendants at depositions unless agreed to by the parties or ordered by the court. These paragraphssubdivisions set forth factors that a court should take into account in considering motions to allow a defendant's presence.
New paragraphsubdivision (h)(7) permits the defense to obtain needed factual information from law enforcement officers by informal telephone deposition. Recognizing that the formal deposition of a law enforcement officer is often unnecessary, this procedure will permit such discovery at a significant reduction of costs.
Former paragraphsubdivisions (e), (f), and (g) are re-letteredrelettered (i), (j), and (k), respectively.
Former paragraphsubdivision (h) is reletteredrelettered (1) and is modified to emphasize the use of protective orders to protect witnesses from harassment or intimidation and to provide for limiting the scope of the deposition as to certain matters.
Former paragraphsubdivision (i) is re-letteredrelettered (m).
Former paragraphsubdivision (j) is re-letteredrelettered (n).
Re-numberedRenumbered (n)(2) is amended to provide that sanctions are mandatory if the court finds willful abuse of discovery. Although the amount of sanction is discretionary, some sanction must be imposed.
(n)(3) is new and tracks the certification provisions of federal procedure. The very fact of signing such a certification will make counsel cognizant of the effect of that action.
*310 ParagraphSubdivision (k) is re-letteredrelettered (o).
ParagraphSubdivision (l) is re-letteredrelettered (p).
1992 Amendment. The proposed amendments change the references to "indictment or information" in subdivisions (b)(1), (b)(2), (c)(1), and (h)(1) to "charging document." This amendment is proposed in conjunction with amendments to rule 3.125 to provide that all individuals charged with a criminal violation would be entitled to the same discovery regardless of the nature of the charging document (i.e., indictment, information, or notice to appear).

VII. DISQUALIFICATION AND SUBSTITUTION OF JUDGE
RULE 3.230. DISQUALIFICATION OF JUDGE
(a) Grounds for Disqualification. The Sstate or the defendant may move to disqualify the judge assigned to try the cause on the grounds: that the judge is prejudiced against the movant or in favor of the adverse party; that, the defendant is related to the said judge by consanguinity or affinity within the third degree; or that said, the judge is related to an attorney or counselor of record for the defendant or the Sstate by consanguinity or affinity within the third degree;, or that saidthe judge is a material witness for or against one of the parties to saidthe cause.
(b) Motion to Be in Writing. Every motion to disqualify shall be in writing and be accompanied by two2 or more affidavits setting forth facts relied upon to show the grounds for disqualification, and a certificate of counsel of record that the motion is made in good faith.
(c) Time for Filing. A motion to disqualify a judge shall be filed no less than 10 days before the time the case is called for trial unless good cause is shown for failure to so file within such time.
(d) Determination of Legal Sufficiency. The judge presiding shall examine the motion and supporting affidavits to disqualify himthe judge for prejudice to determine their legal sufficiency only, but shall not pass on the truth of the facts alleged nor adjudicate the question of disqualification. If the motion and affidavits are legally sufficient, the presiding judge shall enter an order disqualifying himself or herself and proceed no further therein. Another judge shall be designated in a manner prescribed by applicable laws or rules for the substitution of judges for the trial of causes where the judge presiding is disqualified.
(e) Ruling on Motion. When the prosecuting attorney or defendant shall havehas suggested the disqualification of a trial judge and an order shall havehas been made admitting the disqualification of such judge, and another judge shall havehas been assigned to act in lieu of the judge so held to be disqualified, the judge so assigned shall not be disqualified on account of alleged prejudice against the party making the motion in the first instance, or in favor of the adverse party, unless such judge shall admit and hold that it is then a fact that he, the said judge, does not stand fair and impartial between the parties and if suchthe judge shall hold, rule, and adjudge that hethe judge does stand fair and impartial as between the parties and their respective interest, hethe judge shall cause suchthat ruling to be entered on the minutes of the court, and shall proceed to preside as judge in the pending cause. The ruling of suchthe judge may be reviewed by the appellate court, as are other rulings of the trial court.

Committee Notess
1968 Adoption. Substantially same as section 911.01, Florida Statutes, except requirement that affidavits of "citizens" of county is omitted. The standing committee on Florida court rules raised the question as to whether or not this rule is procedural or substantive and directed the subcommittee to call this fact to the attention of the Supreme Court.
1972 Amendment. Same as prior rule.
RULE 3.231. SUBSTITUTION OF JUDGE
If by reason of death or disability the judge before whom a trial has commenced *311 is unable to proceed with the trial, or post-trial proceedings, another judge, certifying that he or she has familiarized himselfbecome familiar with the case, may proceed with the disposition of the case.

Committee Notess
1972 Adoption. New. Follows ABA Standard 4.3, Trial by Jury. Inserted to provide for substitution of trial judge in specified instances.

VIII. CHANGE OF VENUE
RULE 3.240. CHANGE OF VENUE
(a) Grounds for Motion. The Sstate or the defendant may move for a change of venue on the ground that a fair and impartial trial cannot be had in the county where the case is pending for any reason other than the interest and prejudice of the trial judge.
(b) Contents of Motion. Every motion for change of venue shall be in writing and be accompanied by:
(1) Aaffidavits of the movant and two2 or more other persons setting forth facts upon which the motion is based; and
(2) Aa certificate by the movant's counsel that the motion is made in good faith.
(c) Time for Filing. A motion for change of venue shall be filed no less than 10 days before the time the case is called for trial unless good cause is shown for failure to file within such time.
(d) Action on Motion. The court shall consider the affidavits filed by all parties and receive evidence on every issue of fact necessary to its decision. If the court grants the motion it shall make an order removing the cause to the court having jurisdiction to try such offense in some other convenient county where a fair and impartial trial can be had.
(e) Defendant in Custody. If the defendant is in custody, the order shall direct that hethe defendant be forthwith delivered to the custody of the sheriff of the county to which the cause is removed.
(f) Transmittal of Documents. The clerk shall enter on the minutes the order of removal and transmit to the court to which the cause is removed a certified copy of the order of removal and of the record and proceedings and of the undertakings of the witnesses and the accused.
(g) Attendance by Witnesses. When the cause is removed to another court the witnesses who have entered into undertakings to appear at the trial shall, on notice of such removal, attend the court to which the cause is removed at the time specified in the order of removal. A failure to so attend shall work a forfeiture of the undertaking.
(h) Multiple Defendants. If there are several defendants and an order is made removing the cause on the application of one or more but not all of them, the other defendants shall be tried and all proceedings had against them in the county in which the cause is pending in all respects as if no order of removal had been made as to any defendant.
(i)(1) Action of Receiving Court. The court to which the cause is removed shall proceed to trial and judgment therein as if the cause had originated in suchthat court. If it is necessary to have any of the original pleadings or other papers before suchthat court, the court from which the cause is removed shall at any time upon application of the prosecuting attorney or the defendant order such papers or pleadings to be transmitted by the clerk, a certified copy thereof being retained.
(2)(j) Prosecuting Attorney's Obligation. The prosecuting attorney of the court to which the cause is removed may amend the information, or file a new information, and such new information shall be entitled in the county in which the trial is had, but the allegations as to the place of commission of the crime, shall refer to the county in which the crime was actually committed.

Committee Notes
1968 Adoption. (a) through (d) substantially same as sections 911.02 through 911.05, Florida Statutes. Language is simplified and requirement pertaining to cases in criminal courts of record that removal be to adjoining county is omitted. Modern communications *312 and distribution of television and press makes old requirements impractical. Designation of county left to discretion of the trial judge.
(e) through (i) same as corresponding sections 911.06 through 911.10, Florida Statutes.
1972 Amendment. Same as prior rule.

IX. THE TRIAL
RULE 3.250. ACCUSED AS WITNESS
In all criminal prosecutions the accused may at his option choose to be sworn as a witness in histhe accused's own behalf, and shall in suchthat case be subject to examination as other witnesses, but no accused person shall be compelled to give testimony against himself or herself, nor shall any prosecuting attorney be permitted before the jury or court to comment on the failure of the accused to testify in his or her own behalf, and a defendant offering no testimony in his or her own behalf, except histhe defendant's own, shall be entitled to the concluding argument before the jury.

Committee Notes
1968 Adoption. Same as section 918.09, Florida Statutes.
1972 Amendment. Same as prior rule. The committee considered tThe Florida Bar proposed amendment to this rule, but makes no recommendation with respect thereto.
RULE 3.260. WAIVER OF JURY TRIAL
A defendant may in writing waive a jury trial with the consent of the Sstate.

Committee Notes
1968 Adoption. This is the same as Federal Rule of Criminal Procedure 23(a). This changes existing law by providing for consent of state.
1972 Amendment. Changes former rule by deleting "the approval of the Court," thus making trial by judge mandatory where both parties agree. The committee felt that the matter of withdrawal of a waiver was a matter within the inherent discretion of the trial judge and that no rule is required.
RULE 3.270. NUMBER OF JURORS
Twelve persons shall constitute a jury to try all capital cases, and six6 persons shall constitute a jury to try all other criminal cases.

Committee Notes
1968 Adoption. Except for substituting the word "persons" for "men," the suggested rule is a transcription of section 913.10, Florida Statutes. The standing committee on Florida court rules raised the question as to whether this rule is procedural or substantive and directed the subcommittee to call this fact to the attention of the Supreme Court.
1972 Amendment. Same as prior rule.
RULE 3.280. ALTERNATE JURORS
(a) Selection. The court may direct that jurors, in addition to the regular panel, be called and impanelled to sit as alternate jurors. Alternate jurors, in the order in which they are impanelled, shall replace jurors who, prior to the time the jury retires to consider its verdict, become unable or disqualified to perform their duties. Alternate jurors shall be drawn in the same manner, shall have the same qualifications, shall be subject to the same examination, shall take the same oath, and shall have the same functions, powers, facilities, and privileges as the principal jurors. Except as hereinafter provided regarding capital cases, an alternate juror, who does not replace a principal juror, shall be discharged at the same time the jury retires to consider its verdict.
(b) Responsibilities. At the conclusion of the guilt or innocence phase of the trial, each alternate juror will be excused with instructions to remain in the courtroom. The jury will then retire to consider its verdict, and each alternate will be excused with appropriate instructions that hethe alternate juror may have to return for an additional hearing should the defendant be convicted of a capital offense.

Committee Notes
1968 Adoption. Save for certain rewording, the suggested rule is a transcription of section 913.10(2), Florida Statutes, except that the provisions for the challenging of *313 the alternate jurors has been included more appropriately in the rule relating to challenges.
1972 RevisionAmendment. Same as prior rule.
1977 Amendment. This rule clarifies any ambiguities as to what should be done with alternate jurors at the conclusion of a capital case, and whether they should be available for the penalty phase of the trial. The change specifies that they won'twill not be instructed as to any further participation until the other jurors who are deliberating on guilt or innocence are out of the courtroom, in order not to influence the deliberating jurors, or in any way convey that the trial judge feels that a capital conviction is imminent.
RULE 3.281. LIST OF PROSPECTIVE JURORS
Upon request of, any party, he shall be furnished by the clerk of the court with a list containing names and addresses of prospective jurors summoned to try the case together with copies of all jury questionnaires returned by suchthe prospective jurors.

Committee Note
1972 Adoption. ABA Standard 2.2. The furnishing of such a list should result in considerable time being saved at voir dire. Also includes those questionnaires authorized by Fla. Stat. §section 40.101, Florida Statutes, although the statute itself provides for such disclosure.
RULE 3.290. CHALLENGE TO PANEL
The Sstate or defendant may challenge the panel. A challenge to the panel may be made only on the ground that the prospective jurors were not selected or drawn according to law. Challenges to the panel shall be made and decided before any individual juror is examined, unless otherwise ordered by the court. A challenge to the panel shall be in writing and shall specify the facts constituting the ground of the challenge. Challenges to the panel shall be tried by the court. Upon the trial of a challenge to the panel the witnesses may be examined on oath by the court and may be so examined by either party. If the challenge to the panel is sustained, the court shall discharge the panel. If the challenge is not sustained, the individual jurors shall be called.

Committee Notes
1968 Adoption. This is a transcription of section 913.01, Florida Statutes.
1972 Amendment. Same as prior Rrule 3.300; order of rule changed to improve chronology.
RULE 3.300. VOIR DIRE EXAMINATION, OATH, AND EXCUSING OF MEMBER
(a) Oath. The prospective jurors shall be sworn collectively or individually, as the court may decide. The form of oath shall be as follows:
"Do you solemnly swear (or affirm) that you will answer truthfully all questions asked of you as prospective jurors, so help you God?"
If any prospective juror affirms, the clause "Sso help you God" shall be omitted.
(b) Examination. The court may then examine each prospective juror individually or may examine the prospective jurors collectively. Counsel for both the Sstate and defendant shall have the right to examine jurors orally on their voir dire. The order in which the parties may examine each juror shall be determined by the court. The right of the parties to conduct an examination of each juror orally shall be preserved.
(c) Prospective Jurors Excused. If, after the examination of any prospective juror, the court is of the opinion that suchthe juror is not qualified to serve as a trial juror, the court does not excuse suchthe juror, from the trial of the cause. If, however, the court does not excuse suchthe juror, either party may then challenge suchthe juror, as provided by law or by these rules.

Committee Notes
1968 Adoption.
(a) Save for the inclusion of the form of oath, the suggested rule is a transcription of a part of section 913.02(1), Florida Statutes. The form of oath paraphrases in *314 pertinent part the oath set out in section 913.11, Florida Statutes.
(b) The suggested rule is a transcription of the remainder of section 913.02(1), Florida Statutes.
(c) Substantially same as section 913.02(2), Florida Statutes.
1972 RevisionAmendment. (a) The language relating to competence to serve as jurors deleted as superfluous, (c) amended for clarification by inserting the clause "that such juror is not qualified to serve as a trial juror" for the clause "that such juror is incompetent."
1980 Amendment. As to examination by parties, this brings Rrule 3.300(b) into conformity with Florida Rule of Civil Procedure 1.431(b). This Rrule also allows the court to examine each prospective juror individually or collectively.
RULE 3.310. TIME FOR CHALLENGE
The Sstate or defendant may challenge an individual prospective juror before the juror is sworn to try the cause; except that the court may, for good cause, permit ita challenge to be made after the juror is sworn, but before any evidence is presented.

Committee Notes
1968 Adoption. Save for the heading and for the inclusion of the phrase, "for cause or peremptorily," the suggested rule is a transcription of the provisions of section 913.04, Florida Statutes.
1972 Amendment. Prior rule amended only by deleting some language felt by the committee to be superfluous.
RULE 3.315. EXERCISE OF CHALLENGES
(a) UpoOn the motion of any party, all challenges shall be addressed to the court outside the hearing of the jury panel in a manner selected by the court so that the jury panel is not aware of the nature of the challenge, the party making the challenge, or the basis of the court's ruling on the challenge, if for cause.

Committee Note
1980 Adoption. With the exception of "Upon the motion of any party," the language is taken directly from Florida Rule of Civil Procedure 1.431(c)(3). This Rrule had no counterpart in the criminal rules.
RULE 3.340. EFFECT OF SUSTAINING CHALLENGE
If a challenge for cause of an individual juror beis sustained, suchthe juror shall be discharged from the trial of the cause. If a peremptory challenge to an individual juror beis made, suchthe juror shall be discharged likewise from the trial of the cause.

Committee Notes
1968 Adoption. The first sentence of the suggested rule except for the inclusion of the words "for cause" is a transcription of section 913.09, Florida Statutes. The last sentence has been added.
1972 Amendment. Same as prior rule.
RULE 3.350. PEREMPTORY CHALLENGES
(a) Number. Each party shall be allowed the following number of peremptory challenges:
(a1) Felonies Punishable by Death or Imprisonment for Life. Ten, if the offense charged is punishable by death or imprisonment for life;.
(b2) All Other Felonies. Six, if the offense charged is a felony not punishable by death or imprisonment for life;.
(c3) Misdemeanors. Three, if the offense charged is a misdemeanor;.
(db) Codefendants. If two2 or more defendants are jointly tried, each defendant shall be allowed the number of peremptory challenges specified above, and in such case the Sstate shall be allowed as many challenges as are allowed to all of the defendants;.
(ec) Multiple Counts and Multiple Charging Documents. If an indictment or information contains two2 or more counts or if two2 or more indictments or informations are consolidated for trial, the defendant shall be allowed the number of peremptory challenges whichthat would be permissible *315 in a single case, but in the interest of justice the judge may use his judicial discretion in extenuating circumstances to grant additional challenges to the accumulated maximum based on the number of charges or cases included when it appears that there is a possibility that the Sstate or the defendant may be prejudiced. The Sstate and the defendant shall be allowed an equal number of challenges.
(fd) Alternate Jurors. If one1 or two2 alternate jurors are called, each party is entitled to one1 peremptory challenge, in addition to those otherwise allowed by law, for each alternate juror so called. The additional peremptory challenge may be used only against the alternate juror and the other peremptory challenges allowed by law shall not be used against the alternate juror.
(e) Additional Challenges. The trial judge may exercise discretion to allow additional peremptory challenges when appropriate.

Committee Notes
1968 Adoption. The suggested rule is a transcription of section 913.08, Florida Statutes, excluding subdivision (5), which is lifted from section 913.10(2), Florida Statutes, and included since the several provisions relate to peremptory challenges. The question was raised regarding multiple counts or consolidation in their relation to the number of challenges. It was decided not to imply approval of multiple counts or consolidation. The standing committee on Florida court rules raised the question as to whether or not this rule is procedural or substantive and directed the subcommittee to call this fact to the attention of the supreme court.
1972 RevisionAmendment. Substantially same as prior rule; introductory language modernized.
1977 Amendment. This proposed rule amends Rrule 3.350(e) to allow the defendant and the Sstate an equal number of peremptory challenges and to permit the court to grant additional challenges to both parties where it appears that the Sstate would otherwise be prejudiced.
1992 Amendment. The amendment adds (e) that specifically sets out the trial court's discretion to allow peremptory challenges in addition to those provided for in the rule. This amendment was one of several proposed by the jury management committee that provided for a reduction in the number of peremptory challenges allowed by the rule. The majority of the criminal procedure rules committee, while recommending against adoption of the remaining proposals of the jury management committee, nevertheless felt it would be appropriate to add (e) to clarify that the trial court's discretion is not limited to those situations set out in (c) of the rule (i.e., multiple counts or informations or indictments consolidated for trial).

X. CONDUCT OF TRIAL; JURY INSTRUCTIONS
RULE 3.380. MOTION FOR JUDGMENT OF ACQUITTAL
(a) Timing. If, at the close of the evidence for the Sstate or at the close of all the evidence in the cause, the court is of the opinion that the evidence is insufficient to warrant a conviction, it may, and on the motion of the prosecuting attorney or the defendant, shall, enter a judgment of acquittal.
(b) Waiver. A motion for judgment of acquittal is not waived by subsequent introduction of evidence on behalf of the defendant, but after introduction of evidence by the defendant, the motion for judgment of acquittal must be renewed at the close of all the evidence. SuchThe motion must fully set forth the grounds upon which it is based.
(c) Renewal. If the jury returns a verdict of guilty or is discharged without having returned a verdict, the defendant's motion may be made or renewed within ten10 days after the reception of a verdict, and the jury is discharged or such further time as the court may allow.

*316 Committee Notes
1968 Adoption. Substantially same as section 918.08, Florida Statutes, except as follows:
(a) The existing statutory practice of granting directed verdicts is abolished in favor of the federal practice of having the judge enter a judgment of acquittal.
(b) The wording was changed to comply with the judgment of acquittal theory. A majority of the committee felt that the substance of the existing statute was all right, but a minority felt that the language should be changed so that a defendant would waive an erroneous denial of his motion for judgment of acquittal by introducing evidence. This point was raised in Wiggins v. State, 101 So.2d 833 (Fla. 1st DCA 1958), wherein the court said that this statute is "ineptly worded."
1972 RevisionAmendment. (a) and (b) same as prior Rrule 3.660, transferred to better follow trial chronology. (c) provides time period for renewal of motion and is new.
1980 Amendment. This brings Rrule 3.380(c) into conformity with Florida Rule of Civil Procedure 1.480(b) as it relates to the number of days (10) within which a party, either in a civil or criminal case, may make or renew hisa motion for judgment of acquittal. There appears to be no sound reason for the distinction between the criminal rule (4 days, or such greater time as the court may allow, not to exceed 15 days), and the civil rule (10 days).
RULE 3.390. JURY INSTRUCTIONS
(a) Subject of Instructions. The presiding judge shall charge the jury only upon the law of the case at the conclusion of argument of counsel. Except in capital cases, the judge shall not instruct the jury on the sentence whichthat may be imposed for the offense for which the accused is on trial.
(b) Form of Instructions. Every charge to a jury shall be orally delivered, and charges in capital cases shall, and in the discretion of the court in non-capitalnoncapital cases, may, also be in writing. All written charges shall be filed in the cause. Charges in other than capital cases shall be taken by the court reporter, and, if the jury returns a verdict of guilty, transcribed by the court reporter and filed in the cause.
(c) Written Request. At the close of the evidence, or at such earlier time during the trial as the court reasonably directs, any party may file written requests that the court instruct the jury on the law as set forth in the requests. The court shall inform counsel of its proposed action upon the request and of the instructions whichthat will be given prior to their argument to the jury.
(d) Objections. No party may assignraise as error grounds ofon appeal the giving or the failure to give an instruction unless hethe party objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which hethe party objects, and the grounds of histhe objection. Opportunity shall be given to make the objection out of the presence of the jury.
(e) Transcript and Review. When an objection is made to the giving of or failure to give an instruction, no exception need be made to the court's ruling thereon in order to have suchthe ruling reviewed, and the grounds of objection and ruling thereon shall be taken by the court reporter, and, if the jury returns a verdict of guilty, transcribed by himthe court reporter and filed in the cause.

Committee Notes
1972 Adoption. The Ccommittee adopted Fla.Statute § section 918.10, Florida Statutes, with only minor modification as to terminology.
1988 Amendment. To assist the jury in understanding the jury instructions.
1992 Amendment: Suggested change in wording to make (d) clearer and easier to understand and also so it more closely follows its federal counterpart, Federal Rule of Criminal Procedure 30.
RULE 3.391. SELECTION OF FOREMANPERSON OF JURY
The court shall instruct the jurors to select one of their number foremanperson.

*317 Committee Notes
1968 Adoption. This rule was inserted in order to clarify the system of selecting jury foreman.
1972 Amendment. Same as former Rrule 3.390.
RULE 3.410. JURY REQUEST TO REVIEW EVIDENCE OR FOR ADDITIONAL INSTRUCTIONS
After the jurors have retired to consider their verdict, if they request additional instructions or to have any testimony read to them they shall be conducted into the courtroom by the officer who has them in charge and the court may give them suchthe additional instructions or may order suchthe testimony read to them. SuchThe instructions shall be given and suchthe testimony read only after notice to the prosecuting attorney and to counsel for the defendant.

Committee Notes
1968 Adoption. Same as section 919.05, Florida Statutes.
1972 Amendment. This is the same as former Rrule 3.410, except that the former rule made it mandatory for the trial judge to give additional instructions upon request. The Ccommittee feels that this should be discretionary.
RULE 3.420. RECALL OF JURY FOR ADDITIONAL INSTRUCTIONS
The court may recall the jurors after they have retired to consider their verdict to give them additional instructions, or to correct any erroneous instructions given them. SuchThe additional or corrective instructions may be given only after notice to the prosecuting attorney and to counsel for the defendant.

Committee Notes
1968 Adoption. Same as section 919.06, Florida Statutes.
1972 Amendment. Same as former rule.

XI. THE VERDICT
RULE 3.440. RENDITION OF VERDICT; RECEPTION AND RECORDING
When the jurors have agreed upon a verdict they shall be conducted into the courtroom by the officer having them in charge. The court shall ask the foremanperson if an agreement has been reached on a verdict. If the foremanperson answers in the affirmative, the judge shall call upon himthe foreperson to deliver the verdict in writing to the clerk. The court may then examine the verdict and correct it as to matters of form with the unanimous consent of the jurors. The clerk shall then read the verdict to the jurors and, unless disagreement is expressed by one or more of them or the jury beis polled, the verdict shall be entered of record, and the jurors discharged from the cause. No verdict may be rendered unless all of the trial jurors concur in it.

Committee Notes
1968 Adoption. Same as section 919.09, Florida Statutes.
1972 Amendment. Same as prior rule.
RULE 3.450. POLLING THE JURY
UpoOn the motion of either the Sstate or the defendant or upon its own motion, the court shall cause the jurors to be asked severally if the verdict rendered is their verdict. If a juror dissents, the court must direct that the jury be sent back for further consideration;. iIf there beis no dissent the verdict shall be entered of record and the jurors discharged. Provided, hHowever, that no motion to poll the jury shall be entertained after the jury is discharged or the verdict recorded.

Committee Notes
1968 Adoption. Same as section 919.10, Florida Statutes, except elimination of polling jury after directed verdict in view of innovation of "judgment of acquittal."
1972 Amendment. Same as prior rule.
RULE 3.470. PROCEEDINGS ON SEALED VERDICT
The court may, with the consent of the prosecuting attorney and the defendant, direct the jurors that if they should agree upon a verdict during a temporary adjournment of the court, the foremanperson and each juror shall sign the same, and suchthe verdict shall be sealed in an envelope and *318 delivered to the officer having charge of the jury, after which the jury may separate until the next convening of the court. When the court authorizes the rendition of a sealed verdict, it shall admonish the jurors not to make any disclosure concerning it, nor to speak with other persons concerning the cause, until their verdict shall have been rendered in open court. The officer shall, forthwith, deliver the sealed verdict to the clerk. When the jurors have reassembled in open court, the envelope shall be opened by the court or clerk and the same proceedings shall be had as in the receiving of other verdicts.

Committee Notes
1968 Adoption of Rule 3.470. Same as section 919.12, Florida Statutes.
1968 Adoption of Rule 3.480. Same as section 919.13, Florida Statutes.
1972 Amendment. Former Rrule 3.480 has been deleted, its substance now contained in Rrule 3.470. Substantially same as former Rrules 3.470 and 3.480.
RULE 3.500. VERDICT OF GUILTY WHERE MORE THAN ONE COUNT
If different offenses are charged in the indictment or information on which the defendant is tried, the jurors shall, if they convict the defendant, make it appear by their verdict on which counts or of which offenses they find himthe defendant guilty.

Committee Notes
1968 Adoption. Same as section 919.15, Florida Statutes.
1972 Amendment. Amended to modernize the language of the rule. Substantially the same as prior rule.
RULE 3.505. INCONSISTENT VERDICTS
The Sstate need not elect between inconsistent counts, but the trial court shall submit to the jury verdict forms as to each count with instructions applicable to returning theirits verdicts from the inconsistent counts.

Committee Note
1977 Adoption. Although there appears to be no rule or statute relating to "election," many Florida cases refer to the fact that the trial court is required to make the Sstate elect, before or during trial, between inconsistent counts. Many times the circumstances show conclusively that the accused is guilty of one or the other of inconsistent offenses. Since the evidence is then inconsistent with any reasonable hypothesis of innocence, the circumstantial rule is satisfied and the evidence should support a verdict of guilty as to either offense. In such a case the Sstate should not be required to elect. This new rule is intended to lead to uniformity throughout the Sstate on this issue and is more consonant with Rrule 3.140(k)(5).
RULE 3.510. DETERMINATION OF ATTEMPTS AND LESSER INCLUDED OFFENSES
UpoOn an indictment or information upon which the defendant is to be tried for any offense the jury may convict the defendant of:
(a) an attempt to commit suchthe offense if such attempt is an offense and is supported by the evidence. The judge shall not instruct the jury if there is no evidence to support suchthe attempt and the only evidence proves a completed offense.; or
(b) any offense whichthat as a matter of law is a necessarily included offense or a lesser included offense of the offense charged in the indictment or information and is supported by the evidence. The judge shall not instruct on any lesser included offense as to which there is no evidence.

Committee Notes
1968 Adoption. Same as section 919.16, Florida Statutes. The standing committee on Florida court rules raised the question as to whether this rule is procedural or substantive and directed the subcommittee to call this fact to the attention of the supreme court.
1972 Amendment. Same as prior rule except that references to affidavit have been deleted.
*319 RULE 3.520. VERDICT IN CASE OF JOINT DEFENDANTS
On the trial of two2 or more defendants jointly the jurors may render a verdict as to any defendant in regard to whom the jurors agree.

Committee Notes
1968 Adoption. Same as section 919.17, Florida Statutes.
1972 Amendment. Same as prior rule.
RULE 3.530. RECONSIDERATION OF AMBIGUOUS OR DEFECTIVE VERDICT
If a verdict is so defective that the court cannot determine from it whether the jurors intended to acquit the defendant or to convict himthe defendant of an offense for which judgment could be entered under the indictment or information upon which the defendant is tried, or cannot determine from it on what count or counts the jurors intended to acquit or convict the defendant, the court shall, with proper instructions, direct the jurors to reconsider the verdict, and the verdict shall not be received until it shall clearly appear therefrom whether the jurors intended to convict or acquit the defendant and on what count or counts they intended to acquit or convict himthe defendant. If the jury persists in rendering sucha defective verdict, the court shall declare a mistrial.

Committee Notes
1968 Adoption. Same as section 919.18, Florida Statutes.
1972 Amendment. Same as prior rule.
RULE 3.550. DISPOSITION OF DEFENDANT
If a verdict of guilty is rendered the defendant shall, if in custody, be remanded;. iIf hethe defendant is at large on bail, hethe defendant may be taken into custody and committed to the proper official, or remain at liberty on the same or additional bail as the court may direct.

Committee Note
1968 Adoption. Same as section 919.20, Florida Statutes.
RULE 3.560. DISCHARGE OF JURORS
After the jurors have retired to consider their verdict, the court shall discharge them from the cause when:
(a) Ttheir verdict has been received;
(b) Upon the expiration of such time as the court deems proper, if the court finds there is no reasonable probability that the jurors can agree upon a verdict; or
(c) Aa necessity exists for their discharge.
The court may in any event discharge the jurors from the cause if the prosecuting attorney and the defendant consent to suchthe discharge.

Committee Notes
1968 Adoption. Same as section 919.21, Florida Statutes, except (4) omitted.
1972 Amendment. Same as prior rule.
RULE 3.570. IRREGULARITY IN RENDITION, RECEPTION, AND RECORDING OF VERDICT
No irregularity in the rendition or reception of a verdict may be raised unless it is raised before the jury is discharged. No irregularity in the recording of a verdict shall affect its validity unless the defendant was in fact prejudiced by suchthe irregularity.

Committee Notes
1968 Adoption. Rule 3.570 is same as section 919.22, Florida Statutes.
Section 919.23, Florida Statutes, was not included in the rules. This deals with the recommendation of mercy and it was felt that this was not procedural but substantive and not within the scope of the rulemaking power of the supreme court.
1972 Amendment. Same as prior rule.

XII. POST-TRIALPOSTTRIAL MOTIONS
RULE 3.590. TIME FOR AND METHOD OF MAKING MOTIONS; PROCEDURE; CUSTODY PENDING HEARING
(a) Time for Filing. A motion for new trial or in arrest of judgment, or both, may be made within ten10 days after the rendition of the verdict or the finding of the *320 court. A timely motion may be amended to state new grounds without leave of court prior to expiration of the ten10-day period, and in the discretion of the court at any other time before the motion is determined.
(b) Oral Motions. When the defendant has been found guilty by a jury or by the court, such athe motion may be dictated into the record, if a court reporter is present, and may be argued immediately after the return of the verdict or the finding of the court. The court may immediately rule upon the motion.
(c) Written Motions. SuchThe motion may be in writing, filed with the clerk; it shall state the grounds on which it is based. A copy of a written motion shall be served on the prosecuting attorney. When the court sets a time for the hearing thereon, the clerk may notify counsel for the respective parties, or the attorney for the defendant may serve notice of hearing on the prosecuting officer.
(d) Custody Pending Motion. Until suchthe motion is disposed of, a defendant who is not already at liberty on bail shall remain in custody and not be allowed his liberty on bail unless the court upon good cause shown (if the offense for which the defendant is convicted is bailable) permits the defendant to be released upon bail until the motion is disposed of. If the defendant is already at liberty on bail which that is deemed by the court to be good and sufficient, it may permit himthe defendant to continue at large upon such bail until the motion for new trial is heard and disposed of.

Committee Notes
1968 Adoption. (a) The same as the first part of section 920.02(3), Florida Statutes, except that the statutory word "further" is changed to "greater" in the rule and provision for motion in arrest of judgment is added.
(b) Substantially the same as first part of section 920.02(2), Florida Statutes. The rule omits the requirement that the defendant be sentenced immediately on the denial of a motion for new trial (the court might wish to place the defendant on probation or might desire to call for a presentence investigation). The rule also omits the statute's requirement that an order of denial be dictated to the court reporter, because the clerk is supposed to be taking minutes at this stage.
NOTE: The provisions of the last part of section 920.02(2), Florida Statutes, as to supersedeas and appeal are not incorporated into this rule; such provisions are not germane to motions for new trial or arrest of judgment.
(c) Substantially same as section 920.03, Florida Statutes.
(d) Substantially same as last part of section 920.02(3), Florida Statutes, except that the last sentence of the rule is new.
NOTE: The provisions of section 920.02(4), Florida Statutes, relating to supersedeas on appeal and the steps that are necessary to obtain one, are not incorporated into a rule. The provisions of section 920.02(4) do not belong in a group of rules dealing with motions for new trial.
1972 RevisionAmendment. Substantially the same as prior rule.
1980 Amendment. This brings Rrule 3.590(a) into conformity with Florida Rule of Civil Procedure 1.530(b) as it relates to the time within which a motion for new trial or in arrest of judgment may be filed. It also allows the defendant in a criminal case the opportunity to amend histhe motion. The opportunity to amend already exists in a civil case. No sound reason exists to justify the disparities in the rules.
RULE 3.600. GROUNDS FOR NEW TRIAL
(a) Grounds for Granting. The court shall grant a new trial if any of the following grounds is established:.
(1) That the jurors decided the verdict by lot;.
(2) That the verdict is contrary to law or the weight of the evidence;.
(3) That nNew and material evidence, thatwhich, if introduced at the trial would probably have changed the verdict or finding of the court, and thatwhich the defendant *321 could not with reasonable diligence have discovered and produced uponat the trial, has been discovered.
(b) Grounds for Granting if Prejudice Established. The court shall grant a new trial if any of the following grounds is established, providing substantial rights of the defendant were prejudiced thereby:.
(1) That the defendant was not present at any proceeding at which histhe defendant's presence is required by these rules;.
(2) That the jury received any evidence out of court, other than that resulting from an authorized view of the premises;.
(3) That the jurors, after retiring to deliberate upon the verdict, separated without leave of court;.
(4) That aAny of the jurors was guilty of misconduct;.
(5) That the prosecuting attorney was guilty of misconduct;.
(6) That the court erred in the decision of any matter of law arising during the course of the trial;.
(7) That the court erroneously instructed the jury on a matter of law or refused to give a proper instruction requested by the defendant;.
(8) That, fFor any other cause not due to the defendant's own fault, hethe defendant did not receive a fair and impartial trial.
(c) Evidence. When a motion for new trial calls for a decision on any question of fact, the court may consider evidence on suchthe motion by affidavit or otherwise.

Committee Notes
1968 Adoption. Same as sections 920.04 and 920.05, Florida Statutes, except that the last paragraph of section 920.05 is omitted from the rule. The provision of the omitted paragraph that a new trial shall be granted to a defendant who has not received a fair and impartial trial through no personal fault is inserted in the rule as subdivision (b)(8). The provision of the omitted paragraph of the statute which requires a new trial when the sentence exceeds the penalty provided by law is omitted from the rule because no defendant is entitled to a new trial merely because an excessive sentence has been pronounced. The standing committee on Florida court rules questioned whether this rule is procedural or substantive and directed the subcommittee to call this fact to the attention of the supreme court.
(c) Same as second paragraph of section 920.07, Florida Statutes.
1972 Amendment. Same as prior rule.
RULE 3.610. MOTION FOR ARREST OF JUDGMENT; GROUNDS
(a) The court shall grant a motion in arrest of judgment only on one1 or more of the following grounds:
(1)(a) That the indictment or information upon which the defendant was tried is so defective that it will not support a judgment of conviction;.
(2)(b) That the court is without jurisdiction of the cause;.
(3)(c) That the verdict is so uncertain that it does not appear therefrom that the jurors intended to convict the defendant of an offense of which hethe defendant could be convicted under the indictment or information under which hethe defendant was tried;.
(4)(d) That the defendant was convicted of an offense for which hethe defendant could not be convicted under the indictment or information under which hethe defendant was tried.

Committee Notes
1968 Adoption. Note that (a)(1) of the rule revamps section 920.05(2)(a) through (d), Florida Statutes, in an effort to better take into account the fact that an accusatorial writ that would not withstand a motion to quash (dismiss) might well support a judgment of conviction if no such motion is filed. See Sinclair v. State, 46 So.2d 453 (1950).
Note also that, where appropriate, the rule mentions "affidavit" in addition to "indictment" and "information." The standing committee on Florida court rules questioned whether this rule is procedural or substantive and directed the subcommittee *322 to call this fact to the attention of the supreme court.
1972 Amendment. Same as prior rule. References to trial affidavit deleted.
RULE 3.620. WHEN EVIDENCE SUSTAINS ONLY CONVICTION OF LESSER OFFENSE
When the offense is divided into degrees or necessarily includes lesser offenses, and the court, on a motion for new trial, is of the opinion that the evidence does not sustain the verdict but is sufficient to sustain a finding of guilt of a lesser degree or of a lesser offense necessarily included in the one charged, the court shall not grant a new trial but shall find or adjudge the defendant guilty of suchthe lesser degree or lesser offense necessarily included in the charge, unless a new trial is granted by reason of some other prejudicial error.

Committee Notes
1968 Adoption. Substantially the same as section 920.06, Florida Statutes.
1972 Amendment. Same as prior rule.
RULE 3.630. SENTENCE BEFORE OR AFTER MOTION FILED; EVIDENCE AT HEARING
The court in its discretion may sentence the defendant either before or after the filing of a motion for new trial or arrest of judgment.

Committee Notes
1968 Adoption. Same as first paragraph of section 920.07, Florida Statutes. Provision for arrest of judgment is added.
1972 Amendment. Same as prior rule.
RULE 3.640. EFFECT OF GRANTING NEW TRIAL
(a) New Trial for Greater Offense Prohibited. When a new trial is granted, the new trial shall proceed in all respects as if no former trial had been hadoccurred except that when an offense is divided into degrees or the charge includes a lesser offense, and the defendant has been found guilty of a lesser degree or lesser included offense, hethe defendant cannot thereafter be prosecuted for a higher degree of the same offense or for a higher offense than that of which hethe defendant was convicted.
(b) Witnesses and Former Testimony at New Trial. The testimony given during the former trial may not be read in evidence at the new trial unless it is that of a witness who at the time of the new trial is absent from the Sstate, mentally incompetent to be a witness, physically unable to appear and testify, or dead, in which event the evidence of such witness on the former trial may be read in evidence at the new trial as the same was taken and transcribed by the court reporter. Before the introduction of the evidence of an absent witness, the party introducing the sameevidence must show due diligence on his part in attempting to procure the attendance of witnesses at the trial, and must show that the witness is not absent by consent or connivance of suchthat party.

Committee Notes
1968 Adoption. Based on section 920.09, Florida Statutes. The second paragraph of the existing statute allows the testimony of an absent witness, given at a former trial, to be used only if the witness is absent from the state or dead. This has been enlarged to include absent witnesses who are physically incapacitated to attend court or who have become mentally incapacitated to testify since the former trial.
1972 Committee Note. Same as prior rule.

XIII. JUDGMENT
RULE 3.670. RENDITION OF JUDGMENT
If the defendant is found guilty, a judgment of guilty, and, if hethe defendant has been acquitted, a judgment of not guilty, shall be rendered in open court and in writing, signed by the judge, filed, and recorded. However, the judge may withhold suchan adjudication of guilt if hethe judge places the defendant on probation.
When a judge renders a final judgment of conviction, withholds adjudication of guilt after a verdict of guilty, imposes a sentence, grants probation, or revokes probation, hethe judge shall forthwith inform *323 the defendant concerning histhe rights of appeal therefrom, including the time allowed by law for taking an appeal.

Committee Notes
1968 Adoption. To the same effect as section 921.02, Florida Statutes, except the portion reading "in writing, signed by the judge" which was added. Last sentence was added to permit the judge to operate under section 948.01(3), Florida Statutes.
The Florida law forming the basis of this proposal is found in article V, sections 4 and 5, Constitution of Florida, concerning the right of appeal from a judgment of conviction; section 924.06, Florida Statutes, specifying when a defendant may take an appeal; section 924.09, Florida Statutes, and Florida Criminal Appellate Rule 6.2 concerning the time for taking appeals by a defendant in criminal cases; and section 948.011, Florida Statutes, providing for a sentence of a fine and probation as to imprisonment.
The purpose of the proposed rule is to provide assurance that a defendant, represented or unrepresented by counsel, will have authoritative and timely notice of the right to appeal.
1972 Amendment. Same as prior rule [but some terminology has been changed].
RULE 3.680. JUDGMENT ON INFORMAL VERDICT
If a verdict is rendered from which it can be clearly understood that it is the intention of the jurors intended to acquit the defendant, a judgment of not guilty shall be rendered thereon even though the verdict is defective. No judgment of guilty shall be rendered on a verdict unless the jurors clearly express in it a finding of guilt of the defendant.

Committee Notes
1968 Adoption. Same as section 921.02, Florida Statutes.
1972 Amendment. Same as prior rule.
RULE 3.690. JUDGMENT OF NOT GUILTY; DEFENDANT DISCHARGED AND SURETIES EXONERATED
When a judgment of not guilty is entered, the defendant, if in custody, shall be immediately discharged therefrom unless hethe defendant is in custody on some other charge;. iIf hethe defendant is at large on bail, histhe defendant's sureties shall be exonerated and, if money or bonds have been deposited as bail, suchthe money or bonds shall be refunded.

Committee Notes
1968 Adoption. Same as section 921.04, Florida Statutes.
1972 Amendment. Same as prior rule.
RULE 3.691. POST-TRIAL RELEASE
(a) When Authorized. All persons who have been adjudicated guilty of the commission of any offense, not capital, may be released, pending review of the conviction, at the discretion of either the trial or appellate court, applying the principles enunciated in Younghans vs. State, 90 So.2d 308 (Fla. 1956), provided, that no person may be admitted to bail upon appeal from a conviction of a felony unless the defendant establishes that the appeal is taken in good faith, on grounds fairly debatable, and not frivolous;. provided thatHowever, in no case shall bail be granted if such person has previously been convicted of a felony, the commission of which occurred prior to the commission of the subsequent felony, and suchthe person's civil rights have not been restored, or if other felony charges are pending against himthe person and probable cause has been found that the person has committed the felony or felonies at the time the request for bail is made.
(b) Written Findings. In any case in which the court has the discretion to release the defendant pending review of the conviction, and, after the defendant's conviction, denies release, it shall state in writing its reasons for suchthe denial.
(c) Appeal from Denial. An order by a trial court denying bail to a person pursuant to the provisions of subsectionsubdivision (a) may be appealed as a matter of right to an appellate court and suchthe appeal shall be advanced on the calendar of the appellate court for expeditious review.
*324 (d) Conditions of Release. If the defendant is released after conviction and upon appeal, the condition of the undertaking shall be: (1) that hethe defendant will duly prosecute histhe appeal; (2) that hethe defendant will surrender himself or herself in execution of the judgment or sentence upon its being affirmed or modified or upon the appeal being dismissed; or in case the judgment is reversed and the cause remanded for a new trial, that hethe defendant will appear in the court to which saidthe cause may be remanded for a new trial, that hethe defendant will appear in the court to which saidthe cause may be remanded and submit himself to the orders and process thereof, and will not depart the jurisdiction of the court without leave.
(e) Approval of Bond. The court shall approve the sufficiency and adequacy of the bond, its security, and sureties, prior to the release of the defendant.

Committee Notes
1977 Amendment. Ch.apter 76-138, § section 2, Laws of Florida, by appropriate vote, repealed the provisions of Rrule 3.691, insofar as they were inconsistent with the legislative act. This rule has been amended so as to include the provisions of Ch.apter 76-138, Laws of Florida.

XIV. SENTENCE
RULE 3.700. SENTENCE DEFINED; PRONOUNCEMENT AND ENTRY; SENTENCING JUDGE
(a) Sentence Defined. The term sentence means the pronouncement by the Ccourt of the penalty imposed upon a defendant for the offense of which hethe defendant has been adjudged guilty.
(b) Pronouncement and Entry. Every sentence or other final disposition of the case shall be pronounced in open court. The final disposition of every case shall be entered in the minutes in courts in which minutes are kept, and shall be docketed in courts whichthat do not maintain minutes.
(c) Sentencing Judge. In those cases wherein which it is necessary that sentence be pronounced by a judge other than the judge who presided at trial, or accepted the plea, the sentencing judge shall not pass sentence until hethe judge shall havebecomes acquainted himself with what transpired at the trial, or the facts, including any plea discussions, concerning the plea and the offense.

Committee Notes
1968 Adoption. This rule is a revamped version of section 921.05, Florida Statutes.
1972 Amendment. Subdivisions (a) and (b) are substantially the same as in former Rrule. Subdivision (c) was added to emphasize that the sentencing procedure should be conducted by the trial judge or the judge taking the plea. The rule makes provision for emergency situations wheren such judge is unavailable.
RULE 3.701. SENTENCING GUIDELINES
(a.) Use with Forms. This rule is to be used in conjunction with forms 3.988(a)-(i).
(b.) Statement of Purpose. The purpose of sentencing guidelines is to establish a uniform set of standards to guide the sentencing judge in the sentence decision-making process. The guidelines represent a synthesis of current sentencing theory and historic sentencing practices throughout the state. Sentencing guidelines are intended to eliminate unwarranted variation in the sentencing process by reducing the subjectivity in interpreting specific offense-related and offender-related criteria and in defining their relative importance in the sentencing decision. The sentencing guidelines embody the following principles:
(1.) Sentencing should be neutral with respect to race, gender, and social and economic status.
(2.) The primary purpose of sentencing is to punish the offender. Rehabilitation and other traditional considerations continue to be desired goals of the criminal justice system but must assume a subordinate role.
(3.) The penalty imposed should be commensurate with the severity of the convicted offense and the circumstances surrounding the offense.
*325 (4.) The severity of the sanction should increase with the length and nature of the offender's criminal history.
(5.) The sentence imposed by the sentencing judge should reflect the length of time to be served, shortened only by the application of gain time.
(6.) While the sentencing guidelines are designed to aid the judge in the sentencing decision and are not intended to usurp judicial discretion, departures from the presumptive sentences established in the guidelines shall be articulated in writing and made wherewhen circumstances or factors reasonably justify the aggravation or mitigation of the sentence. The level of proof necessary to establish facts supporting a departure from a sentence under the guidelines is a preponderance of the evidence.
(7.) Because the capacities of state and local correctional facilities are finite, use of incarcerative sanctions should be limited to those persons convicted of more serious offenses or those who have longer criminal histories. To ensure such usage of finite resources, sanctions used in sentencing convicted felons should be the least restrictive necessary to achieve the purposes of the sentence.
(c.) Offense Categories. Offenses have been grouped into 9 offense categories encompassing the following statutes:
Category 1: Murder, manslaughter: Chapter 782 (except subsection 782.04(1)(a)), subsection 316.193(3)(c)3, and subsection 327.351(2).
Category 2: Sexual offenses: Chapters 794 and 800, section 826.04, and section 491.0112.
Category 3: Robbery: Section 812.13.
Category 4: Violent personal crimes: Chapters 784 and 836, and section 843.01, and subsection 381.411(4).
Category 5: Burglary: Chapter 810, section 817.025, and subsection 806.13(3).
Category 6: Thefts, forgery, fraud: Sections 192.037 and 206.56, chapters 322 and 409, section 370.142, section 415.111, chapter 443, section 493.3175, sections 494.0018, 496.413, and 496.417, chapter 509, subsections 585.145(3) and 585.85(2), section 687.146, and chapters 812 (except section 812.13), 815, 817, 831, and 832.
Category 7: Drugs: Chapter 893.
Category 8: Weapons: Chapter 790 and section 944.40.
Category 9: All other felony offenses.
(d.) General Rules and Definitions.
(1.) One guideline scoresheet shall be utilized for each defendant covering all offenses pending before the court for sentencing. The state attorney's office will prepare the scoresheets and present them to defense counsel for review as to accuracy in all cases unless the judge directs otherwise. The sentencing judge shall approve all scoresheets.
(2.) "Conviction" means a determination of guilt resulting from plea or trial, regardless of whether adjudication was withheld or whether imposition of sentence was suspended.
(3.) "Primary offense" is defined as thatthe offense at conviction whichthat, when scored on the guidelines scoresheet, recommends the most severe sanction. In the case of multiple offenses, the primary offense is determined in the following manner:
a)(A) A separate guidelines scoresheet shall be prepared scoring each offense at conviction as the "primary offense at conviction" with the other offenses at conviction scored as "additional offenses at conviction."
b)(B) The guidelines scoresheet whichthat recommends the most severe sentence range shall be the scoresheet to be utilized by the sentencing judge pursuant to these guidelines.
(4.) Additional offenses at conviction: All other offenses for which the offender is convicted and whichthat are pending before the court for sentencing at the same time shall be scored as additional offenses based upon their degree and the number of counts of each.
*326 (5.) a) "Prior record" refers to any past criminal conduct on the part of the offender, resulting in conviction, prior to the commission of the primary offense. Prior record includes all prior Florida, federal, out-of-state, military, and foreign convictions, as well as convictions for violation of municipal or county ordinances that bring within the municipal or county code the violation of a state statute or statutes. Provided, however, that:
1)(A) Entries in criminal histories whichthat show no disposition, disposition unknown, arrest only, or other nonconviction disposition shall not be scored.
2)(B) When scoring federal, foreign, military, or out-of-state convictions, assign the score for the analogous or parallel Florida Sstatute.
3)(C) When unable to determine whether an offense at conviction is a felony or a misdemeanor, the offense should be scored as a misdemeanor. WhereWhen the degree of the felony is ambiguous or impossible to determine, score the offense as a third-degree felony.
4)(D) Prior record shall include criminal traffic offenses, which shall be scored as misdemeanors.
5)(E) Convictions whichthat do not constitute violations of a parallel or analogous state criminal statute shall not be scored.
b)(F) Adult record:An offender's prior record shall not be scored if the offender has maintained a conviction-free record for a period of ten (10) consecutive years from the most recent date of release from confinement, supervision, or sanction, whichever is later, to the date of the primary offense.
c)(G) Juvenile record:All prior juvenile dispositions whichthat are the equivalent of convictions as defined in sectionsubdivision (d)(2), occurring within three (3) years of the commission of the primary offense and whichthat would have been criminal if committed by an adult, shall be included in prior record.
(6.) "Legal status at time of offense" is defined as follows: Offenders on parole, probation, or community control; offenders in custody serving a sentence; escapees; fugitives who have fled to avoid prosecution or who have failed to appear for a criminal judicial proceeding or who have violated conditions of a supersedeas bond; and offenders in pretrial intervention or diversion programs. Legal status points are to be assessed where these forms of legal constraint existed at the time of the commission of offenses scored as primary or additional offenses at conviction. Legal status points are to be assessed only once whether there are one or more offenses at conviction.
(7.) Victim injury shall be scored for each victim physically injured during a criminal episode or transaction, and for each count resulting in such injury whether there are one or more victims.
(8.) Guidelines ranges: The recommended sentences provided in the guideline grids are assumed to be appropriate for the composite score of the offender. A range is provided in order to permit some discretion. The permitted ranges allow the sentencing judge additional discretion when the particular circumstances of a crime or defendant make it appropriate to increase or decrease the recommended sentence without the requirement of finding reasonable justification to do so and without the requirement of a written explanation.
(9.) Mandatory sentences: For those offenses having a mandatory penalty, a scoresheet should be completed and the guideline sentence calculated. If the recommended sentence is less than the mandatory penalty, the mandatory sentence takes precedence. If the guideline sentence exceeds the mandatory sentence, the guideline sentence should be imposed.
(10.) Sentences exceeding statutory maximums: If the composite score for a defendant charged with a single offense indicates a guideline sentence that exceeds the maximum sentence provided by statute for that offense, the statutory maximum sentence should be imposed.
(11.) Departures from the guideline sentence: Departures from the recommended or permitted guideline sentence should be *327 avoided unless there are circumstances or factors whichthat reasonably justify aggravating or mitigating the sentence. Any sentence outside or the permitted guideline range must be accompanied by a written statement delineating the reasons for the departure. Reasons for deviating from the guidelines shall not include factors relating to prior arrests without conviction. Reasons for deviating from the guidelines shall not include factors relating toor the instant offenses for which convictions have not been obtained.
(12.) Sentencing for separate offenses: A sentence must be imposed for each offense. However, the total sentence cannot exceed the total guideline sentence unless a written reason is given.
(13.) Community control is a form of intensive supervised custody in the community involving restriction of the freedom of the offender. When community control is imposed, it shall not exceed the term provided by general law.
(14.) Sentences imposed after revocation of probation or community control must be in accordance with the guidelines. The sentence imposed after revocation of probation or community control may be included within the original cell (guidelines range) or may be increased to the next higher cell (guidelines range) without requiring a reason for departure.
(15.) Categories 3, 5, and 6 contain an additional factor to be scored under the heading of Prior Record: Prior convictions for similar offenses. Prior convictions scored under this factor should be calculated in addition to the general prior record score. Scoring is limited to prior felony convictions included within the category.

CommitteeSentencing Guidelines Commission Notes

1988 Amendments.
(a) The operation of this rule is not intended to change the law or requirements of proof as regards sentencing.
(b) These principles are binding on the sentencing court.
(c) Only one1 category is proper in any particular case. Category 9, "All Other Felony Offenses," should be used only when the primary offense at conviction is not included in another, more specific category. The guidelines do not apply to capital felonies.
Inchoate offenses are included within the category of the offense attempted, solicited, or conspired to, as modified by Ch. chapter 777.
The form appearing at Florida Rule of Criminal Procedure 3.988(a) has been revised to incorporate a point value for inclusion in the prior record factor utilized in the determination of recommended sentence by scoring each prior conviction under section 316.193, Florida Statutes (Supp. 1984), or section 316.1931, Florida Statutes (Supp. 1984), or section 327.351, Florida Statutes (Supp. 1984), at a value of thirty-two (32) points. This point value will be applied only whereif the offender is convicted for a violation of section 316.193(3)(c)3, Florida Statutes (Supp. 1986), or section 327.351, Florida Statutes (Supp. 1984), whereif the operation of a motor vehicle or vessel by the offender while intoxicated as defined in section 316.193(1), Florida Statutes (Supp. 1986), or section 327.351(1), Florida Statutes (Supp. 1984), results in the death of any human being and the scoresheet utilized in sentencing is the form appearing at Florida Rule of Criminal Procedure 3.988(a). For purposes of determining a prior conviction for a violation of the above enumerated statute, a prior conviction for violation of section 316.1931 or section 316.193 or former section 860.01 or former section 316.028, or a previous conviction for any substantially similar alcohol-related or drug-related traffic offense outside this state, shall also be considered a prior conviction.
(d)(1) Ultimate responsibility for asensuring that scoresheets are accurately prepared rests with the sentencing court. Due to ethical considerations, defense counsel may not be compelled to submit a scoresheet. Probation and parole officers may be directed to compile guidelines scoresheets only when a presentence investigation *328 has been ordered. The forms for calculating the guidelines are forms 3.988(a)-(i).
(d)(2) This definition applies to both instant offense and prior record scoring.
(d)(3) The proper offense category is identified upon determination of the primary offense. When the defendant is convicted of violations of more than one1 unique statute, the offenses are to be sorted by statutory degree.
(d)(4) No points shall be scored for lesser and included offenses. In the event of multiple counts of the same distinct offense and degree of felony being scored as primary offense, it shall be scored as additional counts of the primary offense. All other offenses for which the defendant is convicted andthat are pending before the court for sentencing shall be scored as additional offenses.
(d)(5) Each separate prior felony and misdemeanor conviction in an offender's prior record whichthat amounts to a violation of Florida law shall be scored, unless discharged by the passage of time. Any uncertainty in the scoring of the defendant's prior record shall be resolved in favor of the defendant, and disagreement as to the propriety of scoring specific entries in the prior record should be resolved by the trial judge.
Prior record includes all offenses for which the defendant has been found guilty, regardless of whether adjudication was withheld or the record has been expunged.
Juvenile dispositions, with the exclusion of status offenses, are included and considered along with adult convictions by operation of this provision. However, each separate adjudication is discharged from consideration if three (3) years have passed between the date of disposition and the commission of the instant offense.
For any offense where sentence was previously suspended pursuant to the imposition of probation and such offense is now before the court for sentencing, upon a revocation of that probation based upon a subsequent criminal offense (which subsequent offense is also before the court for sentencing at the same time), the earlier offense shall be scored as "prior record" and not as "additional offense."
(d)(7) This provision implements the intention of the commission that points for victim injury be added for each victim injured during a criminal transaction or episode. The injury need not be an element of the crime for which the defendant is convicted, but is limited to physical trauma. However, if the victim injury is the result of a crime for which the defendant has been acquitted, it shall not be scored.
(d)(8) The first guideline cell in each category (any nonstate prison sanction) allows the court the flexibility to impose any lawful term of probation with or without a period of incarceration as a condition of probation, a county jail term alone, or any nonincarcerative disposition. Any sentence may include the requirement that a fine be paid. The sentences are found in forms 3.988(a)-(i).
(d)(10) If an offender is convicted under an enhancement statute, the reclassified degree should be used as the basis for scoring the primary offense in the appropriate category. If the offender is sentenced under section 775.084 (habitual offender), the maximum allowable sentence is increased as provided by the operation of that statute. If the sentence imposed departs from the recommended sentence, the provisions of (d)(11) shall apply.
(d)(11) A sentencing judge may depart from the recommended sentence and impose a sentence within the permitted range without giving reasons therefor. If a sentencing judge departs from the permitted range, reasons for departure shall be articulated at the time sentence is imposed. The written statement shall be made a part of the record, with sufficient specificity to inform all parties, as well as the public, of the reasons for departure. The court is prohibited from considering offenses for which the offenderdefendant has not been convicted. Other factors, consistent and not in conflict with the Sstatement of Ppurpose, may be considered and utilized by the sentencing judge.
*329 (d)(12) The sentencing court shall impose or suspend sentence for each separate count, as convicted. The total sentence shall not exceed the guideline sentence, unless the provisions of paragraphsubdivision (d)(11) are complied with.
If a split sentence is imposed (i.e., a combination of state prison and probation supervision), the incarcerative portion imposed shall not be less than the minimum of the guideline range nor exceed the maximum of the range. The total sanction (incarceration and probation) shall not exceed the term provided by general law.
(d)(13) Community control is a viable alternative for any state prison sentence less than twenty-four (24) months without requiring a reason for departure. It is appropriate to impose a sentence of community control to be followed by a term of probation. The total sanction (community control and probation) shall not exceed the term provided by general law.
Community control is not an alternative sanction from the recommended range of any nonstate prison sanction unless the provisions of Florida Rrule of Criminal Procedure 3.701(d)(11) are applied.
1991 Amendment. The purpose of the [1991 revision to Rrule 3.701(d)(6).] is to clarify the original intent that legal constraint is a status consideration and is not to be considered a function of the number of offenses at conviction.
1991 Amendment. The purpose of the [1991 revision to Rrule 3.701(d)(7).] is to provide consistency in the scoring of victim injury by scoring each offense at conviction for which victim injury can appropriately be scored, whether committed against a single or multiple victims.
RULE 3.711. PRESENTENCE REPORT: WHEN PREPARED
(a) Except as provided in subsectionsubdivision (b), the sentencing Ccourt shall not authorize the commencement of the presentence investigation until there has been a finding of guilt.
(b) The sentencing Ccourt may authorize the commencement of the presentence investigation prior to finding of guilt if:
(1) Tthe defendant has consented to such action; and
(2) Nnothing disclosed by the presentence investigation comes to the attention of the prosecution, the court, or the jury prior to an adjudication of guilt. Upon motion of the defense and prosecution, the Ccourt may examine the presentence investigation prior to the entry of a plea.

Committee Notes
1972 Adoption. The rule permits presentence investigations to be initiated prior to finding of guilt. Its purpose is to reduce unwarranted jail time by a defendant who expects to plead guilty and who may well merit probation or commitment to facilities other than prison.
RULE 3.712. PRESENTENCE REPORT: DISCLOSURE
The presentence investigation shall not be a public record and shall be available only to the following persons under the following stated conditions:
(a) To the sentencing Ccourt to assist it in determining an appropriate sentence.
(b) To persons or agencies having a legitimate professional interest in the information whichthat it would contain.
(c) To reviewing Ccourts if relevant to an issue on which an appeal has been taken.
(d) To the parties as Rrule 3.713 provides.

Committee Notes
1972 Amendment. Provides for disclosure of the report to the trial court, appropriate agencies of the Sstate, and Aappellate Ccourts, if needed.
RULE 3.713. PRESENTENCE INVESTIGATION DISCLOSURE: PARTIES
(a) The trial judge may disclose any of the contents of the presentence investigation to the parties prior to sentencing. Any information so disclosed to one party shall be disclosed to the opposing party.
(b) The trial judge shall disclose all factual material, including but not limited to the defendant's education, prior occupation, *330 prior arrests, prior convictions, military service, and the like, to the defendant and the Sstate a reasonable time prior to sentencing. If any physical or mental evaluations of the defendant have been made and are to be considered for the purposes of sentencing or release, such reports shall be disclosed to counsel for both parties.
(c) UpoOn motion of the defendant or the prosecutor or on its own motion, the sentencing Ccourt may order the defendant to submit to a mental or physical examination whichthat would be relevant to the sentencing decision. Copies of suchthe examination or any other examination to be considered for the purpose of sentencing shall be disclosed to counsel for the parties subject to the limitation of Rrule 1.713(b)3.713(b).

Committee Notes
1972 Adoption. This rule represents a compromise between the philosophy that presentence investigations should be fully disclosed to a defendant and the objection that such disclosure would dry up sources of confidential information and render such report virtually useless. (a) gives the trial judge discretion to disclose any or all of the report to the parties. (b) makes mandatory the disclosure of factual and physical and mental evaluation material only. In this way, it is left to the discretion of the trial judge to disclose to a defendant or hisdefendant's counsel any other evaluative material. The Jjudicial discretion should amply protect the confidentiality of those sources who do not wish to be disclosed, while the availability of all factual material to the defendant will permit himthe defendant to discover and make known to the sentencing court any errors whichthat may appear in the report.
RULE 3.720. SENTENCING HEARING
As soon as practicable after the determination of guilt and after the examination of any presentence reports, the sentencing court shall order a sentencing hearing. At the hearing the sentencing court shall:
(a) The court shall Iinform the defendant of the finding of guilt against himthe defendant and of the judgment and ask himthe defendant whether he hasthere is any legal cause to show why sentence should not be pronounced. The defendant may allege and show as legal cause why sentence should not be pronounced, only:
(1) Tthat hethe defendant is insane;
(2) Tthat hethe defendant has been pardoned of the offense for which he or she is about to be sentenced;
(3) Tthat hethe defendant is not the same person against whom the verdict or finding of the court or judgment was rendered; or
(4) Iif the defendant is a woman and sentence of death is to be pronounced, that she is pregnant;.
(b) The court shall Eentertain submissions and evidence by the parties whichthat are relevant to the sentence;.
(c) In cases where guilt was determined by plea, the court shall inform itself, if not previously informed, of the existence of plea discussions or agreements and the extent to which they involve recommendations as to the appropriate sentence and.
(d)(1) If the accused was represented by a public defender or special assistant public defender, the court shall notify the accused of the imposition of a lien pursuant to section 27.56, Florida Statutes (1979). The amount of the lien shall be given and a judgment entered in that amount against the accused. Notice of the accused's right to a hearing to contest the amount of the lien shall be given at the time of sentence.
(2) If the accused requests a hearing to contest the amount of the lien, the court shall set a hearing date within thirty (30) days of the date of sentencing.

Committee Notes
1968 Adoption (of Rule 3.730). A revamped version of section 921.08, Florida Statutes.
1972 RevisionAmendment. 3.720(a): Substantially the same as former Rrule 3.730. 3.720(b): The defendant is to be permitted to challenge factual bases for the sentence which hethat the defendant believes to be incorrect. Wheren possible, such submissions should be done informally, *331 but the rule does not preclude an evidentiary hearing if it should be necessary. 3.720(c): Provides for plea discussions to be made a part of the record.
1980 Amendment. Modification of the Rrule by the addition of (d)(1) and (d)(2) requires a trial judge to adequately inform a defendant of the imposition of a lien for public defender services. A uniform procedure for scheduling hearings to contest liens would reduce the number of post-sentencepostsentence petitions from incarcerated defendants at times remote from sentencing. The procedure is designed to complete all lien requirements established by section 27.56, Florida Statutes (1979), before defendants are removed from the jurisdiction of the trial court.
RULE 3.730. ISSUANCE OF CAPIAS WHEREN NECESSARY TO BRING DEFENDANT BEFORE COURT
Whenever the Ccourt deems it necessary to do so in order to procure the presence of the defendant before it for the adjudication of guilt or the pronouncement of sentence, or both, when hethe defendant is not in custody, it shall direct the clerk to issue immediately, or when directed by the prosecuting attorney, a capias for the arrest of suchthe defendant. Subsequent capiases may be issued from time to time by direction of the Ccourt or the prosecuting attorney.

Committee Notes
1968 Adoption (of Rule 3.710). A revamped version of section 921.06, Florida Statutes, adding provision that defendant be required to be present at the adjudication of guilt.
1972 Amendment. Same as prior rule 3.710.
RULE 3.750. PROCEDURE WHEN PARDON IS ALLEGED AS CAUSE FOR NOT PRONOUNCING SENTENCE
When the cause alleged for not pronouncing sentence is that the defendant has been pardoned for the offense for which hethe defendant is about to be sentenced, the court, if necessary, shall postpone the pronouncement of sentence for the purpose of hearing evidence on suchthe allegation. If the Ccourt decides that suchthe allegation is true, it shall discharge such personthe defendant from custody unless hethe defendant is in custody on some other charge. If, however, it decides that suchthe allegation is not true, it shall proceed to pronounce sentence.

Committee Notes
1968 Adoption. A revamped version of section 921.10, Florida Statutes.
1972 Amendment. Same as prior rule.
RULE 3.760. PROCEDURE WHEN NON-IDENTITYNONIDENTITY IS ALLEGED AS CAUSE FOR NOT PRONOUNCING SENTENCE
When the cause alleged for not pronouncing sentence is that the person brought before the Ccourt to be sentenced is not the same person against whom the verdict, finding of the Ccourt, or judgment was rendered, the Ccourt, if necessary, shall postpone the pronouncement of sentence for the purpose of hearing evidence on suchthe allegation. If the Ccourt decides that suchthe allegation is true, it shall discharge suchthe person from custody unless hethe person is in custody on some other charge. If, however, it decides that suchthe allegation is not true, it shall proceed to pronounce sentence.

Committee Notes
1968 Adoption. A revamped version of section 921.11, Florida Statutes.
1972 Amendment. Same as prior rule.
RULE 3.770. PROCEDURE WHEN PREGNANCY IS ALLEGED AS CAUSE FOR NOT PRONOUNCING DEATH SENTENCE
When pregnancy of a female defendant is alleged as the cause for not pronouncing the death sentence, the Ccourt shall postpone the pronouncement of sentence until after it has decided the truth of suchthat allegation. If necessary in order to arrive at such a decision, it shall immediately fix a time for a hearing to determine whether or not suchthe defendant is pregnant and shall appoint not exceeding three3 competent disinterested physicians to examine *332 the defendant as to her alleged pregnancy and to testify at the hearing as to whether or not she is pregnant. Other evidence regarding whether or not suchthe defendant is pregnant may be introduced at the hearing by either party. If the Ccourt decides that the defendant is not pregnant, it shall proceed to pronounce sentence. If it decides that she is pregnant, it shall commit her to prison until it appears that she is not pregnant and shall then pronounce sentence upon her.

Committee Notes
1968 Adoption. A revamped version of section 921.12, Florida Statutes.
Note that the rule omits the statutory provisions for the payment of fees to the examining physicians. The supreme court probably does not have the power to make rules governing such matters.
1972 Amendment. Same as prior rule.
RULE 3.780. SENTENCING HEARING FOR CAPITAL CASES
(a) Evidence. In all proceedings based upon section 921.141, Florida Statutes (1975), the state and defendant will be permitted to present evidence of an aggravating or mitigating nature, consistent with the requirements of the statute. Each side will be permitted to cross-examine the witnesses presented by the other side. The state will present evidence first.
(b) Rebuttal. The trial judge shall permit rebuttal testimony.
(c) Argument. Both the state and the defendant will be given an equal opportunity for argument, each being allowed one argument. The state will present argument first.

Committee Notes
1977 Adoption. This is a new rule designed to create a uniform procedure to be followed, whichthat will be consistent with both Ssection 921.141, Florida Statutes (1975), and State v. Dixon, 283 So.2d 1 (Fla. 1973).
RULE 3.790. PROBATION AND COMMUNITY CONTROL
(a) Suspension of the Pronouncement and Imposition of Sentence; Probation or Community Control. Pronouncement and imposition of sentence of imprisonment shall not be made upon a defendant who is to be placed on probation, regardless of whether suchthe defendant has or has not been adjudicated guilty. An order of the court placing a person on probation or community control shall place the probationer under the authority of the Department of Corrections to be supervised as provided by law. The court shall specify the length of time during which the defendant is to be supervised.
(b) Revocation of Probation andor Community Control; Judgment; Sentence. When a probationer or a community controllee is brought before a court charged with a violation of probation or community control, the court shall advise himthe person of suchthe charge and, if the charge is admitted to be true, may forthwithimmediately enter an order revoking, modifying, or continuing the probation or community control. If suchthe violation of probation or community control is not admitted by the probationer or community controllee, the court may commit himthe person or release himthe person with or without bail to await further hearing, or it may dismiss the charge of violation of probation or community control. If the charge is not admitted by the probationer or community controllee and if it is not dismissed, the court, as soon as may be practicable, shall give the probationer or community controllee an opportunity to be fully heard in person, by counsel, or both. After suchthe hearing, the court may enter an order revoking, modifying, or continuing the probation or community control. Following a revocation of probation or community control, the trial court shall adjudicate the defendant guilty of the crime forming the basis of histhe probation or community control, if no such adjudication has been made previously. Pronouncement and imposition of sentence then shall be made upon suchthe defendant.

*333 Committee Notes
1968 Adoption. Subdivisions (a) and (b) contain the procedural aspects of section 948.01(1), (2), and (3), Florida Statutes. It should be noted that in (b) provision is made for no pronouncements in addition to no imposition of sentence prior to the granting of probation. The terminology in section 948.01(3), Florida Statutes, is that the trial court shall "withhold the imposition of sentence." The selected terminology is deemed preferable to the present statutory language since the latter is apparently subject to misconstruction whereby a sentence may be pronounced and merely the execution of the sentence is suspended.
The Third District Court of Appeal has indicated that the proper procedure to be followed is that probation be granted prior to sentencing. A sentence, therefore, is not a prerequisite of probation. See Yates v. Buchanan, 170 So.2d 72 (Fla.3d DCA 1964); also see Bateh v. State, 101 So.2d 869 (Fla. 1st DCA 1958), decided by the First District Court of Appeal to the same effect.
While a trial court initially can set a probationary period at less than the maximum allowed by law, this period may be extended to the maximum prior to the expiration of the initially-set probationary period. Pickman v. State, 155 So.2d 646 (Fla. 1st DCA 1963). This means, therefore, that any specific time set by the court as to the probationary period is not binding if the court acts timely in modifying it. It is clear, in view of the foregoing, that if a trial judge pronounces a definite sentence and then purports to suspend its execution and place the defendant on probation for the period of time specified in the sentence, matters may become unduly complicated.
If such procedure is considered to be nothing more than an informal manner of suspending the imposition of sentence and thus adhering to present statutory requirements, it should be noted that the time specified in the "sentence" is not binding on the court with reference to subsequent modification, if timely action follows. On the other hand, if the action of the trial court is considered strictly, it would be held to be void as not in conformity with statutory requirements.
A probationary period is not a sentence, and any procedure that tends to mix them is undesirable, even if this mixture is accomplished by nothing more than the terminology used by the trial court in its desire to place a person on probation. See sections 948.04 and 948.06(1), Florida Statutes, in which clear distinctions are drawn between the period of a sentence and the period of probation.
(c) Contains the procedural aspects of section 948.06(1), Florida Statutes.
1972 Amendment. (a) of former rule deleted, as its substance is now contained in Rrules 3.710, 3.711, and 3.713. Former sectionssubdivisions (b) and (c) are now renumbered (a) and (b) respectively.
1988 Amendment. This amendment changes wording to conform with current responsibilities of the Department of Corrections to supervise a person placed either on either probation or community control and brings community control within the scope of the rule.
RULE 3.800. CORRECTION;, REDUCTION, AND MODIFICATION OF SENTENCES
(a) Correction. A court may at any time correct an illegal sentence imposed by it or an incorrect calculation made by it in a sentencing guideline scoresheet.
(b) Reduction and Modification. A court may reduce or modify to include any of the provisions of chapter 948, Florida Statutes, a legal sentence imposed by it within sixty60 days after such imposition, or within sixty60 days after receipt by the court of a mandate issued by the appellate court upon affirmance of the judgment and/or sentence upon an original appeal, or within sixty60 days after receipt by the court of a certified copy of an order of the appellate court dismissing an original appeal from the judgment and/or sentence, or, if further appellate review is sought in a higher court or in successively higher courts, then within sixty60 days after the *334 highest state or federal court to which a timely appeal has been taken under authority of law, or in which a petition for certiorari has been timely filed under authority of law, has entered an order of affirmance or an order dismissing the appeal and/or denying certiorari. This sectionsubdivision of the Rrule shall not, however, be applicable to those cases in which the death sentence is imposed or those cases wherein which the trial judge has imposed the minimum mandatory sentence or has no sentencing discretion.

Committee Notes
1968 Adoption. Same as sections 921.24 and 921.25, Florida Statutes. Similar to Federal Rule of Criminal Procedure 35.
1972 RevisionAmendment. Same as prior rule.
1977 Amendment. This amendment provides a uniform time within which a defendant may seek a reduction in sentence and excludes death and minimum mandatory sentences from its operation.
1980 Amendment. Permits the sentencing judge, within the sixty60-day time period, to modify as well as to reduce, the sentence originally imposed. Such modification would permit the judge to impose, in the modification, any sentence which could have been imposed initially, including split sentence or probation. The trial judge may not, in such modification, increase the original sentence.

XV. EXECUTION OF SENTENCE
RULE 3.810. COMMITMENT OF DEFENDANT; DUTY OF SHERIFF
UponOn pronouncement of a sentence imposing a penalty other than a fine only or death, the court shall, unless the execution of the sentence is suspended or stayed, and, in such case, upon termination of the suspension or stay, forthwith commit the defendant to the custody of the sheriff under a commitment to which shall be attached a certified copy of the sentence and, unless both are contained in the same instrument if the sentence be tois imprisonment in the state prison, a certified copy of the judgment of conviction and a certified copy of the indictment or information, and the sheriff shall thereupon, within a reasonable time, if hethe sheriff is not the proper official to execute the sentence, transfer the defendant, together with the commitment and attached certified copies, to the custody of the official whose duty it is to execute the sentence, and shall take from suchthat person a receipt for the defendant and make a return thereof to the court.

Committee Notes
1968 Adoption. Substantially the same as section 922.01, Florida Statutes. There has been added to the rule the requirement that, if the commitment is to the state prison, it shall be accompanied by a certified copy of the judgment of conviction and a certified copy of the indictment or information. (Section 944.18, Florida Statutes, requires a certified copy of the indictment or information to be transmitted to the Division of Corrections; the Division of Corrections should also have a certified copy of the judgment.)
1972 Amendment. Same as prior rule.
RULE 3.811. INSANITY AT TIME OF EXECUTION: CAPITAL CASES
(a) Insanity to Be Executed. A person under sentence of death shall not be executed while he is mentally insane to be executed.
(b) Insanity Defined. A person under sentence of death is insane for purposes of execution if suchthe person lacks the mental capacity to understand the fact of the impending execution and the reason for it.
(c) Stay of Execution. No motion for a stay of execution pending hearing, based on grounds of the prisoner's insanity to be executed, shall be entertained by any Ccourt until such time as the Governor of Florida shall have held appropriate proceedings for determining the issue pursuant to the appropriate Florida Statutes.
(d) Motion for Stay after Governor's Determination of Sanity to Be Executed. UponOn determination of the Governor of Florida, subsequent to the signing of a death warrant for a prisoner under sentence *335 of death and pursuant to the applicable Florida Statutes relating to insanity at time of execution, that the prisoner is sane to be executed, counsel for the prisoner may move the Court for a stay of execution and a hearing based on the prisoner's insanity to be executed.
(1) The motion shall be filed in the Ccircuit Ccourt of the Ccircuit in which the execution is to take place, and shall be heard by one of the judges of that Ccircuit or such other judge as shall be assigned by the Cchief Jjustice of the Ssupreme Ccourt to hear the motion. The Sstate Aattorney of the Ccircuit shall represent the State of Florida in any proceedings held on the motion.
(2) The motion shall be in writing and shall contain a certificate of counsel that the motion is made in good faith and on reasonable grounds to believe that the prisoner is insane to be executed.
(3) Counsel for the prisoner shall file, along with the motion, all reports of experts whichthat were submitted to the Ggovernor pursuant to the statutory procedure for executive determination of sanity to be executed. If any of suchthe evidence is not available to counsel for the prisoner, he counsel shall attach to the motion an affidavit so stating, with an explanation of why suchthe evidence is unavailable.
(4) Counsel for the prisoner and the Sstate may submit such other evidentiary material and written submissions including reports of experts on behalf of the prisoner as shall be relevant to determination of the issue.
(5) A copy of the motion and all supporting documents shall be served on the Florida Department of Legal Affairs and the Sstate Aattorney of the Ccircuit in which the motion has been filed.
(e) Order Granting. If the circuit judge, upon review of the motion and submissions, has reasonable grounds to believe that the prisoner is insane to be executed, the judge shall grant a stay of execution and may order further proceedings which may include a hearing pursuant to rule 3.812.

Committee Notes
1988 Adoption. This rule is not intended to preclude the Office of the Attorney General or the Sstate Aattorney of the Ccircuit in which the trial was held from appearing on behalf of the State of Florida under circumstances when permitted by law.
RULE 3.812. HEARING ON INSANITY AT TIME OF EXECUTION: CAPITAL CASES
(a) Hearing on Insanity to Be Executed. The hearing on the prisoner's insanity to be executed shall not be a review of the Ggovernor's determination, but shall be a hearing de novo.
(b) Issue at Hearing. At the hearing the issue shall be whether the prisoner presently meets the criteria for insanity at time of execution, that is, whether the prisoner lacks the mental capacity to understand the fact of the pending execution and the reason for it.
(c) Procedure. The Ccourt may do suchany of the following as may be appropriate and adequate for a just resolution of the issues raised:
(1) Rrequire the presence of the prisoner at the hearing.;
(2) Aappoint no more than three (3) disinterested mental health experts to examine the prisoner with respect to the criteria for insanity to be executed and to report their findings and conclusions to the Ccourt.; or
(3) Eenter such other orders as may be appropriate to effectuate a speedy and just resolution of the issues raised.
(e)(d) Evidence. At hearings held pursuant to this rule, the Ccourt may admit such evidence as the Ccourt deems relevant to the issues, including but not limited to the reports of expert witnesses, and the Ccourt shall not be strictly bound by the rules of evidence.
(f)(e) Order. If, at the conclusion of the hearing, the Ccourt shall find, by clear and convincing evidence, that the prisoner is insane to be executed, the Ccourt shall enter its order continuing the stay of the death warrant,; otherwise, the Ccourt shall deny the motion and enter its order dissolving the stay of execution.
*336 RULE 3.820. HABEAS CORPUS; CUSTODY PENDING APPEAL
(a) Custody Pending Appeal of Order of Denial. When a defendant has been sentenced, and is actually serving histhe sentence, and has not appealed from the judgment or sentence, but seeks hisa release from imprisonment by habeas corpus proceedings, and the writ has been discharged after it has been issued, the custody of the prisoner shall not be disturbed, pending a review ofby the appellate court.
(b) Custody Pending Appeal of Order Granting. Pending a review of a decision discharging a prisoner on habeas corpus, hethe prisoner shall be discharged upon bail, with sureties to be approved as other bail bonds are approved for histhe prisoner's appearance to answer and abide by the judgment of the appellate court.

Committee Notes
1968 Adoption. Same as section 922.03, Florida Statutes.
1972 Amendment. Same as prior rule, but some terminology has been changed.

XVI. CRIMINAL CONTEMPT
RULE 3.830. DIRECT CRIMINAL CONTEMPT
A criminal contempt may be punished summarily if the court saw or heard the conduct constituting the contempt committed in the actual presence of the court. The judgment of guilt of contempt shall include a recital of those facts upon which the adjudication of guilt is based. Prior to the adjudication of guilt the judge shall inform the defendant of the accusation against himthe defendant and inquire as to whether hethe defendant has any cause to show why he or she should not be adjudged guilty of contempt by the Ccourt and sentenced therefor. The defendant shall be given the opportunity to present evidence of excusing or mitigating circumstances. The judgment shall be signed by the judge and entered of record. Sentence shall be pronounced in open court.

Committee Notes
1968 Adoption. This proposal is consistent with present Florida practice in authorizing summary proceedings in direct criminal contempt cases. See Ballengee v. State, 144 So.2d 68 (Fla. 2d DCA 1962); Baumgartner v. Joughin, 105 Fla. 334, 141 So. 185 (1932); also see State v. Lehman, 100 Fla. 481, 129 So. 818 (1930), holding that the defendant is not entitled to notice of the accusation or a motion for attachment. Fairness dictates that the defendant be allowed to present excusing or mitigating evidence even in direct criminal contempt cases.
Much of the terminology of the proposal is patterned after Federal Rule of Criminal Procedure 42(a) with variations for purposes of clarity. What may be considered a significant change from the terminology of the federal rule is that the proposal provides for a "judgment" of contempt, whereas the term "order" of contempt is used in the federal rule. Both terms have been used in Florida appellate cases. The term "judgment" is preferred here since it is consistent with the procedure of adjudicating guilt and is more easily reconciled with a "conviction" of contempt, common terminology on the trial and appellate levels in Florida. It also is consistent with appeals in contempt cases. See, e.g., State ex rel. Shotkin v. Buchanan, 149 So.2d 574, 98 A.L.R.2d 683 (Fla.3d DCA 1963), for the use of the term "judgment".
1972 Amendment. Same as prior rule.
RULE 3.840. INDIRECT CRIMINAL CONTEMPT
(a) Indirect (Constructive) Criminal Contempt. A criminal contempt, except as provided in the preceding subsectionrule 3.830 concerning direct contempts, shall be prosecuted in the following manner:
(1)(a) Order to Show Cause. The judge, of hison the judge's own motion or upon affidavit of any person having knowledge of the facts, may issue and sign an order directed to the defendant, stating the essential facts constituting the criminal contempt charged and requiring himthe defendant to appear before the court to show cause why hethe defendant should not be *337 held in contempt of court. The order shall specify the time and place of the hearing, with a reasonable time allowed for preparation of the defense after service of the order on the defendant.
(2)(b) Motions; Answer. The defendant, personally or by counsel, may move to dismiss the order to show cause, move for a statement of particulars, or answer suchthe order by way of explanation or defense. All motions and the answer shall be in writing unless specified otherwise by the judge. A defendant's omission to file motions or answer shall not be deemed as an admission of guilt of the contempt charged.
(3)(c) Order of Arrest; Bail. The judge may issue an order of arrest of the defendant if the judge has reason to believe the defendant will not appear in response to the order to show cause. The defendant shall be admitted to bail in the manner provided by law in criminal cases.
(4)(d) Arraignment; Hearing. The defendant may be arraigned at the time of the hearing, or prior thereto upon hisat the defendant's request. A hearing to determine the guilt or innocence of the defendant shall follow a plea of not guilty. The judge may conduct a hearing without assistance of counsel or may be assisted by the prosecuting attorney or by an attorney appointed for that purpose. The defendant is entitled to be represented by counsel, have compulsory process for the attendance of witnesses, and may testify in his or her own defense. All issues of law and fact shall be heard and determined by the judge.
(5)(e) Disqualification of Judge. If the contempt charged involves disrespect to or criticism of a judge, hethe judge shall disqualify himself or herself from presiding at the hearing. Another judge shall be designated by the Cchief Jjustice of the Ssupreme Ccourt.
(6)(f) Verdict; Judgment. At the conclusion of the hearing the judge shall sign and enter of record a judgment of guilty or not guilty. There should be included in a judgment of guilty a recital of the facts constituting the contempt of which the defendant has been found and adjudicated guilty.
(7)(g) The Sentence; Indirect Contempt. Prior to the pronouncement of sentence, the judge shall inform the defendant of the accusation and judgment against himthe defendant and inquire as to whether hethe defendant has any cause to show why sentence should not be pronounced. The defendant shall be afforded the opportunity to present evidence of mitigating circumstances. The sentence shall be pronounced in open court and in the presence of the defendant.

Committee Notes
1968 Adoption.
(a)(1) Order to Show Cause. The courts have used various and, at times, misleading terminology with reference to this phase of the procedure, viz. "citation," "rule nisi," "rule," "rule to show cause," "information," "indicted," and "order to show cause." Although all apparently have been used with the same connotation the terminology chosen probably is more readily understandable than the others. This term is used in Federal Rule of Criminal Procedure 42(b) dealing with indirect criminal contempts.
In proceedings for indirect contempt, due process of law requires that the accused be given notice of the charge and a reasonable opportunity to meet it by way of defense or explanation. State ex rel. Giblin v. Sullivan, 157 Fla. 496, 26 So.2d 509 (1946); State ex rel. Geary v. Kelly, 137 So.2d 262, 263 (Fla.3d DCA 1962).
The petition (affidavit is used here) must be filed by someone having actual knowledge of the facts and must be under oath. Phillips v. State, 147 So.2d 163 (Fla.3d DCA 1962); see also Croft v. Culbreath, 150 Fla. 60, 6 So.2d 638 (1942); Ex parte Biggers, 85 Fla. 322, 95 So. 763 (1923).
(2) Motions; Answer. The appellate courts of Florida, while apparently refraining from making motions and answers indispensable parts of the procedure, seem to regard them with favor in appropriate situations. Regarding motions to quash and *338 motion for bill of particulars, see Geary v. State, 139 So.2d 891 (Fla.3d DCA 1962); regarding the answer, see State ex rel. Huie v. Lewis, 80 So.2d 685 (Fla. 1955).
Elsewhere in these rules is a recommended proposal that a motion to dismiss replace the present motion to quash; hence, the motion to dismiss is recommended here.
The proposal contains no requirement that the motions or answer be under oath. Until section 38.22, Florida Statutes, was amended in 1945 there prevailed in Florida the common law rule that denial under oath is conclusive and requires discharge of the defendant in indirect contempt cases; the discharge was considered as justified because the defendant could be convicted of perjury if the defendant had sworn falsely in the answer or in a motion denying the charge. The amendment of section 38.22, Florida Statutes, however, has been construed to no longer justify the discharge of the defendant merely because the defendant denies the charge under oath. See Exparte Earman, 85 Fla. 297, 95 So. 755 (1923), re the common law; see Dodd v. State, 110 So.2d 22 (Fla.3d DCA 1959) re the construction of section 38.22, Florida Statutes, as amended. There appears, therefore, no necessity of requiring that a pleading directed to the order to show cause be under oath, except as a matter of policy of holding potential perjury prosecutions over the heads of defendants. It is recommended, therefore, that no oath be required at this stage of the proceeding.
Due process of law in the prosecution for indirect contempt requires that the defendant have the right to assistance by counsel. Baumgartner v. Joughin, 105 Fla. 335, 141 So. 185 (1932), adhered to, 107 Fla. 858, 143 So. 436 (1932).
(3) Order of Arrest; Bail. Arrest and bail, although apparently used only rarely, were permissible at common law and, accordingly, are unobjectionable under present Florida law. At times each should serve a useful purpose in contempt proceedings and should be included in the rule. As to the common law, see Ex parte Biggers, supra.
(4) Arraignment; Hearing. Provision is made for a pre-hearing arraignment in case the defendant wishes to plead guilty to the charge prior to the date set for the hearing. The defendant has a constitutional right to a hearing under the due process clauses of the state and federal constitutions. State ex rel. Pipia v. Buchanan, 168 So.2d 783 (Fla.3d DCA 1964). This right includes the right to assistance of counsel and the right to call witnesses. Baumgartner v. Joughin, supra. The defendant cannot be compelled to testify against himself. Demetree v. State, ex rel. Marsh, 89 So.2d 498 (Fla. 1956).
Section 38.22, Florida Statutes, as amended in 1945, provides that all issues of law or fact shall be heard and determined by the judge. Apparently under this statute the defendant is not only precluded from considering a jury trial as a right but also the judge has no discretion to allow the defendant a jury trial. See State ex rel. Huie v. Lewis, supra, and Dodd v. State, supra, in which the court seems to assume this, such assumption seemingly being warranted by the terminology of the statute.
There is no reason to believe that the statute is unconstitutional as being in violation of section 11 of the Declaration of Rights of the Florida Constitution which provides, in part, that the accused in all criminal prosecutions shall have the right to a public trial by an impartial jury. Criminal contempt is not a crime; consequently, no criminal prosecution is involved. Neering v. State, 155 So.2d 874 (Fla. 1963); State ex rel. Saunders v. Boyer, 166 So.2d 694 (Fla.2d DCA 1964); Ballengee v. State, 144 So.2d 68 (Fla.2d DCA 1962).
Section 3 of the Declaration of Rights, providing that the right of trial by jury shall be secured to all and remain inviolate forever, also apparently is not violated. This provision has been construed many times as guaranteeing a jury trial in proceedings at common law, as practiced at the time of the adoption of the constitution (see, e.g., Hawkins v. Rellim Inv. Co., 92 *339 Fla. 784, 110 So. 350 (1926)), i.e., it is applicable only to cases in which the right existed before the adoption of the constitution (see, e.g., State ex rel. Sellers v. Parker, 87 Fla. 181, 100 So. 260 (1924)). Section 3 was never intended to extend the right of a trial by jury beyond this point. Boyd v. Dade County, 123 So.2d 323 (Fla. 1960).
There is some authority that trial by jury in indirect criminal contempt existed in the early common law, but this practice was eliminated by the Star Chamber with the result that for centuries the common law courts have punished indirect contempts without a jury trial. See 36 Mississippi Law Journal 106. The practice in Florida to date apparently has been consistent with this position. No case has been found in this state in which a person was tried by a jury for criminal contempt. See Justice Terrell's comment adverse to such jury trials in State ex rel. Huie v. Lewis, supra.
The United States Supreme Court has assumed the same position with reference to the dictates of the common law. Quoting from Eilenbecker v. District Court, 134 U.S. 31, 36, 10 S.Ct. 424, 33 L.Ed. 801 (1890), the Court stated, "If it has ever been understood that proceedings according to the common law for contempt of court have been subject to the right of trial by jury, we have been unable to find any instance of it." United States v. Barnett, 376 U.S. 681, 696, 84 S.Ct. 984, 12 L.Ed.2d 23 (1964). In answer to the contention that contempt proceedings without a jury were limited to trivial offenses, the Court stated, "[W]e find no basis for a determination that, at the time the Constitution was adopted, contempt was generally regarded as not extending to cases of serious misconduct." 376 U.S. at 701. There is little doubt, therefore, that a defendant in a criminal contempt case in Florida has no constitutional right to a trial by jury.
Proponents for such trials seemingly must depend on authorization by the legislature or Supreme Court of Florida to attain their objective. By enacting section 38.22, Florida Statutes, which impliedly prohibits trial by jury the legislature exhibited a legislative intent to remain consistent with the common law rule. A possible alternative is for the Supreme Court of Florida to promulgate a rule providing for such trials and assume the position that under its constitutional right to govern practice and procedure in the courts of Florida such rule would supersede section 38.22, Florida Statutes. It is believed that the supreme court has such authority. Accordingly, alternate proposals are offered for the court's consideration; the first provides for a jury trial unless waived by the defendant and the alternate is consistent with present practice.
(5) Disqualification of Judge. Provision for the disqualification of the judge is made in federal rule 42(b). The proposal is patterned after this rule.
Favorable comments concerning disqualification of judges in appropriate cases may be found in opinions of the Supreme Court of Florida. See Pennekamp v. State, 156 Fla. 227, 22 So.2d 875, (1945), and concurring opinion in State ex rel Huie v. Lewis, supra.
(6) Verdict; Judgment. "Judgment" is deemed preferable to the term "order," since the proper procedure involves an adjudication of guilty. The use of "judgment" is consistent with present Florida practice. E.g., Dinnen v. State, 168 So.2d 703 (Fla. 2d DCA 1964); State ex rel. Byrd v. Anderson, 168 So.2d 554 (Fla. 1st DCA 1964).
The recital in the judgment of facts constituting the contempt serves to preserve for postconviction purposes a composite record of the offense by the person best qualified to make such recital: the judge. See Ryals v. United States, 69 F.2d 946 (5th Cir.1934), in which such procedure is referred to as "good practice."
(7) Sentence; Indirect Contempt. The substance of this subdivision is found in present sections 921.05(2), 921.07 and 921.13, Florida Statutes. While these sections are concerned with sentences in criminal cases, the First District Court of Appeal in 1964 held that unless a defendant convicted of criminal contempt is paid the same deference the defendant is not being accorded *340 due process of law as provided in section 12 of the Declaration of Rights of the Florida Constitution and the Fourteenth Amendment of the Constitution of the United States. Neering v. State, 164 So.2d 29 (Fla. 1st DCA 1964).
Statement concerning the effect the adoption of this proposed rule will have on contempt statutes:
This rule is not concerned with the source of the power of courts to punish for contempt. It is concerned with desirable procedure to be employed in the implementation of such power. Consequently, its adoption will in no way affect the Florida statutes purporting to be legislative grants of authority to the courts to punish for contempt, viz., sections 38.22 (dealing with "all" courts), 932.03 (dealing with courts having original jurisdiction in criminal cases), and 39.13 (dealing with juvenile courts). This is true regardless of whether the source of power is considered to lie exclusively with the courts as an inherent power or is subject, at least in part, to legislative grant.
The adoption of the rule also will leave unaffected the numerous Florida statutes concerned with various situations considered by the legislature to be punishable as contempt (e.g., section 38.23, Florida Statutes), since these statutes deal with substantive rather than procedural law.
Section 38.22, Florida Statutes, as discussed in the preceding notes, is concerned with procedure in that it requires the court to hear and determine all questions of law or fact. Insofar, therefore, as criminal contempts are concerned the adoption of the alternate proposal providing for a jury trial will mean that the rule supersedes this aspect of the statute and the statute should be amended accordingly.
1972 Amendment. Same as prior rule.

XVII. POST-CONVICTIONPOSTCONVICTION RELIEF
RULE 3.850. MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE; HEARING; APPEAL
(a) Grounds for Motion. A prisoner in custody under sentence of a court established by the laws of Florida claiming the right to be released upon the ground that the judgment was entered or that the sentence was imposed in violation of the Constitution or Llaws of the United States, or of the State of Florida, or that the court was without jurisdiction to enter suchthe judgment or to impose suchthe sentence, or that the sentence was in excess of the maximum authorized by law, or that histhe plea was given involuntarily, or that the judgment or sentence is otherwise subject to collateral attack, may move, in the court whichthat entered the judgment or imposed the sentence, to vacate, set aside, or correct the judgment or sentence.
(b) Time Limitations. A motion to vacate a sentence whichthat exceeds the limits provided by law may be filed at any time. No other motion shall be filed or considered pursuant to this rule if filed more than two2 years after the judgment and sentence become final unless it alleges that
(1) the facts upon which the claim is predicated were unknown to the movant or histhe movant's attorney and could not have been ascertained by the exercise of due diligence, or,
(2) the fundamental constitutional right asserted was not established within the period provided for herein and has been held to apply retroactively.
Any person whose judgment and sentence became final prior to January 1, 1985, shall have until January 1, 1987, to file a motion in accordance with this rule.
(c) Contents of Motion. The motion shall be under oath and include the following information:
(a)(1) Tthe judgment or sentence under attack and the court which rendered the same;
(b)(2) Wwhether there was an appeal from the judgment or sentence and the disposition thereof;
(c)(3) Wwhether a previous post-convictionpostconviction motion has been filed, and if so, how many;
*341 (d)(4) Iif a previous motion or motions have been filed, the reason or reasons why the claim or claims in the present motion were not raised in the former motion or motions.;
(e)(5) Tthe nature of the relief sought:; and
(f)(6) Aa brief statement of the facts (and other conditions) relied upon in support of the motion.
This rule does not authorize relief based upon grounds whichthat could have or should have been raised at trial and, if properly preserved, on direct appeal of the judgment and sentence.
(d) Procedure; Evidentiary Hearing; Disposition. UpoOn filing of a Rrule 3.850 motion, the clerk shall forward the motion and file to the court. If the motion, and the files, and records in the case conclusively show that the prisoner is entitled to no relief, the motion shall be denied without a hearing. In those instances when suchthe denial is not predicated upon the legal insufficiency of the motion on its face, a copy of that portion of the files and records whichthat conclusively shows that the prisoner is entitled to no relief shall be attached to the order. Unless the motion and the, files, and records of the case conclusively show that the prisoner is entitled to no relief, the court shall order the Sstate Aattorney to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate. The answer shall respond to the allegations of the motion. In addition it shall state whether the movant has used any other available state remedies including any other post-convictionpostconviction motion under this rule. The answer shall also state whether an evidentiary hearing was accorded the movant. If the motion has not been denied at a previous stage in the proceedings, the judge, after the answer is filed, shall determine whether an evidentiary hearing is required. If an evidentiary hearing is not required, the judge shall make appropriate disposition of the motion. If an evidentiary hearing is required, the court shall grant a prompt hearing thereon and the court shall cause notice thereof to be served upon the state attorney, determine the issues, and make findings of fact and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or is otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set aside the judgment aside and shall discharge the prisoner or resentence himthe prisoner, or grant him a new trial, or correct the sentence as may appear appropriate.
(e) Prisoner's Presence Not Required. A court may entertain and determine suchthe motion without requiring the production of the prisoner at the hearing.
(f) Successive Motions. A second or successive motion may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the movant or histhe attorney to assert those grounds in a prior motion constituted an abuse of the procedure governed by these rules.
(g) Appeal; Rehearing; Service on Prisoner. An appeal may be taken to the appropriate appellate court from the order entered on the motion as from a final judgment on application for writ of habeas corpus. All orders denying motions for post-convictionpostconviction relief shall include a statement that the movant has the right to appeal within thirty30 days of the rendition of the order. The prisoner may file a motion for rehearing of any order denying a motion under this rule within fifteen15 days of the date of service of the order. The clerk of the court shall promptly serve upon the prisoner a copy of any order denying a motion for post-conviction postconviction relief or denying a motion for rehearing noting thereon the date of service by an appropriate certificate of service.
*342 (h) Habeas Corpus. An application for writ of habeas corpus inon behalf of a prisoner who is authorized to apply for relief by motion pursuant to this rule, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court whichthat sentenced himthe applicant, or that suchthe court has denied himthe applicant relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of histhe applicant's detention.

Committee Notes
1972 RevisionAmendment. Same as prior rule. Former Rrule 3.860, previously deleted, now found in Aarticle 18, The Florida Bar Integration Rules.
1977 Amendment (343 So.2d 1247). Nothing has been taken from proposed Rrule 3.850. Additions have been made. The committee proceeded on the theory that generally the motions coming under the purview of the rule were filed by prisoners and will be considered ex parte.
The proposed amendment contemplates that in those cases where the trial court found the movant entitled to some relief, the Sstate Aattorney would be noticed and given an opportunity to be heard. The rule further contemplates that if the appellate court reverses, it would do so with directions to conduct a hearing with notice to all parties.
(a), (b), (c), (d), (e)
The committee was of the opinion that the motion should contain the minimum prerequisites indicated in the lettered portions to permit the trial court to quickly ascertain whether or not the motion was entitled to consideration, and, if not, provide for its return to the movant as unacceptable. This procedure is similar to Ffederal rules dealing with post-convictionpostconviction motions.
The committee perceives that denial of a motion will either be based on the insufficiency of the motion itself or on the basis of the file or record which the trial court will have before it. The proposal provides for a simplified expeditious disposition of appeals in such cases. It is to be noted, however, that in those cases where the record is relied upon as a basis for denial of the motion, it may in exceptional cases involve a substantial record, but the advantages of this procedure seem to justify coping with the unusual or exceptional case. It is the opinion of the committee that trial courts will, in any order of denial based upon the insufficiency of the motion or on the face of the record, trial courts will set forth specifically the basis of the court's ruling with sufficient specificity to delineate the issue for the benefit of appellate courts.
The committee thought that the provision permitting ex parte denial of a motion based on the face of the record was appropriate inasmuch as the movant was granted an opportunity for rehearing in which he couldto point out any errors the court may have made, thus providing sufficient safeguards to iensure consideration of the prisoner's contentions.
The prisoner or movant's motion for rehearing will be a part of the record on appeal, thereby alerting the appellate court to the movant's dissatisfaction with the trial court's ruling.
1984 Amendment. The committee felt that provisions should be added to allow the court to consider why a subsequent motion was being filed and whether it was properly filed, similar to subruleFederal Rule of Criminal Procedure 9(b) or Rule 35 of the Federal Rules of Criminal Procedure.
The committee also felt that the court should have the authority to order the state to respond to a 3.850 motion by answer or other pleading as the court may direct.
The committee felt that even thoughif a motion filed under Rrule 3.850 does not substantially comply with the requirements of the rule, the motion should still be filed *343 and ruled on by the court. Hence the former provision authorizing the court to refuse to receive such a non-conformingnonconforming motion has been removed and words allowing the presiding judge to summarily deny a non-complyingnoncomplying motion have been satisfied.
1992 Amendment. Pursuant to State v. District Court of Appeal of Florida, First District, 569 So.2d 439 (Fla. 1990), motions seeking a belated direct appeal based on the ineffective assistance of counsel should be filed in the trial court under rule 3.850. Also, see rule 3.111(e) regarding trial counsel's duties before withdrawal after judgment and sentence.
RULE 3.851. COLLATERAL RELIEF AFTER A DEATH WARRANT IS SIGNED
(a) Time for Filing. When a death warrant is signed for a prisoner and the warrant sets the execution for at least sixty60 days from the date of signing, all motions and petitions for any type of postconviction or collateral relief shall be filed within thirty30 days of the date of signing. Expiration of the thirty30-day period procedurally bars any later petition unless it is alleged (1) that (1) the facts upon which the claim is predicated were unknown to the movant and could not have been ascertained by the exercise of due diligence prior to the end of the thirty30-day period, or (2) the fundamental constitutional right asserted was established after the thirty30-day period expired and has been held to apply retroactively. The court with which any such motion or petition is filed shall consider and rule on it forthwith.
(b) Rehearing; Appeal. The time for filing motions for rehearing from orders entered upon motions and petitions filed pursuant to paragraphsubdivision (a) shall be two2 days, and the court shall rule promptly on any motion for rehearing. The time for filing a notice of appeal from orders entered upon any motions or petitions filed pursuant to paragraphsubdivision (a) shall be three3 days.

XVIII. FORMS
RULE 3.985. STANDARD JURY INSTRUCTIONS
The forms of Florida Standard Jury Instructions in Criminal Cases published by The Florida Bar pursuant to authority of the court may be used by the trial judges of this Sstate in charging the jury in every criminal case to the extent that the forms are applicable, unless the trial judge shall determine that an applicable form of instruction is erroneous or inadequate, in which event hethe judge shall modify or amend suchthe form or give such other instruction as the trial judge shall determine to be necessary accurately and sufficiently to instruct the jury in accurately and sufficiently on the circumstances of the case; and, in such event, the trial judge shall state on the record or in a separate order the respect in which hethe judge's finds the standard form erroneous or inadequate and the legal basis of histhe judge's finding. Similarly, in all circumstances in which the notes accompanying the Florida Standard Jury Instructions in Criminal Cases contain a recommendation that a certain type of instruction not be given, the trial judge may follow suchthe recommendation unless hethe judge shall determine that the giving of such an instruction is necessary accurately and sufficiently to instruct the jury accurately and sufficiently, in which event hethe judge shall give such instruction as hethe judge shall deem appropriate and necessary; and, in such event, the trial judge shall state on the record or in a separate order the legal basis of histhe determination that suchthe instruction is necessary.

Committee Notes
1972 Amendment. Same as prior rule.

*344 RULE 3.987. MOTION FOR POST-CONVICTIONPOSTCONVICTION RELIEF
 MODEL FORM FOR USE IN MOTIONS FOR
 POST-CONVICTIONPOSTCONVICTION RELIEF PURSUANT TO
 FLORIDA RULE OF CRIMINAL PROCEDURE NUMBER 3.850
 IN THE CIRCUIT COURT OF THE
 ________ JUDICIAL CIRCUIT,
 IN AND FOR ________
 COUNTY, FLORIDA
 CRIMINAL DIVISION
 CASE NUMBER: ___________
 (the original case number)
STATE OF FLORIDA )
 In the Circuit Court of the
 __________ Judicial Circuit,
 in and for ____________
 County, Florida
State of Florida )
 )
 vs. ) Criminal Division
 )
________________________ ) Case No.: __________
 (your name) ) (the original case number)
 )
________________________ )

MOTION FOR POST-CONVICTIONPOSTCONVICTION RELIEF

Instructions  Read Carefully
(1) This motion must be legibly handwritten or typewritten, signed by the defendant and sworn to before a notary public or other official authorized to administer an oath. Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury. All questions must be answered concisely in the proper space on the form.
(2) Additional pages are not permitted except with respect to the facts whichthat you rely upon to support your grounds for relief. No citation of authorities need be furnished. If briefs or arguments are submitted in support of your legal claims (as opposed to your factual claims), they should be submitted in the form of a separate Mmemorandum of Llaw. This memorandum should have the same caption as this Mmotion.
(3) No filing fee is required when submitting a Mmotion for Post-Convictionpostconviction Rrelief.
(4) Only the judgment of one case may be challenged in a single Mmotion for Post-Convictionpostconviction Rrelief. If you seek to challenge judgments entered in different cases, or different courts, you must file separate motions as to each such case. The single exception to this is if you are challenging the judgments in the different cases whichthat were consolidated for trial. In this event, show each case number involved in the caption.
(5) Your attention is directed to the fact that you must include all grounds for relief, and all facts that support such grounds, in the motion you file seeking relief from any judgment of conviction.
(6) When the motion is fully completed, the original must be mailed to the Cclerk of the Ccourt whose address is _________ ..... (county where sentence was imposed) ____ County Courthouse, _________ .... (address of clerk) ...., Florida.

*345 MOTION

 1. Name and location of the court whichthat entered the judgment of
 conviction under attack: ______________________________________________
 _______________________________________________________________________
 2. Date of judgment of conviction: _______________________________________
 3. Length of sentence: ___________________________________________________
 4. Nature of offense(s) involved (all counts): ___________________________
 _______________________________________________________________________
 _______________________________________________________________________
 5. What was your plea? (check only one)
 (a) Not Gguilty __________
 (b) Guilty __________
 (c) Nolo Ccontendere __________
 (d) Not Gguilty by reason of insanity __________
 If you entered one plea to one count, and a different plea to another
 count, give details:
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 6. Kind of trial: (check only one)
 (a) Jury __________
 (b) Judge only without jury __________
 7. Did you testify at the trial or at any pre-trialpretrial hearing?
 Yes __________ No __________
 If yes, list each such occasion: ______________________________________
 _______________________________________________________________________
 8. Did you appeal from the judgment of conviction?
 Yes __________ No __________
 9. If you did appeal, answer the following:
 (a) Name of court: ____________________________________________________
 (b) Result: ___________________________________________________________
 (c) Date of result: ___________________________________________________
 (d) Citation (if known): ______________________________________________
 10. Other than a direct appeal from the judgment of conviction and
 sentence, have you previously filed any petitions, applications,
 motions, etc., with respect to this judgment in this court?
 Yes __________ No __________
 11. If your answer to number 10 was "yes"," give the following information
 (applies only to proceedings in this court):
 (a) (1) Nature of the proceeding: _____________________________________
 _______________________________________________________________
 (2) Grounds raised: _______________________________________________
 _______________________________________________________________
 _______________________________________________________________
 (3) Did you receive an evidentiary hearing on your petition,
 application, motion, etc.?
 Yes __________ No __________
 (4) Result: _______________________________________________________
 (5) Date of result: _______________________________________________

*346
 (b) As to any second petition, application, motion, etc., give the same
 information:
 (1) Nature of the proceeding: _____________________________________
 _______________________________________________________________
 (2) Grounds raised: _______________________________________________
 _______________________________________________________________
 _______________________________________________________________
 (3) Did you receive an evidentiary hearing on your petition,
 application, motion, etc.?
 Yes __________ No __________
 (4) Result: _______________________________________________________
 (5) Date of result: _______________________________________________
 12. Other than a direct appeal from the judgment of conviction and
 sentence, have you previously filed any petitions, applications,
 motions, etc., with respect to this judgment in any other court?
 Yes __________ No __________
 13. If your answer to number 12 was "yes"," give the following
 information:
 (a) (1) Name of court: ________________________________________________
 (2) Nature of the proceeding: _____________________________________
 _______________________________________________________________
 _______________________________________________________________
 (3) Grounds raised: _______________________________________________
 _______________________________________________________________
 _______________________________________________________________
 (4) Did you receive an evidentiary hearing on your petition,
 application, motions, etc.?
 Yes __________ No __________
 (5) Result: _______________________________________________________
 (6) Date of result: _______________________________________________
 (b) As to any second petition, application, motion, etc., give the
 same information:
 (1) Name of Ccourt: _______________________________________________
 (2) Nature of the proceeding: _____________________________________
 _______________________________________________________________
 _______________________________________________________________
 (3) Grounds raised: _______________________________________________
 _______________________________________________________________
 _______________________________________________________________
 (4) Did you receive an evidentiary hearing on your petition,
 application, motion, etc.?
 Yes __________ No __________
 (5) Result: _______________________________________________________
 (6) Date of result: _______________________________________________
 (c) As to any third petition, application, motion, etc., give the
 same information:
 (1) Name of Ccourt: _______________________________________________
 (2) Nature of the proceeding: _____________________________________
 _______________________________________________________________
 _______________________________________________________________
 (3) Grounds raised: _______________________________________________
 _______________________________________________________________
 _______________________________________________________________
 (4) Did you receive an evidentiary hearing on your petition,
 application, motion, etc.?
 Yes __________ No __________
 (5) Result: _______________________________________________________
 (6) Date of result: _______________________________________________

*347 14. State concisely every ground on which you claim that the judgment or sentence is unlawful. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and the facts supporting them.
For your information, the following is a list of the most frequently raised grounds for post-convictionpostconviction relief. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds whichthat you may have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you base your allegations that your conviction or sentence is unlawful.
DO NOT CHECK ANY OF THESE LISTED GROUNDS. If you select one or more of these grounds for relief, you must allege facts. The motion will not be accepted by the Ccourt if you merely check (a) through (l).
(a) Conviction obtained by plea of guilty or nolo contendere whichthat was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.
(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury whichthat was unconstitutionally selected or impanelled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.
(k) Lack of jurisdiction of the court to enter the judgment or impose sentence (such as an unconstitutional statute).
(l) Sentence in excess of the maximum authorized by law.

 A. Ground one1: ___________________________________________________
 ___________________________________________________________________
 Supporting FACTS (tell your story briefly without citing cases or
 law):
 ___________________________________________________________________
 ___________________________________________________________________
 ___________________________________________________________________
 ___________________________________________________________________
 ___________________________________________________________________
 ___________________________________________________________________
 B. Ground two2:
 ___________________________________________________________________
 ___________________________________________________________________
 Supporting FACTS (tell your story briefly without citing cases or
 law):
 ___________________________________________________________________
 ___________________________________________________________________
 ___________________________________________________________________
 ___________________________________________________________________
 ___________________________________________________________________
 ___________________________________________________________________
 C. Ground three3:
 ___________________________________________________________________
 ___________________________________________________________________

*348
 Supporting FACTS (tell your story briefly without citing cases or
 law):
 ___________________________________________________________________
 ___________________________________________________________________
 ___________________________________________________________________
 ___________________________________________________________________
 ___________________________________________________________________
 ___________________________________________________________________
 D. Ground four4:
 ___________________________________________________________________
 ___________________________________________________________________
 Supporting FACTS (tell your story briefly without citing cases or
 law):
 ___________________________________________________________________
 ___________________________________________________________________
 ___________________________________________________________________
 ___________________________________________________________________
 ___________________________________________________________________
 ___________________________________________________________________
 15. If any of the grounds listed in 14 A, B, C, and D were not previously
 presented on your direct appeal, state briefly what grounds were not so
 presented, and give your reasons why they were not so
 presented:
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 _______________________________________________________________________
 16. Do you have any petition, application, appeal, motion, etc., now
 pending in any court, either state or federal, as to the judgment
 under attack?
 Yes __________ No __________
 17. If your answer to number 16 was "yes"," give the following
 information:
 (a) Name of Ccourt: ___________________________________________________
 (b) Nature of the proceeding: _________________________________________
 (c) Grounds raised: ___________________________________________________
 ___________________________________________________________________
 ___________________________________________________________________
 (d) Status of the proceedings: ________________________________________
 ___________________________________________________________________
 18. Give the name and address, if known, of each attorney who represented
 you in the following stages of the judgment attacked herein.
 (a) At preliminary hearing: ___________________________________________
 ___________________________________________________________________
 (b) At arraignment and plea: __________________________________________
 ___________________________________________________________________
 (c) At trial: _________________________________________________________
 ___________________________________________________________________
 (d) At sentencing: ____________________________________________________
 ___________________________________________________________________
 (e) On appeal: ________________________________________________________
 ___________________________________________________________________
 (f) In any post-convictionpostconviction proceeding: __________________
 ___________________________________________________________________
 (g) On appeal from any adverse ruling in a
 post-convictionpostconviction proceeding:
 ___________________________________________________________________
 ___________________________________________________________________

*349 WHEREFORE, Mmovant praysrequests that the Ccourt grant all relief to which hethe movant may be entitled in this proceeding, including but not limited to (here list the nature of the relief sought):

1. _________________________________________________________________________
 _________________________________________________________________________
 _________________________________________________________________________
 _________________________________________________________________________
 _________________________________________________________________________
 _________________________________________________________________________
 _________________________________________________________________________
2. Such other and further relief as the Ccourt deems just and proper.
STATE OF FLORIDA )
 )
COUNTY OF __________ )

Before me, the undersigned authority, this day personally appeared _______, who first being duly sworn, says that he or she is the Ddefendant in the above-styled cause, that he or she has read the foregoing Mmotion for Post-Convictionpostconviction Rrelief and has personal knowledge of the facts and matters therein set forth and alleged; and that each and all of these facts and matters are true and correct.
 _________________________________________
 (your signature)
SWORN AND SUBSCRIBED TO before me this ___________ day of ___________, 19__.
 __________________________________________
 NOTARY PUBLIC, or other person
 authorized to administer an oath
 (print, type, or stamp commissioned
 name of notary public)
Personally known ________________ or produced identification _______________
---------------------------------------------------------------------------------
Type of Identification produced ____________________________________________
---------------------------------------------------------------------------------

APPENDIX II
RULE 3.986. Forms Related to Judgment and Sentence.
(a) Sufficiency of Forms. The forms as set forth below, or computer generated formats that duplicate these forms, shall be used by all courts. Variations from these forms do not void a judgment, sentence, order, or fingerprints that are otherwise sufficient.
(b) Form for Judgment.
____ Probation Violator
____ Community Control Violator
____ Retrial
____ Resentence
 In the Circuit Court,
 ___________ Judicial Circuit, in and for
 ___________ County, Florida
 Division ___________
 Case Number ______________
State of Florida
v.
______________________
Defendant

*350 JUDGMENT

 The defendant, ________, being personally before this court
represented by _________, the attorney of record, and the state represented
by ____________, and having
 ____ been tried and found guilty by jury/by court of the following
 crime(s)
 ____ entered a plea of guilty to the following crime(s)
 ____ entered a plea of nolo contendere to the following crime(s)
 Offense Degree
 Statute Of Case OBTS
Count Crime Number(s) Crime Number Number
_________ ___________ ____________ ___________ __________ ________
_________ ___________ ____________ ___________ __________ ________
_________ ___________ ____________ ___________ __________ ________
_________ ___________ ____________ ___________ __________ ________
_________ ___________ ____________ ____________ __________ ________
 ____ and no cause being shown why the defendant should not be adjudicated
 guilty, IT IS ORDERED THAT the defendant is hereby ADJUDICATED
 GUILTY of the above crime(s).
 ____ and pursuant to section 943.325, Florida Statutes, having been
 convicted of attempts or offenses relating to sexual battery
 (ch. 794) or lewd and lascivious conduct (ch. 800) the defendant
 shall be required to submit blood specimens.
 ____ and good cause being shown; IT IS ORDERED THAT ADJUDICATION OF GUILT
 BE WITHHELD.
 DONE AND ORDERED in open court in ______ County, Florida, this _______
day of _______, 19__.
--------------------
 ________________________________________
 Judge
State of Florida
v.
_____________________
Defendant Case Number ____________

FINGERPRINTS OF DEFENDANT

____________________________________________________________________________
R. Thumb R. Index R. Middle R. Ring R. Little
____________________________________________________________________________
L. Thumb L. Index L. Middle L. Ring L. Little
Fingerprints taken by: _____________________________________________________
 Name Title

I HEREBY CERTIFY that the above and foregoing fingerprints on this judgment are the fingerprints of the defendant, _______, and that they were placed thereon by the defendant in my presence in open court this date.
DONE AND ORDERED in open court in ________ County, Florida, this ______ day of _______, 19__.
 _________________________________________
 Judge
*351 (c) Form for Charges, Costs, and Fees.
 In the Circuit Court,
 ___________ Judicial Circuit, in and for
 ___________ County, Florida
 Division ______________
 Case Number ___________________
State of Florida
v.
______________________
Defendant

CHARGES/COSTS/FEES
The defendant is hereby ordered to pay the following sums if checked:

 ____ $20.0050.00 pursuant to section 960.20, Florida Statutes (Crimes
 Compensation Trust Fund).
 ____ $3.00 as a court cost pursuant to section 943.25(3), Florida Statutes
 (Criminal Justice Trust Fund).
 ____ $2.00 as a court cost pursuant to section 943.25(13), Florida
 Statutes (Criminal Justice Education by Municipalities and Counties).
 ____ A fine in the sum of $ ____ pursuant to section 775.0835, Florida
 Statutes. (This provision refers to the optional fine for the Crimes
 Compensation Trust Fund and is not applicable unless checked and
 completed. Fines imposed as part of a sentence to section 775.083,
 Florida Statutes, are to be recorded on the sentence page(s).)
 ____ $20.00 pursuant to section 939.015, Florida Statutes (Handicapped and
 Elderly Security Assistance Trust Fund).
 ____ A 10% surcharge in the sum of $ ____ pursuant to section 775.0836,
 Florida Statutes (Handicapped and Elderly Security Assistance Trust
 Fund).
 ____ A sum of $ ____ pursuant to section 27.3455, Florida Statutes
 (Local Government Criminal Justice Trust Fund).
 ____ A sum of $ ____ pursuant to section 939.01, Florida Statutes
 (Prosecution/Investigative Costs).
 ____ A sum of $ ____ pursuant to section 27.56, Florida Statutes
 (Public Defender Fees).
 ____ Restitution in accordance with attached order.
 ____ Other _______________________________________________________________
 _____________________________________________________________________
 DONE AND ORDERED in open court in _______ County, Florida, this __________
day of _______, 19__.
 _________________________________________
 Judge
 (d) Form for Sentencing.
Defendant ___________ Case Number _______ OBTS Number __________

*352 SENTENCE

 (As to Count __________)
 The defendant, being personally before this court, accompanied by the
defendant's attorney of record, _______, and having been adjudicated guilty
herein, and the court having given the defendant an opportunity to be heard
and to offer matters in mitigation of sentence, and to show cause why the
defendant should not be sentenced as provided by law, and no cause being
shown,
(Check one if applicable)
 ____ and the court having on (date) _________ deferred imposition of
 sentence until this date
 ____ and the court having previously entered a judgment in this case on
 (date) _______ now resentences the defendant
 ____ and the court having placed the defendant on probation/community
 control and having subsequently revoked the defendant's
 probation/community control
It Is The Sentence Of The Court That:
____ The defendant pay a fine of $ ____, pursuant to section 775.083,
 Florida Statutes, plus $ ____ as the 5% surcharge required by section
 960.25, Florida Statutes.
____ The defendant is hereby committed to the custody of the Department of
 Corrections.
____ The defendant is hereby committed to the custody of the Sheriff of
 _______ County, Florida.
____ The defendant is sentenced as a youthful offender in accordance with
 section 958.04, Florida Statutes.
To Be Imprisoned (check one; unmarked sections are inapplicable):
____ For a term of natural life.
____ For a term of ____________.
____ Said SENTENCE SUSPENDED for a period of ______ subject to conditions
 set forth in this order.
If "split" sentence complete the appropriate paragraph
____ Followed by a period of _______ on probation/community control under
 the supervision of the Department of Corrections according to the terms
 and conditions of supervision set forth in a separate order entered
 herein.
____ However, after serving a period of _______ imprisonment in _______ the
 balance of the sentence shall be suspended and the defendant shall be
 placed on probation/community control for a period of _______ under
 supervision of the Department of Corrections according to the terms and
 conditions of probation/community control set forth in a separate order
 entered herein.

In the event the defendant is ordered to serve additional split sentences, all incarceration portions shall be satisfied before the defendant begins service of the supervision terms.

SPECIAL PROVISIONS

 (As to Count _________)
By appropriate notation, the following provisions apply to the sentence
imposed:
Mandatory/Minimum Provisions:
Firearm
 ____ It is further ordered that the 3-year minimum imprisonment provision
 of section 775.087(2), Florida Statutes, is hereby imposed for the
 sentence specified in this count.
Drug Trafficking
 ____ It is further ordered that the _______ mandatory minimum imprisonment
 provision of section 893.135(1), Florida Statutes, is hereby imposed
 for the sentence specified in this count.

*353
Controlled Substance
Within 1,000 Feet of School
 ____ It is further ordered that the 3-year minimum imprisonment provision
 of section 893.13(1)(e)1, Florida Statutes, is hereby imposed for the
 sentence specified in this count.
Habitual Felony Offender
 ____ The defendant is adjudicated a habitual felony offender and has been
 sentenced to an extended term in accordance with the provisions of
 section 775.084(4)(a), Florida Statutes. The requisite findings by
 the court are set forth in a separate order or stated on the record
 in open court.
Habitual Violent Felony Offender
 ____ The defendant is adjudicated a habitual violent felony offender and
 has been sentenced to an extended term in accordance with the
 provisions of section 775.084(4)(b), Florida Statutes. A minimum
 term of _______ year(s) must be served prior to release. The
 requisite findings of the court are set forth in a separate order or
 stated on the record in open court.
Law Enforcement Protection Act
 ____ It is further ordered that the defendant shall serve a minimum of
 _______ years before release in accordance with section 775.0823,
 Florida Statutes.
Capital Offense
 ____ It is further ordered that the defendant shall serve no less than 25
 years in accordance with the provisions of section 775.082(1),
 Florida Statutes.
Short-Barreled Rifle, Shotgun, Machine Gun
 ____ It is further ordered that the 5-year minimum provisions of section
 790.221(2), Florida Statutes, are hereby imposed for the sentence
 specified in this count.
Continuing Criminal Enterprise
 ____ It is further ordered that the 25-year minimum sentence provisions of
 section 893.20, Florida Statutes, are hereby imposed for the sentence
 specified in this court.
Taking a Law Enforcement Officer's Firearm
 ____ It is further ordered that the 3-year mandatory minimum imprisonment
 provision of section 775.0875(1), Florida Statutes, is hereby imposed
 for the sentence specified in this count.
Other Provisions:
Retention of Jurisdiction
 ____ The court retains jurisdiction over the defendant pursuant to section
 947.16(3), Florida Statutes (1983).
Jail Credit
 ____ It is further ordered that the defendant shall be allowed a total of
 ______ days as credit for time incarcerated before imposition of
 this sentence.
Prison Credit
 ____ It is further ordered that the defendant be allowed credit for all
 time previously served on this count in the Department of Corrections
 prior to resentencing.
Consecutive/Concurrent as to Other Counts
 It is further ordered that the sentence imposed for this count shall
 run (check one) ____ consecutive to ____ concurrent with the sentence
 set forth in count _______ of this case.
Consecutive/Concurrent as to Other Convictions
 It is further ordered that the composite term of all sentences
 imposed for the counts specified in this order shall run (check one)
 ____ consecutive to ____ concurrent with (check one) the following:
 ____ any active sentence being served.

*354
 ____ specific sentences: ____________________________________________
 ________________________________________________________________
 ________________________________________________________________
 In the event the above sentence is to the Department of Corrections, the
Sheriff of _______ County, Florida, is hereby ordered and directed to
deliver the defendant to the Department of Corrections at the facility
designated by the department together with a copy of this judgment and
sentence and any other documents specified by Florida Statute.
 The defendant in open court was advised of the right to appeal from this
sentence by filing notice of appeal within 30 days from this date with the
clerk of this court and the defendant's right to the assistance of counsel
in taking the appeal at the expense of the state on showing of indigency.
 In imposing the above sentence, the court further recommends _____________
____________________________________________________________________________
____________________________________________________________________________
 DONE AND ORDERED in open court at _______ County, Florida, this __________
day of _______, 19__.
 _________________________________________
 Judge

(e) Form for Order of Probation.

 In the _______ Court
 of _______ County, Florida
 Case Number __________
State of Florida
v.
________________________
Defendant
 ORDER OF PROBATION
 This cause coming on this day to be heard before me, and you, the
defendant, __________, being now present before me, and you having
 (check one)
 ____ entered a plea of guilty to
 ____ entered a plea of nolo contendere to
 ____ been found guilty by jury verdict of
 ____ been found guilty by the court trying the case without a jury of the
 offense(s) of _______________________________________________________
 _____________________________________________________________________
 _____________________________________________________________________
SECTION 1: Judgment Of Guilt
 ____ The Court hereby adjudges you to be guilty of the above offense(s).
 Now, therefore, it is ordered and adjudged that the imposition of
sentence is hereby withheld and that you be placed on probation for a
period of _______ under the supervision of the Department of Corrections,
subject to Florida law.
SECTION 2: Order Withholding Adjudication
 ____ Now, therefore, it is ordered and adjudged that the adjudication of
 guilt is hereby withheld and that you be placed on probation for a
 period of _______ under the supervision of the Department of
 Corrections, subject to Florida law.
SECTION 3: Probation During Portion Of Sentence
 It is hereby ordered and adjudged that you be
 ____ committed to the Department of Corrections
 ____ confined in the County Jail

*355
for a term of _______ with credit for _______ jail time. After you have
served _______ of the term you shall be placed on probation for a period
of _______ under the supervision of the Department of Corrections, subject
to Florida law.
 ____ confined in the County Jail
for a term of _______ with credit for _______ jail time, as a special
condition of probation.
 It is further ordered that you shall comply with the following conditions
of probation during the probationary period.
 (1) Not later than the fifth day of each month, you will make a full and
 truthful report to your officer on the form provided for that
 purpose.
 (2) You will pay the State of Florida the amount of $ ____ per month
 toward the cost of your supervision, unless otherwise waived in
 compliance with Florida Statutes.
 (3) You will not change your residence or employment or leave the county
 of your residence without first procuring the consent of your
 officer.
 (4) You will not possess, carry, or own any firearm. You will not possess,
 carry, or own any weapons without first procuring the consent of your
 officer.
 (5) You will live without violating the law. A conviction in a court of
 law shall not be necessary for such a violation to constitute a
 violation of your probation.
 (6) You will not associate with any person engaged in any criminal
 activity.
 (7) You will not use intoxicants to excess or possess any drugs or
 narcotics unless prescribed by a physician. Nor will you visit places
 where intoxicants, drugs, or other dangerous substances are
 unlawfully sold, dispensed, or used.
 (8) You will work diligently at a lawful occupation, advise your employer
 of your probation status, and support any dependents to the best of
 your ability, as directed by your officer.
 (9) You will promptly and truthfully answer all inquiries directed to you
 by the court or the officer, and allow your officer to visit in your
 home, at your employment site, or elsewhere, and you will comply with
 all instructions your officer may give you.
 (10) You will pay restitution, costs, and/or fees in accordance with the
 attached orders.
 (11) You will report in person within 72 hours of your release from
 confinement to the probation office in _______ County, Florida,
 unless otherwise instructed by your officer. (This condition applies
 only if section 3 on the previous page is checked.) Otherwise, you
 must report immediately to the probation office located at _______.
 SPECIAL CONDITIONS
____ You must undergo a (drug/alcohol) evaluation and, if treatment is
 deemed necessary, you must successfully complete the treatment.
____ You will submit to urinalysis, breathalyzer, or blood tests at any time
 requested by your officer, or the professional staff of any treatment
 center where you are receiving treatment, to determine possible use of
 alcohol, drugs, or controlled substances. You shall be required to pay
 for the tests unless payment is waived by your officer.
____ You must undergo a mental health evaluation, and if treatment is deemed
 necessary, you must successfully complete the treatment.
____ You will not associate with _______ during the period of probation.
____ You will not contact _______ during the period of probation.
____ Other ________________________________________________________________
 ______________________________________________________________________

*356
(Use the space below for additional conditions as necessary.)
 You are hereby placed on notice that the court may at any time rescind or
modify any of the conditions of your probation, or may extend the period
of probation as authorized by law, or may discharge you from further
supervision. If you violate any of the conditions of your probation, you
may be arrested and the court may revoke your probation, adjudicate you
guilty if adjudication of guilt was withheld, and impose any sentence
that it might have imposed before placing you on probation or require
you to serve the balance of the sentence.
 It is further ordered that when you have been instructed as to the
conditions of probation, you shall be released from custody if you are in
custody, and if you are at liberty on bond, the sureties thereon shall
stand discharged from liability. (This paragraph applies only if section 1
or section 2 is checked.)
 It is further ordered that the clerk of this court file this order in the
clerk's office and provide certified copies of same to the officer for use
in compliance with the requirements of law.
 DONE AND ORDERED, this the _______ day of _______, 19__.
 _________________________________________
 Judge
 I acknowledge receipt of a certified copy of this order. The conditions
have been explained to me and I agree to abide by them.
Date ______________ Probationer ___________________
Instructed by _____________
 Original: Clerk of the Court
 Certified Copies: Probationer
 Florida Department of Corrections,
 Probation and Parole Services

(f) Form for Community Control.
 In the _________ Court
 of ________ County, Florida
 Case Number ___________
State of Florida
v.
________________________
Defendant

ORDER OF COMMUNITY CONTROL

 This cause coming on this day to be heard before me, and you, the
defendant, ________, being now present before me, and you having
 (check one)
 ____ entered a plea of guilty to
 ____ entered a plea of nolo contendere to
 ____ been found guilty by jury verdict of
 ____ been found guilty by the court trying the case without a jury of the
 offense(s) of _______________________________________________________
 _____________________________________________________________________
 _____________________________________________________________________

*357
SECTION 1: Judgment of Guilt
 ____ The court hereby adjudges you to be guilty of the above offense(s).
 Now, therefore it is ordered and adjudged that you be placed on community
control for a period of _______ under the supervision of the Department of
Corrections, subject to Florida law.
SECTION 2: Order Withholding Adjudication
 ____ Now, therefore, it is ordered and adjudged that the adjudication of
 guilt is hereby withheld and that you be placed on Community Control
 for a period of _______ under the supervision of the Department of
 Corrections, subject to Florida law.
SECTION 3: Community Control During Portion Of Sentence
 It is hereby ordered and adjudged that you be
 ____ committed to the Department of Corrections
 ____ confined in the County Jail
for a term of _________ with credit for ________ jail time. After you have
served __________ of the term, you shall be placed on community control for
a period of __________ under the supervision of the Department of
Corrections, subject to Florida law.
 ____ confined in the County Jail
for a term of _________ with credit for __________ jail time, as a special
condition of community control.
 It is further ordered that you shall comply with the following conditions
of community control during the community control period.
 (1) Not later than the fifth day of each month, you will make a full and
 truthful report to your officer on the form provided for that purpose.
 (2) You will pay the State of Florida the amount of $ ____ per month
 toward the cost of your supervision, unless otherwise waived in
 compliance with Florida Statutes.
 (3) You will not change your residence or employment or leave the county
 of your residence without first procuring the consent of your officer.
 (4) You will not possess, carry, or own any firearm. You will not
 possess, carry, or own other weapons without first procuring the
 consent of your officer.
 (5) You will live without violating the law. A conviction in a court of
 law shall not be necessary for such a violation to constitute a
 violation of your community control.
 (6) You will not associate with any person engaged in any criminal
 activity.
 (7) You will not use intoxicants to excess or possess any drugs or
 narcotics unless prescribed by a physician. Nor will you visit places
 where intoxicants, drugs, or other dangerous substances are
 unlawfully sold, dispensed, or used.
 (8) You will work diligently at a lawful occupation, advise your employer
 of your community control status, and support any dependents to the
 best of your ability as directed by your officer.
 (9) You will promptly and truthfully answer all inquiries directed to you
 by the court or your officer and allow your officer to visit in your
 home, at your employment site or elsewhere, and you will comply with
 all instructions your officer may give you.
 (10) You will report to your officer at least 4 times a week, or, if
 unemployed full time, daily.
 (11) You will perform _______ hours of public service work as directed by
 your officer.
 (12) You will remain confined to your approved residence except for one
 half hour before and after your approved employment, public service
 work, or any other special activities approved by your officer.
 (13) You will pay restitution, costs, and/or fees in accordance with the
 attached orders.

*358
 (14) You will report in person within 72 hours of your release from
 confinement to the probation office in _______ County, Florida,
 unless otherwise instructed by your officer. (This condition applies
 only if section 3 on the previous page is checked.) Otherwise, you
 must report immediately to the probation office located at _______.
 SPECIAL CONDITIONS
____ You must undergo a (drug/alcohol) evaluation, and if treatment is
 deemed necessary, you must successfully complete the treatment.
____ You must undergo a mental health evaluation, and if treatment is deemed
 necessary, you must successfully complete the treatment.
____ You will submit to urinalysis, breathalyzer, or blood tests at any
 time requested by your officer, or the professional staff of any
 treatment center where you are receiving treatment, to determine
 possible use of alcohol, drugs, or controlled substances. You shall be
 required to pay for the tests unless payment is waived by your officer.
____ You will not associate with _______ during the period of community
 control.
____ You will not contact _______ during the period of community control.
____ You will maintain an hourly accounting of all your activities on a
 daily log which you will submit to your officer on request.
____ You will participate in self-improvement programs as determined by the
 court or your officer.
____ You will submit to electronic monitoring of your whereabouts as
 required by the Florida Department of Corrections.
____ Other _________________________________________________________________
 _______________________________________________________________________
(Use the space below for additional conditions as necessary.)
 You are hereby placed on notice that the court may at any time rescind or
modify any of the conditions of your community control, or may extend the
period of community control as authorized by law, or may discharge you from
further supervision or return you to a program of regular probation
supervision. If you violate any of the conditions and sanctions of your
community control, you may be arrested, and the court may adjudicate you
guilty if adjudication of guilt was withheld, revoke your community
control, and impose any sentence that it might have imposed before placing
you on community control.
 It is further ordered that when you have reported to your officer and
have been instructed as to the conditions of community control, you shall
be released from custody if you are in custody, and if you are at liberty
on bond, the sureties thereon shall stand discharged from liability. (This
paragraph applies only if section 1 or section 2 is checked.)
 It is further ordered that the clerk of this court file this order in the
clerk's office, and forthwith provide certified copies of same to the
officer for use in compliance with the requirements of law.
 DONE AND ORDERED, this the _______ day of _______, 19__.
 _________________________________________
 Judge
 I acknowledge receipt of a certified copy of this order. The conditions
have been explained to me and I agree to abide by them.
Date _________________ Community controller __________________
Instructed by ___________________

*359
 Original: Clerk of the Court
 Certified Copies: Community Controlee
 Florida Department of Corrections,
 Probation and Parole Services

(g) Form for Restitution Order.

 In the Circuit Court,
 __________ Judicial Circuit in and for
 __________ County, Florida
 Division __________
 Case Number ______________
State of Florida
v.
________________________
Defendant
 RESTITUTION ORDER
 By appropriate notation, the following provisions apply to the sentence
imposed in this section:
 ____ Restitution is not ordered as it is not applicable.
 ____ Restitution is not ordered due to the financial resources of the
 defendant.
 ____ Restitution is not ordered due to __________________________________.
 ____ Due to the financial resources of the defendant, restitution of a
 portion of the damages is ordered as prescribed below.
 ____ Restitution is ordered as prescribed below.
 ____ Restitution is ordered for the following victim. (Victim refers to
 the aggrieved party, aggrieved party's estate, or aggrieved party's
 next of kin if the aggrieved party is deceased as a result of the
 offense. In lieu of the victim's address and phone number, the
 address and phone number of the prosecuting attorney, victim's
 attorney, or victim advocate may be used.)
 _____________________________ ______________________________________
 Name of victim Name of attorney or advocate
 if applicable
Address ____________________________________________________________________
City, State, and Zip Code __________________________________________________
Phone Number __________________________
 ____ The sum of $ ____ for medical and related services and devices
 relating to physical, psychiatric, and psychological care, including
 non-medical care and treatment rendered in accordance with a
 recognized method of healing.
 ____ The sum of $ ____ for necessary physical and occupational therapy
 and rehabilitation.
 ____ The sum of $ ____ to reimburse the victim for income lost as a
 result of the offense.
 ____ The sum of $ ____ for necessary funeral and related services if the
 offense resulted in bodily injury resulting in the death of the
 victim.
 ____ The sum of $ ____ for damages resulting from the offense.
 ____ The sum of $ ____ for _______________________________________________
 _____________________________________________________________________
 It is further ordered that the defendant fulfill restitution obligations
in the following manner:

*360
 ____ Total monetary restitution is determined to be $ ____ to be paid at
 a rate of $ ____ per (check one) ____ month ____ week ____ other
 (specify) _____ and is to be paid through the (check one) ____ clerk
 of the circuit court, ____ to the victim's designee, or ____ through
 the Department of Corrections, with an additional 4% fee of $ ____
 for handling, processing, and forwarding the restitution to the
 victim(s).
 DONE AND ORDERED at _______ County, Florida, this ______ day of _______,
19__.
 ________________________________________
 Judge
 Original: Clerk of the Court
 Certified Copy: Victim

Committee Note
1980 Amendment. The proposed changes to Rule 3.986 are housekeeping in nature. References to the Department of Offender Rehabilitation have been changed to Department of Corrections to reflect a legislative change. See section 20.315, Florida Statutes (Supp. 1978). The reference to "hard labor" has been stricken as the courts have consistently held such a condition of sentence is not authorized by statute. See, e.g., McDonald v. State, 321 So.2d 453, 458 (Fla. 4th DCA 1975).